# United States District Court
Southern District of Florida
Miami Division

Case No.



FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as Sheriff
of Broward County, Florida, and the
BROWARD COUNTY COMMISSION,

    Defendant.

00-6088
CIV-DAVIS

MAGISTRATE JUDGE
BROWN

## COMPLAINT

Plaintiff FREDERICK A. SHOTZ sues Defendants KEN JENNE, in his official capacity as Sheriff of Broward County, Florida, and the BROWARD COUNTY COMMISSION, for injunctive relief pursuant to 42 U.S.C. § 12181, et. seq. and 29 U.S.C. § 794 and as grounds therefore would show:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 for plaintiffs' claims arising under 28 U.S.C. §§12181, et seq., based on defendants' violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131-12134 and 28 U.S.C. §§2201 and 2202. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 for plaintiffs' claims arising under 29 U.S.C. §794 based on Defendant's violations of Section 504 of the Rehabilitation Act.

2. Venue is proper in this Court in that the cause of actions described herein arose in Broward County, Florida.

3. Plaintiff FREDERICK A. SHOTZ is a resident of Broward County, Florida, and is a qualified individual with disabilities under the ADA.



4. Defendant KEN JENNE is the Sheriff of Broward County, Florida and is the head of the Broward Sheriff's Office ("BSO"). The BSO also operates the jail system in Broward County, Florida and is a "public entity" under the ADA. The jails operated by Defendant JENNE and the BSO constitute services, programs, or activities of Broward County.

5. Defendant BROWARD COUNTY COMMISSION is the governing body for Broward County, Florida and is the owner of the jails in Broward County, Florida. Pursuant to section 30.49, Florida Statutes, a county sheriff certifies to his or her county commission a proposed budget of expenditures for carrying out the powers, duties, and operations of the sheriff's office for the ensuing year. One of the required budget categories is "[e]xpenditures anticipated to be incurred in the maintenance and operation of local correctional facilities and detention alternative facilitates and in the staffing of bailiffs an other personnel in assistance of the court,, excluding service of process." The county commission has the obligation to provide in its capital expenditure budget allocations for construction and refurbishment of jail facilities. The BROWARD COUNTY COMMISSION is a "public entity" under the ADA. The jails owned by BROWARD COUNTY COMMISSION and operated by Defendant JENNE and the BSO constitute services, programs, or activities of the BROWARD COUNTY COMMISSION.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 as if set forth herein.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq.

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9.  Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others. 28 C.F.R. §35.160(a).

10. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R. §35.160(b)(1).

11. Plaintiff SHOTZ was subjected to discrimination on December 28, 1999 when he was arrested by members of the BSO to access City of Miami City Hall located at 3500 Pan American Drive, Miami, Miami-Dade County, Florida. Plaintiff RESNICK is likely to be subjected to continuing discrimination by the Defendant in the future.

12. Plaintiff MENDEZ was subjected to discrimination in June 1999 when he attempted to access City of Miami City Hall located at 3500 Pan American Drive, Miami, Florida. Plaintiff MENDEZ is likely to be subjected to continuing discrimination by the Defendant in the future.

13. The defendant has discriminated against the plaintiff and its members by denying them full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity as prohibited by 42 U.S.C. §12131 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where such removal is readily accessible and by failing to furnish auxiliary aids to persons with vision and hearing impairments.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A (hereinafter referred to as "ADAAG").

15. The defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq., and are discriminating against the plaintiffs by failing to, *inter alia,*

  (a) provide the requisite number of properly located, properly configured and/or properly designated accessible parking with requisite signage as required by section 4.6 of ADAAG;

  (b) provide a drop-off areas with requisite signage as required by section 4.6 of ADAAG;

  (c) install ramps with appropriate slope, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances, and/or otherwise provide an accessible, properly designated and unobstructed route from the parking lot into the Broward County Jail and the District I station as required by sections 4.7, 4.8, and 4.26 of ADAAG;

  (d) install the requisite signage throughout the Broward County Jail and the District I station and to the primary functions of the buildings as required by section 4.30 of ADAAG;

  (e) install the proper number or appropriately equipped telecommunications devices for the hearing impaired, including volume control telephones and text telephones, reposition telephones to appropriate levels, and/or provides requisite signage as required by section 4.31 of ADAAG;

  (f) widen door and doorways, provide requisite offset areas for opening doors, provide proper door hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route through the building and its functions as required by section 4.13 of ADAAG;

  (g) install handles, pulls, latches, locks, and other operating devices on accessible doors that have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate as required by section 4.13 of ADAAG;

 (h) provide water fountains that are at an accessible spout height and location, and have accessible controls as required by section 4.15 of ADAAG;

 (i) provide wheelchair seating areas in the court chamber as required by section 4.33 of ADAAG;

 (j) position the cameras and television monitors in the court chamber so that they could view and be viewed by prisoners in wheelchairs, mobility, or height impairments.

