# United States District Court
Southern District of Florida
Miami Division

Case No. 00-6088 – CIV - DAVIS

Magistrate Judge Brown

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as Sheriff
of Broward County, Florida, and the
BROWARD COUNTY COMMISSION,

    Defendants.

## AMENDED COMPLAINT

Plaintiff FREDERICK A. SHOTZ sues Defendants KEN JENNE, in his official capacity as Sheriff of Broward County, Florida, and the BROWARD COUNTY COMMISSION, for injunctive relief pursuant to 42 U.S.C. § 12181, et. seq. and 29 U.S.C. § 794 and as grounds therefore would show:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 28 U.S.C. §§12181, et seq., based on defendants' violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131-12134 and 28 U.S.C. §§2201 and 2202. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 29 U.S.C. §794 based on Defendant's violations of Section 504 of the Rehabilitation Act.

2. Venue is proper in this Court in that the cause of actions described herein arose in Broward County, Florida.

3. Plaintiff FREDERICK A. SHOTZ is a resident of Broward County, Florida, and is a qualified individual with disabilities under the ADA.



4. Defendant KEN JENNE is the Sheriff of Broward County, Florida and is the head of the Broward Sheriff's Office ("BSO"). The BSO also operates the jail system in Broward County, Florida and is a "public entity" under the ADA. The jails operated by Defendant JENNE and the BSO constitute services, programs, or activities of Broward County.

5. Defendant BROWARD COUNTY COMMISSION is the governing body for Broward County, Florida and is the owner of the jails in Broward County, Florida. Pursuant to section 30.49, Florida Statutes, a county sheriff certifies to his or her county commission a proposed budget of expenditures for carrying out the powers, duties, and operations of the sheriff's office for the ensuing year. One of the required budget categories is "[e]xpenditures anticipated to be incurred in the maintenance and operation of local correctional facilities and detention alternative facilitates and in the staffing of bailiffs an other personnel in assistance of the court,, excluding service of process." The county commission has the obligation to provide in its capital expenditure budget allocations for construction and refurbishment of jail facilities. The BROWARD COUNTY COMMISSION is a "public entity" under the ADA. The jails owned by BROWARD COUNTY COMMISSION and operated by Defendant JENNE and the BSO constitute services, programs, or activities of the BROWARD COUNTY COMMISSION.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 as if set forth herein.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq.

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others. 28 C.F.R. §35.160(a).

10. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R. §35.160(b)(1).

11. Plaintiff SHOTZ was subjected to discrimination on December 28, 1999 when he was arrested by members of the BSO and taken to the District I station and the Broward County Jail. Plaintiff SHOTZ is likely to be subjected to continuing discrimination by the Defendants in the future.

12. The Defendants have discriminated against the Plaintiff by denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity as prohibited by 42 U.S.C. §12131 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where such removal is readily accessible and by failing to furnish auxiliary aids to persons with vision and hearing impairments.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A (hereinafter referred to as "ADAAG").

14. The defendants are in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq., and are discriminating against the plaintiff by failing to, *inter alia*,

   (a) provide the requisite number of properly located, properly configured and/or properly designated accessible parking with requisite signage as required by section 4.6 of ADAAG;

  (b) provide a drop-off areas with requisite signage as required by section 4.6 of ADAAG;

  (c) install ramps with appropriate slope, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances, and/or otherwise provide an accessible, properly designated and unobstructed route from the parking lot into the Broward County Jail and the District I station as required by sections 4.7, 4.8, and 4.26 of ADAAG;

  (d) install the requisite signage throughout the Broward County Jail and the District I station and to the primary functions of the buildings as required by section 4.30 of ADAAG;

  (e) install the proper number or appropriately equipped telecommunications devices for the hearing impaired, including volume control telephones and text telephones, reposition telephones to appropriate levels, and/or provides requisite signage as required by section 4.31 of ADAAG;

  (f) widen door and doorways, provide requisite offset areas for opening doors, provide proper door hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route through the building and its functions as required by section 4.13 of ADAAG;

  (g) install handles, pulls, latches, locks, and other operating devices on accessible doors that have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate as required by section 4.13 of ADAAG;

  (h) provide water fountains that are at an accessible spout height and location, and have accessible controls as required by section 4.15 of ADAAG;

  (i) provide wheelchair seating areas in the court chamber as required by section 4.33 of ADAAG;

  (j)  position the cameras and television monitors in the court chamber so that they could view and be viewed by prisoners in wheelchairs, mobility, or height impairments.

