

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ                          CASE NO. 00-6088-CIV-DAVIS

        Plaintiff,                      Magistrate Judge Brown

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

        Defendants.
_____/

### MOTION TO DISMISS AMENDED COMPLAINT, MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant BROWARD COUNTY COMMISSION (hereinafter referred to as the "BCC"), by and through its undersigned counsel, pursuant to Rules 12(b)(1), 12(b)(6), 12(e) and 12 (f) of the Federal Rules of Civil Procedure, and Local Rules 7.1(A) and 23.1,S.D. Fla.L.R., moves to dismiss the entire Amended Complaint for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. The BCC also moves to strike Count II for failure to comply with Local Rule 23.1, S.D.Fla.L.R.; and paragraphs (b) and (c) following the "wherefore" clause of Count II on page 14 of the Amended Complaint. In the alternative, the BCC moves this Court to require that Plaintiff, FREDERICK SHOTZ (hereinafter referred to as "SHOTZ"), provide a More Definite Statement, so that the BCC can frame a response to Plaintiff's Amended Complaint.



CASE NO. 00-6088-CIV-DAVIS

## MOTION TO DISMISS

The BCC moves to dismiss the entire Amended Complaint: (1) for lack of subject matter jurisdiction; and (2) for failure to state a claim upon which relief can be granted. In support of this Motion, the BCC states as follows:

1.     In the style of the Amended Complaint, SHOTZ has named the BROWARD COUNTY COMMISSION as a Defendant. The BCC is not a legal entity subject to suit. Accordingly, Plaintiff has failed to state a claim against BCC for which relief can be granted.

2.     Count I of the Amended Complaint, which alleges violations of the ADA, fails to state a claim against BCC (or Broward County) for which relief can be granted, because responsibility for the operation of the Broward County Jails is an exclusive function of the Broward County Sheriff's Office, which is a separate legal entity and constitutional office.

3.     Count I also references various regulations promulgated by the Attorney General (ADAAG ) to implement the ADA.   However, they have not been incorporated in the Department of Justice standards, and are not enforceable.

4.     Count II of the Amended Complaint fails to state a claim pursuant to 29 U.S.C. §794, because BCC, the named Defendant, is neither a "program or activity" of a local government as defined by section 504 of the Rehabilitation Act which is receiving federal financial assistance. By failing to allege that he suffered discrimination by being denied access to a "program or activity" under a governmental entity receiving federal financial assistance, Plaintiff has failed to state a claim under section 504 of the Rehabilitation Act.

CASE NO. 00-6088-CIV-DAVIS

WHEREFORE, BCC respectfully requests that this Court dismiss Counts I and II

## MOTION TO STRIKE

The BCC moves to strike paragraph 25 - 32 of Count II of the Amended Complaint for failure to comply with Local Rule 23.1, United States District Court, Southern District of Florida, and to strike paragraphs (b) and (c) of Count II following the "wherefore" clause on page 14. In support of this Motion, the BCC states the following:

1.      In Count II of Plaintiff's Amended Complaint, paragraph 25, SHOTZ has alleged that the Defendants are in violation of the Rehabilitation Act and discriminated against the Plaintiff *and others similarly situated.* The use of the italicized language would typically invoke a class action suit.   However, Plaintiff has failed to satisfy the elements of Local Rule 23.1 of the United States District Court, Southern District of Florida concerning class actions.

2.      In paragraphs (b) and (c) of Count II following the "wherefore" clause on page 14, Plaintiff refers to alterations needed at the University of Miami. The University of Miami is not a defendant named in the instant action. Apparently, Plaintiff's Amended Complaint is a "cut and paste" from some other lawsuit.

WHEREFORE, the BCC respectfully requests that the Court strike Count II and paragraphs (b) and (c) of Count II following the "wherefore" clause on page 14.

## MOTION FOR MORE DEFINITE STATEMENT

The BCC, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, hereby

CASE NO. 00-6088-CIV-DAVIS

moves the Court to require the Plaintiff to provide a More Definite Statement so that the BCC can frame a response to Plaintiff's Amended Complaint. As grounds for this Motion, BCC states the following:

1.    Paragraph three (3) of the Amended Complaint states that Plaintiff is a qualified individual with disabilities under the ADA.  However, throughout the Amended Complaint, SHOTZ does not specify *which disability or disabilities he sustains*. Without that information, the BCC is unable to determine whether it can challenge Plaintiff's standing to allege various claims asserted by Plaintiff under both the ADA and section 504 of the Rehabilitation Act.

