UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ         CASE NO. 00-6088-CIV-DAVIS

    Plaintiff,         Magistrate Judge Brown

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

    Defendants.
_____/



## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT WITH

## INCORPORATED MEMORANDUM OF LAW

Defendant, KEN JENNE, in his official capacity as Sheriff of Broward County, Florida (hereinafter "BSO"), by and through counsel, Carmen Rodriguez, P.A., and pursuant to Fed. R. Civ. P. 12(e), files this Motion for More Definite Statement with Incorporated Memorandum of Law, and in support thereof, states as follows:

1.    On January 24, 2000, Plaintiff filed an Amended Complaint alleging Defendants, BSO and the Broward County Commission (hereinafter the "County"), were in violation of Title II of the Americans with Disabilities Act (hereinafter the "ADA") and §504 of the Rehabilitation Act.

2.    Upon review of Plaintiff's Amended Complaint, it is clear that the pleading is flawed for several reasons, rendering it impossible for Defendant BSO to reasonably file an appropriate Response at this juncture.

NON-COMPLIANCE OF S.D. fla. L.R. 7.1A.4

CASE NO. 00-6088-CIV-DAVIS

3. In addition to Plaintiff's allegations against BSO and the County, there is also reference to an additional, independent Defendant, the University of Miami (hereinafter "UM"). However, UM is outside of BSO's jurisdiction and control.

5. In whole, the allegations, in Plaintiff's Amended Complaint, are factually deficient and erroneously assert unsubstantiated legal conclusions.

WHEREFORE, Defendant, BSO, respectfully requests that this Court order Plaintiff to amend his Complaint and clarify the ambiguities presently within the pleading in order to afford Defendant BSO a fair opportunity to properly respond.

## INCORPORATED MEMORANDUM OF LAW

Plaintiff, Frederick A. Shotz, filed his Amended Complaint on January 24, 2000. On December 28, 1999, Plaintiff was arrested by BSO and transported to jail, which he now alleges as the basis for the case at bar. Plaintiff's two count Complaint claims that the BSO and the County, as its governing body, are in violation of Title II of the ADA and §504 of the Rehabilitation Act.

Title II of the Americans with Disability Act, prohibits public entities from excluding the disabled from participation in or the denial of benefits of any of their services, programs, or activities. 42 U.S.C. § 12132. Moreover, public entities are further prohibited from subjecting an individual to discrimination based on the individual's disability. Id. Generally, courts have established that proving a claim under the Rehabilitation Act is essentially the same as proving a claim under the ADA; therefore, Plaintiff will be required to prove the same elements under both counts of his Amended Complaint. Raines v. State

CASE NO. 00-6088-CIV-DAVIS

of Florida, 983 F. Supp. 1362, 1371 (N.D. Fla. 1997).

There are several defects in Plaintiff's Amended Complaint which render a proper Response by Defendant impossible, at this time. First, under Count II, in the Wherefore Clause subsections (b) and (c), Plaintiff demands judgment for alleged violations of § 504 of the Rehabilitation Act. However, as relief, Plaintiff requests that an injunction be awarded requiring the Defendants to alter the facilities at the University of Miami. See Plaintiff's Amended Complaint, page 8. However, Defendant, Ken Jenne, in his official capacity as Sheriff of Broward County, Florida, has exclusive jurisdiction over only BSO, and solely within the limits of Broward County, Florida. Conversely, UM is located within Miami-Dade County, clearly outside of BSO's jurisdiction. As a result, BSO has no control over alterations made to UM and most certainly cannot order them to make such alterations. The Amended Complaint does not allege that UM is within BSO control.

Plaintiff fails to even infer that BSO or the County have any association or connection to UM. BSO cannot ascertain why UM is even mentioned within the Complaint[1], and it further cannot differentiate which allegations are exclusive to UM and which ones are asserted against BSO. Accordingly, this confusion renders Plaintiff's Amended Complaint deficient and Defendant BSO cannot be reasonably expected to file a thorough and proper Response.

---

[1] BSO has discovered that Plaintiff and/or Plaintiff's counsel have been involved in an extensive amount of similar ADA litigation. Previously, UM and other similar entities have been defendants in such suits. Accordingly, it is possible that the mention of UM is in error and is simply a remnant of a careless cut and paste job. Nonetheless, Defendants are forced to incur fees and costs in the defense of Plaintiff's careless drafting.

CASE NO. 00-6088-CIV-DAVIS

Pursuant to Fed. R. Civ. P. 12(e), a Motion for More Definite Statement is proper "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." Further guidance as to the basic contents of a proper pleading can be found in Fed. R. Civ. P. 8(a)(2) which requires, "more than a conclusory statement of entitlement to relief." Id. at 165. Accordingly, as the case at bar fails to satisfy Fed. R. Civ. P. 8(a)(2) and is composed of only vague allegations, it is a perfect example of when it is not only appropriate, but required for a court to grant a Motion for More Definite Statement.

