UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FREDERICK A. SHOTZ, | CASE NO. 00-6088-CIV-DAVIS |
| Plaintiff, | Magistrate Judge Brown |
| v. | |
| KEN JENNE, in his official capacity as Sheriff of Broward County, Florida, and BROWARD COUNTY, FLORIDA, | |
| Defendants. _____/ | |

### MOTION TO DISMISS SECOND AMENDED COMPLAINT, MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant BROWARD COUNTY ( hereinafter referred to as "COUNTY"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(e) and 12 (f), and Local Rules 7.1(A) and 23.1, S.D. Fla. L.R., moves to dismiss Plaintiff's entire Second Amended Complaint for failure to state a claim upon which relief can be granted. The COUNTY also moves to strike paragraph sixteen (16) of Count I for failure to state a claim; paragraph twenty-seven (27) of Count II for failure to comply with Local Rule 23.1, S.D. Fla. L.R.; paragraphs (b) and (c) of Count II following the "wherefore" clause on page fourteen (14) of the Second Amended Complaint for failure to state a claim; and paragraph (d) of Count II following the "wherefore" clause on page fifteen (15) for failure to state a claim. In the alternative, the COUNTY moves this Court to require that Plaintiff, FREDERICK A. SHOTZ (hereinafter referred to as "SHOTZ"), provide a More Definite

CASE NO. 00-6088-CIV-DAVIS

Statement, so that the COUNTY can frame a response to Plaintiff's Second Amended Complaint.

## MOTION TO DISMISS

The COUNTY moves to dismiss Plaintiff's entire Second Amended Complaint as to the COUNTY, for failure to state a claim upon which relief can be granted. In support of this Motion, the COUNTY states as follows:

1. In Counts I and II of the Second Amended Complaint, SHOTZ alleges that the Defendant COUNTY has discriminated against him by denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity. However, Plaintiff has failed to allege any statutory or other legal basis upon which the COUNTY can be held liable for his claims. Therefore, SHOTZ fails to state a claim upon which relief can be granted as to the COUNTY.

2. Count II of the Amended Complaint fails to state a claim pursuant to 29 U.S.C. §794 (1973), because the COUNTY, a named Defendant, is neither a "program or activity" of a local government, as defined by section 504 of the Rehabilitation Act, which is receiving federal financial assistance. By failing to allege that he suffered discrimination by being denied access to a "program or activity" under a governmental entity receiving federal financial assistance, Plaintiff has failed to state a claim under section 504 of the Rehabilitation Act.

3.   In paragraphs fifteen (15) (c), (d), and (m), of Count I, SHOTZ claims that Defendants are in violation of the ADA and its implementing regulations at both the Broward County Jail and the District I station. However, Plaintiff has failed to allege, and cannot allege, that the COUNTY owns the property upon which the former District I station was situated.[1] Therefore, SHOTZ has failed to state a claim as to the COUNTY upon which relief can be granted.

WHEREFORE, COUNTY respectfully requests that this Court dismiss the entire Second Amended Complaint.

## MOTION TO STRIKE

The COUNTY moves to strike paragraph sixteen (16) of Count I for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 8(a); paragraph twenty-seven (27) of Count II for failure to comply with Local Rule 23.1, S.D. Fla. L.R.; paragraphs (b) and (c) of Count II following the "wherefore" clause on page fourteen (14) of the Second Amended Complaint for failure to state a claim; and paragraph (d) of Count

---

[1] If Plaintiff has properly investigated the basis of his claim as to the facility identified as the District I station, then he is aware that he cannot make such allegations. At the time SHOTZ was arrested, the District I station was located in a strip mall in the city of Pembroke Park. The property upon which that station was situated is owned by a private corporation, not the COUNTY. Even if Plaintiff did not adequately investigate that claim, the absence of an allegation that the COUNTY owned the subject property prohibits Plaintiff's Second Amended Complaint from stating a claim as to the COUNTY. Further, since January 2000, the District I station has moved to a different location in that city.