 (k) provide a permanently installed assistive listening systems in the court chamber as required by section 4.33 of ADAAG;

 (l) provide speakers' podiums that are set at an accessible height and within the permitted reach parameters;

 (m) provide service counters in the District 1 station and the Broward County Jail that is no higher than 36 inches and at least 36 inches in length as required by section 7.2 of ADAAG;

 (n) provide beds with a sleeping surface which is at an accessible height;

 (o) modify restroom, showers, and toilets for accessibility, including, failing to:

  (i.) widen door and doorways, provide requisite offset areas for opening doors, provide proper door hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route into and out of the restrooms as required by section 4.13 of ADAAG;

  (ii.) rearrange partitions and doors to increase maneuvering space and provide proper accessibility for the disabled as required by section 4.3 of ADAAG;

  (iii.) provide an accessible route from the doorway to an accessible toilet stall as required by section 4.3 of ADAAG;

  (iv.) provide accessible toilet stalls with a minimum latch side clearance of 42 inches and a minimum depth of 56 inches as required by section 4.17 of ADAAG;

  (v.) provide accessible toilet stalls with a minimum clear door opening of 32 inches as required by section 4.17 of ADAAG;

  (vi.) provide an accessible toilet stall configured with a wall mounted water closet of the proper height, appropriately configured flush controls, appropriately installed grab bars, and appropriately installed toilet paper dispenser as required by section 4.17 of ADAAG;

  (vii.) provide stall type or wall hung urinals with an elongated rim at a maximum of 17 inches above the finish floor and with clear floor space of 30 inches by 48 inches and with flush controls no higher than 44 inches as required by section 4.18 of ADAAG;

  (viii.) provide shower facilities which are accessible to persons with mobility impairments;

  (ix.) provide a lavatory with a minimum height of 34 inches and a minimum of clearance of 29 inches above the finish floor to the bottom of the apron as required by section 4.19 of ADAAG;

  (x.) provide a clear floor space of 30 inches by 48 inches in front of a lavatory to allow a forward approach as required by section 4.19 of ADAAG;

  (xi.) provide a lavatory with controls and operating mechanisms that can be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist as required by section 4.19 of ADAAG;

  (xii.) provide mirrors mounted with the bottom edge of the reflecting surface no higher than 40 in above the finish floor as required by section 4.19 of ADAAG;

    (xiii.) insulate lavatory pipes under sinks to prevent burns as required by section 4.19 of ADAAG;

    (xiv.) position paper towel dispensers at appropriate heights as required by section 4.2 of ADAAG;

    (xv.) provide appropriate signage on the outer door indicating that the restroom is handicap accessible as required by section 4.30 of ADAAG;

by January 26, 1992.

16.  The Defendants also violated Plaintiff's rights under the ADA by failing to permit him to bring his service dog with him, which he uses as an auxiliary aid or to supply him with auxiliary aids to he could use for transfer from his wheelchair to the toilet and/or his bed. The Defendants also violated Plaintiff's rights under the ADA by failing to provide him with auxiliary aids such as pillows or a bed with an adjustable head portion.

17.  The Defendants also violated Plaintiff's rights under the ADA by failing to provide him with medications which were needed to treat the conditions of his disabilities and their failure to provide him with a medical examination which was provided to all other prisoners who were not disabled.

18.  Defendant Jenne, in his official capacity as the Broward County Sheriff, also violated Plaintiff's rights under the ADA by failing to provide him with accessible transportation to the District I station and the Broward County Jail.

19.  Plaintiff has been obligated to retain undersigned counsel and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from defendant pursuant to 42 U.S.C. § 12205.

20.  Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief, including an order to alter the subject premises to make them readily accessible to

and usable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, Plaintiffs respectfully requests that the Court

(a) issue a permanent injunction enjoining the defendants from continuing their discriminatory practices;

(b) issue a permanent injunction enjoining the defendant from excluding the Plaintiffs and members of the public with disabilities from participation in or denying the benefits of the Broward County Jail or the District I station;

(c) issue a permanent injunction requiring the defendants to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by defendants;

(d) ordering the defendants to alter the Broward County Jail and District I station as appropriate to comply with the ADA;

(e) closing the subject premises until the requisite modifications are completed;

(f) awarding plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

(g) such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

21. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 as if set forth herein.