  (k)  provide a permanently installed assistive listening systems in the court chamber as required by section 4.33 of ADAAG;

  (l)  provide speakers' podiums that are set at an accessible height and within the permitted reach parameters;

  (m)  provide service counters in the District I station and the Broward County Jail that is no higher than 36 inches and at least 36 inches in length as required by section 7.2 of ADAAG;

  (n)  provide beds with a sleeping surface which is at an accessible height;

  (o)  modify restroom, showers, and toilets for accessibility, including, failing to:

    (i.)  widen door and doorways, provide requisite offset areas for opening doors, provide proper door hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route into and out of the restrooms as required by section 4.13 of ADAAG;

    (ii.)  rearrange partitions and doors to increase maneuvering space and provide proper accessibility for the disabled as required by section 4.3 of ADAAG;

    (iii.)  provide an accessible route from the doorway to an accessible toilet stall as required by section 4.3 of ADAAG;

    (iv.)  provide accessible toilet stalls with a minimum latch side clearance of 42 inches and a minimum depth of 56 inches as required by section 4.17 of ADAAG;

    (v.)  provide accessible toilet stalls with a minimum clear door opening of 32 inches as required by section 4.17 of ADAAG;

  (vi.) provide an accessible toilet stall configured with a wall mounted water closet of the proper height, appropriately configured flush controls, appropriately installed grab bars, and appropriately installed toilet paper dispenser as required by section 4.17 of ADAAG;

  (vii.) provide stall type or wall hung urinals with an elongated rim at a maximum of 17 inches above the finish floor and with clear floor space of 30 inches by 48 inches and with flush controls no higher than 44 inches as required by section 4.18 of ADAAG;

  (viii.) provide shower facilities which are accessible to persons with mobility impairments;

  (ix.) provide a lavatory with a minimum height of 34 inches and a minimum of clearance of 29 inches above the finish floor to the bottom of the apron as required by section 4.19 of ADAAG;

  (x.) provide a clear floor space of 30 inches by 48 inches in front of a lavatory to allow a forward approach as required by section 4.19 of ADAAG;

  (xi.) provide a lavatory with controls and operating mechanisms that can be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist as required by section 4.19 of ADAAG;

  (xii.) provide mirrors mounted with the bottom edge of the reflecting surface no higher than 40 in above the finish floor as required by section 4.19 of ADAAG;

  (xiii.) insulate lavatory pipes under sinks to prevent burns as required by section 4.19 of ADAAG;

  (xiv.) position paper towel dispensers at appropriate heights as required by section 4.2 of ADAAG;

     (xv.) provide appropriate signage on the outer door indicating that the restroom is handicap accessible as required by section 4.30 of ADAAG;

by January 26, 1992.

  15. The Defendants also violated Plaintiff's rights under the ADA by failing to permit him to bring his service dog with him, which he uses as an auxiliary aid or to supply him with auxiliary aids to he could use for transfer from his wheelchair to the toilet and/or his bed. The Defendants also violated Plaintiff's rights under the ADA by failing to provide him with auxiliary aids such as pillows or a bed with an adjustable head portion.

  16. The Defendants also violated Plaintiff's rights under the ADA by failing to provide him with medications which were needed to treat the conditions of his disabilities and their failure to provide him with a medical examination which was provided to all other prisoners who were not disabled.

  17. Defendant Jenne, in his official capacity as the Broward County Sheriff, also violated Plaintiff's rights under the ADA by failing to provide him with accessible transportation to the District I station and the Broward County Jail.

  18. Plaintiff has been obligated to retain undersigned counsel and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendants pursuant to 42 U.S.C. § 12205.

  19. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief, including an order to alter the subject premises to make them readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

  WHEREFORE, Plaintiff respectfully requests that the Court

  (a) issue a permanent injunction enjoining the defendants from continuing their discriminatory practices;

(b)  issue a permanent injunction enjoining the Defendants from excluding the Plaintiff and members of the public with disabilities from participation in or denying the benefits of the Broward County Jail or the District I station;

(c)  issue a permanent injunction requiring the defendants to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by defendants;

(d)  ordering the defendants to alter the Broward County Jail and District I station as appropriate to comply with the ADA;

(e)  closing the subject premises until the requisite modifications are completed;

(f)  awarding plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

(g)  such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

20. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 as if set forth herein.

21. Plaintiff brings this action against the Defendants based on section 504 of the Rehabilitation Act, 29 U.S.C. §794, et seq.

22. Section 504 provides, in relevant part:

> no otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity by an Executive agency or by the United States Postal Service. (29 U.S.C. §794).

23. Defendants receive Federal financial assistance for the operation of the BSO, the Broward County Jail, and/or Broward County.

24. The Defendants have violated the Rehabilitation Act by intentionally excluding Plaintiff, solely by reason of his disability, from the participation in, and denying him the benefits