2.    Plaintiff also fails to state which Defendant would be responsible for a particular violation and a particular facility. Absent a more definite allegation, BCC is unable to determine the extent of its alleged liability or frame any defenses to same.

3.    Plaintiff also has not alleged how particular conduct on the part of BCC has harmed him.

WHEREFORE, Defendant BCC respectfully requests that this Court require the Plaintiff to provide more definite statements as to all  portions of the Amended Complaint referencing  disability deficiencies.

## MEMORANDUM OF LAW

### A. Motion to Dismiss

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case will be

CASE NO. 00-6088-CIV-DAVIS

dismissed if the court is without statutory authority to hear and rule on the matter. Plaintiff

has named the BROWARD COUNTY COMMISSION as a Defendant in the instant cause;

however, the BCC is not a legal entity subject to suit. The capacity of a governmental body

to be sued within a federal court is governed by the law of the state in which the District

Court sits. FED. R. CIV. P. 17(b); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), and

cases cited therein. Florida law mandates that all suits and actions initiated against county

commissioners be brought in the name of the county of which they are commissioners.

FLA. STAT. §125.15 (1997); see BROWARD COUNTY CHARTER §1.02. Here, SHOTZ has not

named the correct party or legal entity; hence, the Court is without the requisite authority

to hear and decide this matter.

Further, according to Rule 12.6, Federal Rules of Civil Procedure, a court may

dismiss an action for failure to state a claim upon which relief can be granted. In the case

at bar, SHOTZ's claims and prayers for relief have been generated against the BCC, an

entity that cannot be sued.

### A.1. Count I

In Count I of the Amended Complaint, SHOTZ contends that both Defendants have

discriminated against him by denying him full and equal enjoyment of benefits of a service,

program, or activity conducted by a public entity as prohibited by the ADA. A public entity

is defined under the ADA as "any department, agency, special purpose district, or other

instrumentality of a State or States of local government." Randolph v. Rodgers, 170 F.3d

5

CASE NO. 00-6088-CIV-DAVIS

850, 857 (8th Cir. 1992)(citations omitted). In Florida, the responsibility for maintaining and operating the services, programs and activities at the county jails is a function of the Broward County Sheriff in his capacity as Chief Correctional Officer. F.S. §951.061 (1997). The subject statute provides that, "[upon adoption of an ordinance by a majority of the county commission, the sheriff may be designated the chief correctional officer of the county correctional system . . . ." F.S. 951.061(1)(1997). Broward County enacted such an ordinance pursuant to that statute. BROWARD COUNTY, FL. ORDINANCES ch. 18, § 18.01 (1987). See also Baugher v. Alachua County, 305 So. 2d 838 (Fla. 1st DCA 1975). Hence, none of Plaintiff's allegations plead a cause of action against the BCC or, in the alternative, Broward County.

In addition, Plaintiff has alleged that Defendants have violated various ADAAG regulations. The most recent guidelines were published in the Federal Register on January 13, 1998, and are entitled "Accessibility Guidelines for Buildings and Facilities: State and Local Governments [,] Judicial and Regulatory Facilities[, and] Detention and Correctional Facilities." On the face of the regulations is a Notice, which clearly states the following: "These guidelines have not been incorporated in the Department of Justice accessibility standards and are, therefore, **not enforceable**." (Emphasis added). Accordingly, Plaintiff cannot state a claim under the ADA by alleging violations of the ADAAG regulations.

### A.2. Count II

In Count II, SHOTZ alleges that both Defendants violated Section 504 of the

CASE NO. 00-6088-CIV-DAVIS

Rehabilitation Act of 1973, 29 U.S.C. §794, as amended. The pertinent portion of that statute states the following: "No otherwise qualified individual with a disability . . . shall, solely, by reason of her or his disability, . . .be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." Further, the Rehabilitation Act "defines 'program or activity' to include 'all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." Randolph, 170 F.3d at 857 (citations omitted).

Neither Defendant BCC nor Broward County is a "program or activity" of a local government activity" as defined by Section 504 of the Rehabilitation Act, which is receiving federal financial assistance. Here, SHOTZ has not alleged that he suffered discrimination under the BCC, as a "program or activity" receiving federal financial assistance.