Specifically, Fed. R. Civ. P. 8(a)(2) requires that a pleading include a short and plain statement of Plaintiff's claim, proving that the pleader is entitled to relief. A thorough review of Plaintiff's allegations reveals the absence of any showing by Plaintiff that he is entitled to relief. In fact, no where in the Amended Complaint does Plaintiff even allege that he suffered an injury, let alone as a result of an action by the BSO.

An ADA complaint can only satisfy Rule 8(a)(2) when its "short and plain statement" includes the following: Plaintiff's claimed disability, the actions of the Defendant which impermissibly discriminated against the Plaintiff's disability, the occasions on which the purported discrimination occurred and the injury the Plaintiff suffered as a result. Eisenach v. Miller-Dwan Med. Ctr., 162 F.R.D. 346, 349 n. 3 (D. Minn. 1995). Accordingly, because Plaintiff has failed to detail the required elements of his case within his "short and plain statement" of the case, it is appropriate for the Plaintiff to be required to amend the complaint and include a more definite statement. See e.g., Breeden v. Enterprise Leasing

CASE NO. 00-6088-CIV-DAVIS

Co., 1995 WL 781700, *2 (E.D. Mo. 1995) (Plaintiff's ADA complaint must be amended to include a brief recitation of facts revealing the actions by Defendant which constituted discrimination or retaliation against her in violation of the ADA, the occasion of the action, the injury suffered as a result, and the willful nature of the action); see also, Anderson v. Sixth Judicial Dist. Ct. of St. Louis County, 521 F.2d 420 (8th Cir. 1974) (complaint in Age Discrimination case must allege sufficient facts to support the material elements of the claim, including the willful nature of a violation).

Significantly, Plaintiff fails to provide any material facts or suggest any legal reason why he is a qualified individual with a disability or why he is covered by the ADA. Basically, Plaintiff fails to describe what his disability is. Rather, Plaintiff, himself, makes the legal conclusion that he is "a qualified individual with a disability." See ¶ 3 of the Amended Complaint. Plaintiff further concludes that he was subjected to discrimination. Yet again, Plaintiff fails to first establish a factual basis for this assertion. Essentially, not only does Plaintiff fail to claim a resulting injury, but his Amended Complaint lacks any description of his disability, fails to assert a basis for why he is a qualified individual with a disability and fails to allege the occurrence of any incident which subjected him to discrimination as a result of his disability.

Plaintiff asserts that he was excluded from participation in and denied the benefits of a public entity. See ¶ 8 of the Amended Complaint. Technically, Title II of the ADA covers the denial of any "benefits of the **services, programs, or activities** of a public

5

CASE NO. 00-6088-CIV-DAVIS

entity. . . ." 42 U.S.C. § 12132 (emphasis added).  Plaintiff not only fails to identify any benefit he was denied, but he further fails to allege a service, program or activity that he was denied participation in.  Instead, Plaintiff only vaguely alleges that he was denied a benefit and simply suggests that he was subjected to discrimination.  Clearly, Plaintiff's failure at identifying any applicable BSO service, program or activity, denied to him because of his disability, is a fatal flaw to his Amended Complaint.

In sum, Plaintiff's Amended Complaint fails to describe his disability, fails to detail any occurrence wherein he was discriminated against based on that disability, fails to identify any service, program or activity which he was denied the benefit of and fails to allege that he incurred any injury as a result of discrimination or action by the BSO. However, the deficiencies present in Plaintiff's Amended Complaint are not of the nature that will be remedied through liberal discovery; rather, fundamental facts are missing causing the Complaint, in its entirety, to be insufficient.  "To abdicate competent pleading in deference to amplified discovery does a distinct injustice to [the court's] responsibility, under Rule 1, Federal Rules of Civil Procedure, to "administer" [court] procedures so as "to secure the just, speedy, and inexpensive determination of every action".  Eisenach, 162 F.R.D. at 349.

6

Accordingly, Defendant, BSO, respectfully requests that its Motion for More Definite Statement be granted and Plaintiff be ordered to amend his Complaint accordingly.

Respectfully submitted,

Law Offices of Carmen Rodriguez, P.A.
Carmen Rodriguez, P.A.
9130 S. Dadeland Boulevard
Two Datran Center, Suite 1109
Miami, Florida 33156
Ph: (305) 670-8400

By: _____
Carmen Rodriguez
Florida Bar No. 710385

_____
Bari L. Goldstein
Florida Bar No. 0152900

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Stephen M. Cody, Esquire, Attorney for Plaintiffs, 16610 S.W. 82nd Court, Miami, Florida, and to Beth-Anne Herschaft, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Fort Lauderdale, Florida 33301 this 24th day of February, 2000.

_____
BARI L. GOLDSTEIN