CASE NO. 00-6088-CIV-DAVIS

II following the "wherefore" clause on page fifteen (15), for failure to state a claim.  In support of this Motion, the COUNTY states the following:

1.     In paragraph sixteen (16), SHOTZ states that the Defendants are "discriminating against the Plaintiff at the District I Station by failing to, *inter alia*, by January 26, 1992."  That incomplete sentence does not provide notice of a claim upon which relief can be granted as required by Fed. R. Civ. P. 8(a).  Thus, that paragraph should be stricken from the Second Amended Complaint.

2.     In Count II of Plaintiff's Second Amended Complaint, paragraph twenty-seven (27), SHOTZ has alleged that the Defendants are in violation of the Rehabilitation Act and have discriminated against the Plaintiff *and others similarly situated*.  The use of the italicized language would typically invoke a class action suit.  However, Plaintiff has failed to satisfy the elements of Local Rule 23.1, S.D. Fla. L.R. concerning class actions.

3.     In paragraphs (b) and (c) of Count II following the "wherefore" clause on page fourteen (14) of the Second Amended complaint, SHOTZ requests that the Court enter an injunction against the Defendants.  According to controlling precedent, that relief is not available once a prisoner has been released from jail.

4.     In paragraph (d) of Count II following the "wherefore" clause on page fifteen (15) of the Second Amended Complaint, Plaintiff requests compensatory damages. Again, controlling precedent requires that such relief be stricken.

4

CASE NO. 00-6088-CIV-DAVIS

WHEREFORE, the COUNTY respectfully requests that the Court strike paragraph sixteen (16) of Count I; paragraph twenty-seven (27) of Count II; and paragraphs (b), (c) and (d) following the "wherefore" clause in Count II.

## MOTION FOR MORE DEFINITE STATEMENT

The COUNTY, pursuant to Fed. R. Civ. P. 12(e), hereby moves the Court to require the Plaintiff to provide a More Definite Statement so that the COUNTY can frame a response to Plaintiff's Second Amended Complaint. As grounds for this Motion, COUNTY states the following:

1. Paragraph three (3) of the Second Amended Complaint states that Plaintiff is a qualified individual with disabilities under the ADA by virtue of the fact that he is confined to a wheelchair. However, in paragraphs thirteen (13) and fifteen(15)(e) and(k) of Count I, and paragraphs twenty-eight (28)(j), (y), (z), and (aa) of Count II, SHOTZ alleges that the Defendants have failed to furnish auxiliary aids to persons with vision and hearing impairments. Absent an allegation that he is either aurally or visually impaired, the COUNTY is unable to determine whether it can challenge Plaintiff's standing to allege such claims under either the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12131 *et seq.*, or section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C.§794.

2. Paragraphs twenty-eight (28)(a) and (b) of Count II allege that there is inadequate parking for individuals with disabilities. The facility at which this lack allegedly

CASE NO. 00-6088-CIV-DAVIS

exists has not been identified.[2] Further, as SHOTZ has also alleged that the Broward County Sheriff did not provide him with accessible transportation to either District I or the Broward County Jail, but has not alleged that *he* was unable to park at either facility, the COUNTY is again unable to determine whether it can challenge Plaintiff's standing to allege such claims under the ADA or section 504 of the Rehabilitation Act.

3. Plaintiff also fails to state which Defendant would be responsible for a particular violation at a particular facility. Absent a more definite allegation, the COUNTY is unable to determine the extent of its alleged liability or frame any defenses to same.

4. Plaintiff also has not alleged how particular conduct on the part of COUNTY has harmed him.

5. In paragraph fifteen (15) of Count I, SHOTZ references several sections of the regulations promulgated by the Attorney General to implement the ADA. However, each regulation has several subparts, some of which do not apply to any of the allegations made by Plaintiff. Without a clear notation as to which subpart applies to each allegation, the COUNTY is unable to frame an effective response or assert necessary defenses to the instant action.

---

[2] Plaintiff has not alleged that the COUNTY has any legal obligation or responsibility for the District I facility. As noted previously, SHOTZ cannot make any such allegation, as the COUNTY does not own that property.