22. Plaintiffs bring this action against the Defendant based on section 504 of the Rehabilitation Act, 29 U.S.C. §794, et seq.

23. Section 504 provides, in relevant part:

> no otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

financial assistance or under any program or activity by an Executive agency or by the United States Postal Service. (29 U.S.C. §794).

24. Defendants receive Federal financial assistance for the operation of the BSO, the Broward County Jail, and/or Broward County.

25. The Defendant has violated the Rehabilitation Act by intentionally excluding Plaintiff, solely by reason of his disability, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under the defendants' programs and activities.

26. The Defendants are in violation of the Rehabilitation Act and have discriminated against Plaintiff and others similarly situated by:

    (h)    denying access to, and the opportunity to participate in or benefit from the aids, benefits, activities, programs, accommodations and services offered by defendant;

    (i)    by otherwise limiting plaintiffs in the enjoyment of rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendants' aids, benefits, and services;

    (j)    making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

    (k)    failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

    (l)    failing to administer services, programs and activities in the most integrated setting appropriate to the needs of the Plaintiff and others similarly situated;

(m) excluding Plaintiffs and others similarly situated from participation in, and the benefits of, Defendant's services, programs, and activities as a result of defendant's facilities being inaccessible to or unusable by Plaintiffs and others similarly situated;

(n) failing to operate each program, service and activity so that they are readily accessible to and useable by persons with disabilities;

(o) failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by persons with disabilities;

27. The Defendant is in violation of section 504 of the Rehabilitation Act, and is discriminating against the Plaintiffs as a result of, *inter alia*, the following violations:

(a) Failure to have the required number of designated accessible parking spaces;

(b) Failure to have accessible parking spaces are at least 96 inches wide with a demarcated adjacent access aisle of 60 inches;

(c) Failure to connect access aisles directly to accessible routes;

(d) Failure to designate 1 out of 8 accessible spaces as ``van accessible" with an adjacent aisle of at least 96 inches wide;

(e) Failure to maintain accessible routes free of steps from accessible parking and passenger loading zones and/or from public streets and sidewalks;

(f) Failure to maintain signage at buildings that have more than one entrance into the building indicating the location of the accessible route;

(g) Failure to maintain doorways with at least one active leaf which provides a 32 inch clear opening width;

(h) Where a door is not automatic or power assisted, failure to maintain maneuvering space relative to the direction of approach;

(i) Usage of handles, locks, and latches which are not operable with one hand, usage of hardware which requires tight pinching, tight grasping or twisting of the wrist;

(j) Failure to provide safe areas of refuge are provided on each floor;

(k) Failure to provide room signage with letters and numbers have a width to height ratio between 3:5 and 1:1; failure to provide contrasting color of the characters and symbols with the background of the signs; failure to provide signs providing permanent identification of rooms and spaces have raised letters; and/or failure to provide signs that are mounted on the wall at the latch side of the door between 54 and 66 inches above the floor;

(l) Failure to provide at least five percent of seating spaces which have a 30 x 48 inch clear space overlapping an accessible route, with no more than 19 inches of the 30 x 48 inch clear space is measured under the table; a knee space is at least 27 inches high, 30 inches wide, and 19 inches deep;

(m) Failure to provide rooms located on an accessible route;

(n) Failure to indicate with a sign the location of accessible toilet rooms where it is not the only toilet room

(o) Failure to position toilets with the centerline of the toilet 18 inches from a wall or partition;

(p) Failure to mount grab bars in toilet rooms and toilet stalls horizontally between 33 and 36 inches above the floor;

(q) Where the toilet is not located in a stall, failure to install a grab bar is at least 36 inches long with one end mounted at least 12 inches from the centerline of the toilet -- AND -- the side bar is at least 42 inches long with the front end 54 inches from the back wall;

(r)  Failure to provide standard accessible toilet stalls which are at least 60 inches wide and which is at least 56 inches deep for a stall with a wall mounted toilet;

(s)  Failure to provide standard accessible toilet stalls which are at least 60 inches wide and which is at least 59 inches deep for a stall with a floor mounted toilet;

(t)  Failure to provide grab bars in toilet stalls that comply with the requirements of Figures 30a, a-1, c or d of the Americans with Disabilities Act Accessibility Guidelines;

(u)  Failure to provide urinals with an elongated rim no more than 17 inches above the floor, failure to provide a clear floor space 30 x 48 inches which allows a forward approach to the urinal and where urinal shields are provided, failure to provide they do not extend beyond the front edge of the urinal rim;

(v)  Failing to provide lavatory rims no higher than 34 inches above the finished floor, failing to provide a clearance of at least 29 inches from the floor to the bottom of the apron, failing to provide toe and knee clearances which Figure 31 of ADAAG;