WHEREFORE, Defendant BCC respectfully requests that the Court dismiss the entire Complaint for lack of subject matter jurisdiction and failure to state a cause of action upon which relief can be granted.

**B. Motion to Strike**

Pursuant to Rule 12(f), a court may strike any immaterial, impertinent, redundant, or scandalous matter. The BCC moves to strike Count II in its entirety, because Plaintiff has: failed to comply with Local Rule 23.1, United States District Court, Southern District of Florida, and to strike paragraphs (b) and (c) following the "wherefore" clause in Count II on

CASE NO. 00-6088-CIV-DAVIS

page 14.

### B.1. Failure to Follow Rule 23.1

In Count II, paragraph 25, SHOTZ has alleged that the Defendants are in violation of the Rehabilitation Act, and has discriminated against the Plaintiff *and others similarly situated.* The use of the italicized language indicates that Plaintiff is attempting to file a class action suit as to the Rehabilitation Act. If so, Plaintiff has failed to satisfy the requisite elements of Local Rule 23.1, S.D. Fla. L.R., concerning class actions. To wit: the Amended Complaint does not bear, next to its caption, the legend "Complaint-Class Action." Neither does it contain a separate heading styled "Class Action Allegation," wherein the relevant portions of Rule 23, Fed. R. Civ. P. are referenced, alleged and provided. Thus, while giving the appearance of asserting a class action claim, SHOTZ neither technically nor practically states any viable class action claim. Such language is misleading, superfluous, and immaterial; thus, Defendant BCC requests that this Court strike that language from the Amended Complaint.

### B.2. Improper Insertion of University of Miami Claims

In paragraphs (b) and (c) following the "wherefore" clause of Count II on page 14, Plaintiff refers to alterations needed at the University of Miami. The BCC does not have any authority over that entity, nor is the University of Miami a named party in the instant action.

CASE NO. 00-6088-CIV-DAVIS

It is obvious that in "cutting and pasting" the instant Complaint[1] and Amended Complaint,[2] Plaintiff was less than effective in changing the names of the targets of his action.

WHEREFORE, the BCC respectfully requests that this Court strike Count II for failure to comply with Local Rule 23.1, S.D. Fla. L.R., and strike paragraphs (b) and (c) of Count II following the "wherefore" clause of page 14 as irrelevant pursuant to Rule 12.(f), Fed. R. Civ. P..

### C. Motion For More Definite Statement

According to Rule 12(e), Federal Rules of Civil Procedure, a party may move for a more definite statement if a pleading to which a responsive pleading is allowed, is so vague or ambiguous that a responsive pleading cannot be drafted. As a rule, motions for more definite statements are generally disfavored. Bazal v. Bedford Trucking Co., 442 F. Supp. 1089 (S.D. Fla. 1997). However, "[p]retrial procedures such as . . . [a] motion for more definite statement (Fed. R. Civ. P. 12(a)) are appropriate devices to narrow the issues and disclose the boundaries of the claim or defense." Southeast Banking Corp. v. Bassett et

---

[1] On January 19, 2000, Defendant BCC was served with Plaintiff's fifteen (15) page, two (2) count Complaint, alleging discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), and a claim for alleged violations of Section 504 of the Rehabilitation Act. Some of the allegations and prayers for relief were directed to entities in other lawsuits, and therefore not applicable to the named Defendant in the instant case.

[2] On January 24, 2000, Plaintiff sent a fifteen (15) page Amended Complaint to the BCC, which eliminated some of the previous *claims* directed at other entities not named as defendants in the instant cause. However, the Amended Complaint, still failed to eliminate some prayers for relief directed towards other entities.

al., 69 F. 3d 1539, 1561 (11th Cir. 1995).

In the instant case, Defendant BCC finds that it cannot frame a response to the Amended Complaint, because Plaintiff has failed to allege: (1) how he is disabled; (2) how the BCC discriminated against him because of his disability or disabilities; (3) which Defendant, at which facility, has not complied with the ADA directives; and (4) which Defendant at which facility has not complied with specific portions of the Rehabilitation Act.