CASE NO. 00-6088-CIV-DAVIS

WHEREFORE, Defendant COUNTY respectfully requests that this Court require the Plaintiff to provide more definite statements as to all portions of the Second Amended Complaint alleging disability deficiencies.

## MEMORANDUM OF LAW

### A. Motion to Dismiss

In Counts I and II of the Second Amended Complaint, SHOTZ contends that both Defendants have discriminated against him by denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity, which is prohibited by both the ADA and the Rehabilitation Act. A public entity is defined under the ADA as "any department, agency, special purpose district, or other instrumentality of a State or States of local government." Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1992)(citations omitted). In Florida, the responsibility for maintaining and operating the services, programs and activities at the county jails is a function of the Broward County Sheriff in his capacity as Chief Correctional Officer. F.S. §951.061 (1997). The subject statute provides that, "[u]pon adoption of an ordinance by a majority of the county commission, the sheriff may be designated the chief correctional officer of the county correctional system . . . ." F.S. § 951.061(1)(1997). Broward County enacted such an ordinance pursuant to that statute. See BROWARD COUNTY, FL. ORDINANCES ch. 18, § 18.01 (1987). See also Baugher v. Alachua County, 305 So. 2d 838 (Fla. 1st DCA 1975). Hence, none of Plaintiff's allegations plead a cause of action against the COUNTY.

7

CASE NO. 00-6088-CIV-DAVIS

### A.1. Count II

In Count II, SHOTZ alleges that both Defendants violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, as amended. The pertinent portion of that statute states the following: "No otherwise qualified individual with a disability . . . shall, solely, by reason of her or his disability, . . .be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." Further, the Rehabilitation Act "defines 'program or activity' to include 'all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." Randolph, 170 F.3d at 857 (citations omitted). Defendant COUNTY is not a "program or activity" of a local government, as defined by section 504 of the Rehabilitation Act, which is receiving federal financial assistance. Hence, Count II fails to state a claim upon which relief may be granted as to the COUNTY.

### A.2. Failure to Correctly Identify Owner of District I Station

In paragraphs fifteen (15) (c), (d), and (m), SHOTZ references alleged violations of the ADA and its implementing regulations concerning both the Broward County Jail and the District I station. Pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

8

CASE NO. 00-6088-CIV-DAVIS

Here, SHOTZ has not alleged and cannot allege that the COUNTY has any legal obligation or responsibility for any violations of either the ADA or its implementing regulations at the former District I station, because the property upon which that facility was situated is not owned by the COUNTY. Thus, the Plaintiff would be unable to prove any facts entitling him to relief as to this Defendant.

WHEREFORE, Defendant COUNTY respectfully requests that the Court dismiss the entire Complaint for failure to state a cause of action upon which relief can be granted.

### B. Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), a court may strike any immaterial, impertinent, redundant, or scandalous matter. In the instant case, the Second Amended Complaint contains several paragraphs that are clearly immaterial, superfluous, and irrelevant. First, paragraph sixteen (16) of Count I is, in effect, an incomplete sentence, which fails to state a claim upon which relief can be granted. Second, paragraph twenty-seven (27) of Count II fails to comply with Local Rule 23.1, S.D. Fla. L.R. Third, paragraphs (b) and (c) of Count II following the "wherefore" clause fail to state a claim for injunctive relief upon which relief can be granted. Finally, paragraph (d) of Count II following the "wherefore" clause also fails to state a claim for compensatory damages upon which relief can be granted.

### B.1. Incomplete Paragraph Failing to Give Notice

In paragraph sixteen (16), SHOTZ states that the Defendants are "discriminating against the Plaintiff at the District I Station by failing to, *inter alia*, by January 26, 1992."

That incomplete sentence does not provide notice of a claim upon which relief can be granted as required by Fed. R. Civ. P. 8(a). Thus, that paragraph should be stricken from the Second Amended Complaint.