(w)  Failure to provide in restrooms at least one mirror with a bottom edge of the reflecting surface no higher than 40 inches from the floor;

(x)  Failing to provide, where drinking fountains are free-standing units without a clear space underneath, a clear floor space alongside at least 30 x 48 inches;

(y)  Failing to provide drinking fountains where the spout outlet is no higher than 36 inches from the ground, the water stream is at least 4 inches high to allow the insertion of a cup under the stream, and controls located near the front edge;

(z) Failure to provide text telephones (either permanent or portable) provided by the facility;

(aa) In areas where there are four or more phones, failure to provide at least one text telephone;

(bb) Failure to provide signage at non-accessible telephone locations indicating the location of text telephones;

(cc) Failure to provide on interior banks of three or more phones, at least one is equipped with a shelf with a 6 inch vertical clearance and an outlet, and the ability to place the handset flush on the surface of the shelf; and

(dd) Providing service counters which are higher than 36 inches.

28. The Defendants also violated Plaintiff's rights under the Rehabilitation Act by failing to permit him to bring his service dog with him, which he uses as an auxiliary aid or to supply him with auxiliary aids to he could use for transfer from his wheelchair to the toilet and/or his bed. The Defendants also violated Plaintiff's rights under the Rehabilitation Act by failing to provide him with auxiliary aids such as pillows or a bed with an adjustable head portion.

29. The Defendants also violated Plaintiff's rights under the Rehabilitation Act by failing to provide him with medications which were needed to treat the conditions of his disabilities and their failure to provide him with a medical examination which was provided to all other prisoners who were not disabled.

30. Other violations of the Rehabilitation Act are believed to exist at the Broward County Jail and the District I station, which may be identified at the time that a full inspection is made. The barriers described above deny persons with disabilities equal access to programs at the Broward County Jail and the District I station. The Plaintiff has otherwise been discriminated against and suffered damages caused by the Defendants because of the violations of the Rehabilitation Act set forth *supra*.

31. Plaintiffs have been damaged by the violations set forth *supra*.

32. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorney fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorney fees, expert fees, costs and expenses incurred in this case from the Defendants, pursuant to the Rehabilitation Act.

33. This Court is vested with the authority to grant Plaintiffs injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the Rehabilitation Act, and closing the subject facilities until the required modifications are completed.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant and request that this Court:

(a) Accept jurisdiction of this case and declare that policies, procedures and services at the Broward County Jail and the District I station are discriminatory and are not in compliance with the Rehabilitation Act;

(b) Enter an injunction requiring the Defendants to alter the facilities at the University of Miami expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in their policies practices and procedures, provide effective signage, remove all architectural and communication barriers, and provide alternative means of access to the extent required by the Rehabilitation Act;

(c) Enter as part of that injunction a provision directing the Defendant to neutralize its policies, practices, and procedures toward persons with disabilities for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures;

(d) Award Plaintiff compensatory damages;

(e) Enter an Order awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs;

(f) Enter an Order awarding such other and further relief as the Court deems necessary, just and proper; and

(g) Retain jurisdiction of this case until Defendant has fully complied with the orders of this Court.

STEPHEN M. CODY, ESQ.
16610 SW 82nd Court
Miami, FL 33157-3604
Telephone (305) 233-8073
Telecopier (305) 251-5713

_____
Florida Bar No. 334685

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET

**00-6088**



CIV-DAVIS
MAGISTRATE JUDGE
BROWN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

**I.(a) PLAINTIFFS**
Frederick Shotz

**DEFENDANTS**
Ken Jenne, as Sheriff of Broward County, Florida and the Broward County Commission

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Stephen M. Cody, 16610 SW 82ND CT, MIAMI, FL 33157-3604, (305) 233-8073

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE OF COUNTY WHERE ACTION AROSE:** DADE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**: [X] 3 Federal Question

**III. CITIZENSHIP OF PRINCIPLE PARTIES**

**IV. ORIGIN**: [X] 1 Original Proceeding

**V. NATURE OF SUIT**: [X] 440 Other Civil Rights

**VI. CAUSE OF ACTION**
Defendant operates the Broward County Jail, which contains architectural barriers to access by persons with disabilities in violation of Title II of the Americans with Disabilities Act.

**LENGTH OF TRIAL** via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** JURY DEMAND: [X] NO

**VIII. RELATED CASE(S) IF ANY**

DATE 1/7/2000   SIGNATURE OF ATTORNEY OF RECORD: S. M. Cody

FOR OFFICE USE ONLY
518337 - $150.00 - 01-1999