### Failure to State Nature of His Disability, Which Facility, or How BCC Discriminated Against Him

Pursuant to Rule 8(a), a complaint must contain a short and plain statement of each of his claims. Absent an allegation as to the nature of his disability, SHOTZ fails to state a claim upon which relief can be granted.  Moreover, without such allegations, BCC is unable to even make the threshold determination as to whether Plaintiff has standing to bring certain claims.  As a preliminary matter, a plaintiff must have standing in order to bring a cause of action, because standing is the threshold question in every federal case.   Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). There are both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. Id.

The three constitutional limitations under Article III standing are: "(1) a distinct and palpable injury to the plaintiff; (2) a fairly traceable causal connection between the injury and challenged conduct; and (3) a substantial likelihood that the relief requested will prevent or redress the injury." MAI Systems Corp. v. UIPS, 856 F. Supp. 538, 540 (N.D. Cal.

CASE NO. 00-6088-CIV-DAVIS

1994)(citation omitted).  Here, SHOTZ has not alleged the nature of his disability or which facility sustained specific violations against him; what causal connection BCC had to the challenged conduct; or that the relief he requests will ameliorate the alleged injuries. Therefore, Defendant BCC has insufficient information upon which to respond.

The prudential limitations require that the plaintiff, *inter alia*, assert his own rights and not those of third parties; and allege how his injury is different from those shared by a large number of other citizens. Id.  Without allegations providing notice as to how Plaintiff's alleged injuries differ from those affecting a substantial portion of the population, the BCC is unable to frame a response on the issue of standing.[3]

Assuming *arguendo* that the Plaintiff were to have standing, Rule 8(a), Fed. R. Civ. P. still has not been satisfied. Plaintiff has failed to state in paragraphs 12, 14, 15, 19, 25, 26, 27, 28, and 29, which Defendant was allegedly responsible for which violation and at which facility. This applies to both the ADA and the Rehabilitation Act.  Further, Plaintiff has failed to identify how these alleged violations specifically affected him.

The failure to plead a short and plain statement by a plaintiff referencing the ADA has been addressed in another jurisdiction, where a defendant moved for a more definite

---

[3] For example, in paragraph twelve (12), Plaintiff alleges that the BCC violated three different portions of the ADA by (1) denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity; (2) failing to remove architectural barriers; and (3) failing to furnish auxiliary aids to persons with vision and hearing impairments. BCC needs notice of which service, program or activity benefits SHOTZ was denied; how the alleged architectural barriers hindered *his* ability to move freely: and whether he is either visually or aurally impaired.

11

CASE NO. 00-6088-CIV-DAVIS

statement after the plaintiff had brought an action under the ADA, but failed to comply with

Rule 8(a), Fed. R. Civ. P.. Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346 (D. Minn.

1995). The Eisenach court ruled that, as part of the requisite short and plain statement, the

complaint was required to "include the Plaintiff's claimed disability, the actions of the

[particular] Defendant which impermissibly discriminated against the Plaintiff's disability, the

occasion or occasions on which the purported discrimination occurred, [and] the injury, if

any, that the Plaintiff suffered as a result of the claimed discriminatory conduct." Id. at 349,

f.n.3. The Eisenach court concluded that, "without such a showing, the Defendant 'cannot

reasonably be required to frame a responsive pleading, ' including an assertion of its

threshold defenses . . . .." Id. (Citation omitted)

This is the same standard that the BCC requires in order to frame a responsive

pleading to Counts I and II of the Amended Complaint.

WHEREFORE, the Defendant BCC respectfully requests that SHOTZ be required to

make a more definite statement as to the nature of his disability, which defendant would be

liable for the alleged violations at a particular facility, and what conduct attributable to BCC

impermissibly discriminated against the Plaintiff's disability under the ADA and the

Rehabilitation Act.

CASE NO. 00-6088-CIV-DAVIS

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:   (954) 357-7600
Telecopier:   (954) 357-7641

By: _____
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to

Stephen M. Cody, Esquire, Attorney for Plaintiff, 16610 S.W. 82nd Court, Miami, Florida

33317-3604, and Bari Goldstein, Attorney for the Broward County Sheriff,  Carmen

Rodriguez, P.A., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, FL

33156, this 24th day of February, 2000.

By _____
BETH-ANN E. HERSCHAFT
Assistant County Attorney

BAH/mm
gesh.shotzmotion.mdsmds
2/24/00
#00-0553

13