### B.2. Failure to Follow Rule 23.1

In Count II, paragraph twenty-seven (27), SHOTZ has alleged that the Defendants are in violation of the Rehabilitation Act, and have discriminated against the Plaintiff *and others similarly situated*. The use of the italicized language indicates that Plaintiff is attempting to file a class action suit as to the Rehabilitation Act. If so, Plaintiff has failed to satisfy the requisite elements of Local Rule 23.1, S. D. Fla. L. R., concerning class actions. To wit: the Second Amended Complaint does not bear, next to its caption, the legend "Complaint-Class Action." Neither does it contain a separate heading styled "Class Action Allegation," wherein the relevant portions of Fed. R. Civ. P. 23 are referenced, alleged, and provided. Thus, while giving the appearance of asserting a class action claim, SHOTZ neither technically nor practically states any viable class action claim. Such language is misleading, superfluous, and immaterial. Thus, that language should be stricken from the Second Amended Complaint.

### B.3. Failure to State a Claim for Injunctive Relief

In paragraphs (b) and (c) of Count II following the "wherefore" clause in the Second Amended Complaint, SHOTZ requests that this court enter an injunction requiring the Defendants to: (1) alter the facilities at the Broward County Jail and the District I station; and

(2) direct the Defendants to neutralize their policies, practices, and procedures toward persons with disabilities. However, the Eleventh Circuit has ruled that the release of a prisoner from a jail moots his individual claim for declaratory and injunctive relief. <u>McKinnon v. Talladega County, Alabama</u>, 745 F. 2d 1360, 1363 (11th Cir. 1984). Clearly, this request is superfluous and immaterial. Accordingly, the COUNTY requests that those paragraphs be stricken from the Second Amended Complaint.

### B.4. Failure to State a Claim for Compensatory Damages

In paragraph (d) of Count II following the "wherefore" clause in the Second Amended Complaint, the Plaintiff requests that this Court award him compensatory damages. Since 1992, the Eleventh Circuit has consistently "held that plaintiffs who proceed under a theory of disparate treatment in section 504 actions must prove intentional discrimination or bad faith in order to recover compensatory damages." <u>Wood v. President and Trustees of Spring Hill College in the City of Mobile</u>, 978 F. 2d 1214, 1219 (11th Cir. 1992). Since Count II refers to section 504 of the Rehabilitation Act, and SHOTZ has failed to allege either intentional discrimination or bad faith, the COUNTY requests that paragraph (d) be stricken as superfluous, immaterial, and irrelevant.

WHEREFORE, the COUNTY respectfully requests that this Court strike paragraph sixteen (16) of Count I pursuant to Fed. R. Civ. P. 12(f); paragraph twenty-seven (27) of Count II for failure to comply with Local Rule 23.1, S.D. Fla. L.R.; and paragraphs (b), (c),

CASE NO. 00-6088-CIV-DAVIS

and (d) of Count II following the "wherefore" clause for failure to state a claim upon which relief can be granted .

### C. Motion For More Definite Statement

According to Fed. R. Civ. P. 12(e), a party may move for a more definite statement if a pleading, to which a responsive pleading is allowed, is so vague or ambiguous that a responsive pleading cannot be drafted. As a rule, motions for more definite statements are generally disfavored. Bazal v. Bedford Trucking Co., 442 F. Supp. 1089 (S.D. Fla. 1997). However, "[p]retrial procedures such as . . . [a] motion for more definite statement (Fed. R. Civ. P. 12(a)) are appropriate devices to narrow the issues and disclose the boundaries of the claim or defense." Southeast Banking Corp. v. Bassett et al., 69 F. 3d 1539, 1561 (11th Cir. 1995).

In the instant case, Defendant COUNTY finds that it cannot frame a response to the Second Amended Complaint because Plaintiff has failed to allege: (1) how the COUNTY discriminated against him because of his disability or disabilities; (2) which portions of the ADAAG rules have allegedly been violated by the COUNTY; and (3) which Defendant at which facility has not complied with specific portions of the Rehabilitation Act.

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain a short and plain statement of each of Plaintiff's claims. Without such allegations, the COUNTY is unable to even make the threshold determination as to whether Plaintiff has standing to bring certain claims.

CASE NO. 00-6088-CIV-DAVIS

As a preliminary matter, a plaintiff must have standing in order to bring a cause of action, because standing is the threshold question in every federal case. Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). There are both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. Id.

The three constitutional limitations under Article III standing are: "(1) a distinct and palpable injury to the plaintiff; (2) a fairly traceable causal connection between the injury and challenged conduct; and (3) a substantial likelihood that the relief requested will prevent or redress the injury." MAI Systems Corp. v. UIPS, 856 F. Supp. 538, 540 (N.D. Cal. 1994)(citation omitted). Here, SHOTZ has not alleged whether he is visually or aurally impaired; what causal connection COUNTY had to the challenged conduct; or that the relief he requests will ameliorate the alleged injuries. Therefore, Defendant COUNTY has insufficient information upon which to respond.

The prudential limitations require that the plaintiff, *inter alia*, assert his own rights and not those of third parties; and allege how his injury is different from those shared by a large number of other citizens. Id. Without allegations providing notice as to how Plaintiff's alleged injuries differ from those affecting a substantial portion of the population, the COUNTY is unable to frame a response on the issue of standing.[3]

---

[3] For example, in paragraph thirteen (13), Plaintiff alleges that the COUNTY violated three different portions of the ADA by (1) denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity; (2) failing to remove

13

CASE NO. 00-6088-CIV-DAVIS

Assuming *arguendo* that standing were not an issue, Fed. R. Civ. P. 8(a) still has not been satisfied. Plaintiff has failed to distinguish, in paragraphs 26, 27, and 28 of Count II of the Second Amended Complaint, which Defendant was allegedly responsible for which violation, and at which facility. Further, Plaintiff has failed to identify how these alleged violations specifically affected him.

The failure to plead a short and plain statement by a plaintiff referencing the ADA has been addressed in another jurisdiction. <u>Eisenach v. Miller-Dwan Medical Center</u>, 162 F.R.D. 346 (D. Minn. 1995). In <u>Eisenach</u>, the defendant moved for a more definite statement after the plaintiff had brought an action under the ADA, but had failed to comply with Fed. R. Civ. P. 8(a). <u>Id.</u> The <u>Eisenach</u> court ruled that, as part of the short and plain statement, the complaint was required to "include the Plaintiff's claimed disability, the actions of the [particular] Defendant which impermissibly discriminated against the Plaintiff's disability, the occasion or occasions on which the purported discrimination occurred, [and] the injury, if any, that the Plaintiff suffered as a result of the claimed discriminatory conduct." <u>Id.</u> at 349, f.n.3. Finally, the <u>Eisenach</u> court concluded that, "without such a showing, the Defendant 'cannot reasonably be required to frame a responsive pleading,' including an assertion of its threshold defenses . . . <u>Id.</u> (Citation omitted)

---

architectural barriers; and (3) failing to furnish auxiliary aids to persons with vision and hearing impairments. COUNTY needs notice of which service, program, or activity benefits SHOTZ was denied; how the alleged architectural barriers hindered *his* ability to move freely; and whether he is either visually or aurally impaired.

14

CASE NO. 00-6088-CIV-DAVIS

This is the same standard that the COUNTY requires in order to frame a responsive pleading to Counts I and II of the Second Amended Complaint.

WHEREFORE, the Defendant COUNTY respectfully requests that SHOTZ be required to make a more definite statement as to what conduct attributable to the COUNTY impermissibly denied access to the Plaintiff because of his disability under the ADA and the Rehabilitation Act, so that the COUNTY can frame a response to Plaintiff's Second Amended Complaint.

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:  (954) 357-7600
Telecopier:  (954) 357-7641

By:_____
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Stephen M. Cody, Esquire, Attorney for Plaintiff, 16610 S.W. 82nd Court, Miami, Florida 33317-3604; and Bari Goldstein, Attorney for the Broward County Sheriff, Carmen Rodriguez, P.A., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this 6th day of April 2000.

By _____
, BETH-ANN E. HERSCHAFT
Assistant County Attorney

BAH/mm
gesh.shotz2dmotion.mdsmds
04/06/00
#00-0553