

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

... ... ....D.C.

... AR 10  AM 8: 33

S.D. OF FLA - MIA

FREDERICK A. SHOTZ

     Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

     Defendants.

_____/

CASE NO. 00-6088-CIV-DAVIS

Magistrate Judge Brown

### DEFENDANT, BSO'S, ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, Ken Jenne, in his official capacity as Sheriff of Broward County (hereinafter "BSO"), through his counsel, Carmen Rodriguez, P.A., hereby files his Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, as follows:

1.    In response to paragraph numbered 1 of the Second Amended Complaint, Defendant admits that Plaintiff is attempting to assert jurisdiction pursuant to the statutory provisions cited in said paragraph. Nonetheless, Defendant denies this Court has jurisdiction over the subject matter of this action and further denies that the Plaintiff is entitled to any relief thereunder.

2.    In response to paragraph numbered 2 of the Second Amended Complaint, Defendant admits that the Broward Sheriff's Office is located within Broward County, Florida. However, Defendant denies that any cause of action arose within Broward County regarding the allegations made by Plaintiff.

CASE NO. 00-6088-CIV-DAVIS

3.      In response to paragraph numbered 3 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations of said paragraph and, therefore, denies said allegations.

4.      In response to paragraph numbered 4 of the Second Amended Complaint, Defendant admits that Ken Jenne is the Sheriff for Broward County and head of the Broward County Sheriff's Office.  Defendant is without sufficient knowledge as to the truth or falsity of the remaining allegations of said paragraph and, therefore, denies remaining allegations.

5.      In response to paragraph numbered 5 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations in said paragraph and, therefore, denies said allegations.

6.      In response to paragraph numbered 6 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations in said paragraph and, therefore, denies said allegations.

7.      In response to paragraph numbered 7 of the Second Amended Complaint, Defendant, incorporates by reference, its responses to paragraphs 1 through 6.

8.      In response to paragraph numbered 8 of the Second Amended Complaint, Defendant admits that Congress enacted the Americans with Disabilities Act (hereinafter "ADA") on July 26, 1990.

9.      In response to paragraph numbered 9 of the Second Amended Complaint, Defendant disagrees with Plaintiff's phrasing of the ADA and asserts that Title II of the ADA actually states that "no qualified individual with a disability shall, by reason of such disability, be excluded from

2

CASE NO. 00-6088-CIV-DAVIS

participation in or be denied the 'benefits of the services, programs or activities of a public entity,' or be subjected to discrimination by any such entity."

10.    In response to paragraph numbered 10 of the Second Amended Complaint, Defendant admits that Plaintiff has cited to sections of law but, denies any applicability here.

11.    In response to paragraph numbered 11 of the Second Amended Complaint, Defendant asserts that under 28 C.F.R. §35.160(b)(1), a public entity is required to furnish appropriate auxiliary aides and services where necessary to afford equality to all individuals.

12.    In response to paragraph numbered 12 of the Second Amended Complaint, Defendant denies that Plaintiff was subjected to any discrimination on December 28, 1999, or will be in the future.

13.    In response to paragraph numbered 13 of the Second Amended Complaint, Defendant denies that Plaintiff has been subjected to any discrimination whatsoever.  Defendant is without sufficient knowledge as to the truth or falsity of the remaining allegations contained therein and, therefore, denies said allegations.

14.    In response to paragraph numbered 14 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations contained therein, and, therefore denies said allegations.

15.    In response to paragraph numbered 15 of the Second Amended Complaint, Defendant denies any violation of 42 U.S.C. §12181 *et. seq.*, and 28 C.F.R. §36.302 *et. seq.*  Defendant further denies that they have discriminated against Plaintiff in anyway.  Additionally, Plaintiff was only housed at the Broward County Jail for approximately twenty-four (24) hours, and then he was

3

CASE NO. 00-6088-CIV-DAVIS

released; therefore, Plaintiff is no longer at the facility and cannot presently be subjected to any alleged discrimination.  Therefore, Defendant denies the allegations.

16.     In response to paragraphs numbered 15(a) and 15(b) of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations in said paragraphs and, therefore, denies said allegations in both paragraphs.

17.     In response to paragraphs numbered 15(c) and 15(d) of the Second Amended Complaint, Defendant denies the allegations contained in said paragraphs.  Significantly, the District I Station has been relocated as of January 2000 and, therefore, Plaintiff's allegations are not applicable to the District's new facility.  Hence, Plaintiff cannot be granted any injunctive relief with regard to the previous District I station.

18.     In response to paragraphs numbered 15(e) through 15(l) of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations in said paragraphs and, therefore, denies said allegations in all paragraphs.

19.     In response to paragraph numbered 15(m) of the Second Amended Complaint, Defendant denies the allegations contained in said paragraph.  Since Plaintiff's arrest, the District I Station has been relocated; therefore, Plaintiff allegations are not applicable to the District's new facility, and injunctive relief is impossible.

20.     In response to paragraphs numbered 15(n) through 15(0)(xv) of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations in said paragraphs and, therefore, denies said allegations in all paragraphs.

21.     In response to paragraph numbered 16 of the Second Amended Complaint, Defendant

4

CASE NO. 00-6088-CIV-DAVIS

denies the allegations contained in said paragraph.

22.     In response to paragraph numbered 17 of the Second Amended Complaint, Defendant denies said allegations.

23.     In response to paragraph numbered  18 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations in said paragraph and, therefore, denies said allegations.

24.     In response to paragraph numbered 19 of the Second Amended Complaint, Defendant denies said allegations.

25.     In response to paragraph numbered 20 of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to recover any attorney fees, costs or expenses as a result of this action.

26.     In response to paragraph numbered 21 of the Second Amended Complaint, Defendant denies that this Court has jurisdiction over the subject matter of this action and further denies that Plaintiff is entitled to any relief, including injunctive relief.

27.     In response to the WHEREFORE clause, including sub-sections (a)-(g), following paragraph numbered 21 of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief requested therein.

28.     In response to paragraph numbered 22 of the Second Amended Complaint, Defendant incorporates by reference, its responses to paragraphs numbered 1 through 5 of the Amended Complaint.

CASE NO. 00-6088-CIV-DAVIS

29.    In response to paragraph numbered 23 of the Second Amended Complaint, Defendant admits that Plaintiff is attempting to bring this action pursuant to the statutory provisions cited in said paragraph but, Defendant denies that Plaintiff is entitled to any relief thereunder.

30.    In response to paragraph numbered 24 of the Second Amended Complaint, Defendant admits that Plaintiff cites to statutory provisions but, denies any applicability here.

31.    In response to paragraph numbered 25 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations of said paragraph and, therefore, denies said allegations.

32.    In response to paragraph numbered 26 of the Second Amended Complaint, Defendant denies the allegations contained in said paragraph

33.    In response to paragraph numbered 27 of the Second Amended Complaint, Defendant denies any violation of the Rehabilitation Act and further denies that Plaintiff has been discriminated against in anyway.  Additionally, Defendant asserts that he is without sufficient knowledge as to the truth or falsity of the allegations regarding discrimination of "other similarly situated" individuals and, therefore, denies said allegations.

34.    In response to paragraphs numbered 27(h) through 27(o) of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations of said paragraphs and, therefore, denies said allegations in all paragraphs.

35.    In response to paragraph numbered 28 of the Second Amended Complaint, Defendant denies the allegations contained in said paragraph

36.    In response to paragraphs numbered 28(a) through 28(cc) of the Second Amended

6

CASE NO. 00-6088-CIV-DAVIS

Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations of said paragraphs and, therefore, denies said allegations in all paragraphs.

37.     In response to paragraph numbered 29 of the Second Amended Complaint, Defendant denies said allegations.

38.     In response to paragraph numbered 30 of the Second Amended Complaint, Defendant is without sufficient knowledge as to the truth or falsity of the allegations of said paragraph and, therefore, denies said allegations.

39.     In response to paragraph numbered 31 of the Second Amended Complaint, Defendant denies the occurrence of any discrimination against the Plaintiff and, therefore, denies that Plaintiff is entitled to any remedy or relief.  Since Plaintiff's arrest, the District I Station has been relocated; therefore, Plaintiff's allegations are not applicable to the District's new facility, and injunctive relief is impossible.

40.     In response to paragraph numbered 32 of the Second Amended Complaint, Defendant denies the allegations contained therein.

41.     In response to paragraph numbered 33 of the Second Amended Complaint, Defendant denies the allegations contained therein and further denies that Plaintiff is entitled to any remedy or relief.

42.     In response to paragraph numbered 34 of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief requested therein and further denies that this Court has jurisdiction over this subject matter.

43.     In response to the "WHEREFORE" clause, including sub-sections (a)-(g), following

7

CASE NO. 00-6088-CIV-DAVIS

CASE NO. 00-6088-CIV-DAVIS

paragraph numbered 34 of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief requested therein. Since Plaintiff's arrest, the District 1 Station has been relocated; therefore, Plaintiff allegations are not applicable to the District's new facility, and injunctive relief is impossible.

WHEREFORE, having fully answered the Second Amended Complaint filed herein, Defendant states the following Affirmative Defenses to this action:

<u>**AFFIRMATIVE DEFENSES**</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

44.     As his first affirmative defense, Defendant asserts that Plaintiff has failed to exhaust administrative remedies before bringing this action.

<u>SECOND AFFIRMATIVE DEFENSE</u>

45.     As his second affirmative defense, Defendant asserts that Plaintiff has failed to allege all of the necessary elements for the claims set forth in the Second Amended Complaint. Accordingly, the Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

<u>THIRD AFFIRMATIVE DEFENSE</u>

46.     As his third affirmative defense, Defendant asserts that those allegations which are outside of the applicable statue of limitations are barred, as untimely.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

47.     As his fourth affirmative defense, Defendant asserts that the County and/or another entity owns the jails and/or police stations located within Broward County. The Sheriff does not

8

CASE NO. 00-6088-CIV-DAVIS

own the facilities and lacks the requisite authority or control over the construction, remodeling or capital structure of any Broward jail and/or police station.

## FIFTH AFFIRMATIVE DEFENSES

48.    As his fifth affirmative defense, Defendant asserts that he has no duty to inspect in the manner pursuant to the allegations of the Second amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

49.    As his sixth affirmative defense, Defendant asserts that Plaintiff is no longer incarcerated at the Broward County jail; therefore, in accordance with applicable Eleventh Circuit precedent, all of his requests for injunctive relief are moot. *See* McKinnon v. Talladega County, Ala., 745 F.2d 777, 780 (11th Cir. 1985).

## SEVENTH AFFIRMATIVE DEFENSE

50.    As his seventh affirmative defense, Defendant asserts that Plaintiff has failed to allege or demonstrate intentional discrimination or bad faith, as required by the Eleventh Circuit, in order to recover compensatory damages under the Rehabilitation Act or the ADA.  Plaintiff is precluded from receiving compensatory damages. *See* Wood v. President & Trustees of Spring Hill College, 978 F.2d 1214, 1219-20 (11th Cir. 1992).

## EIGHTH AFFIRMATIVE DEFENSE

51.    As his eighth affirmative defense, Defendant asserts that the District I police station was relocated in January of 2000, to 3201 W. Hallandale Beach Blvd., Hallandale, Florida. Therefore, since the time of Plaintiff's arrest, BSO's District I Station has been relocated. Accordingly, Plaintiff cannot be granted any injunctive relief because District I is no longer the same

9

CASE NO. 00-6088-CIV-DAVIS

facility that Plaintiff names in his Amended Complaint and this claim must be stricken because it fails to state any claim upon which relief can be granted. Moreover, Plaintiff should have conducted a reasonable investigation prior to filing suit and should have discovered that his claims, particularly as to District 1 are moot. Plaintiff's claims are frivolous and warrant sanctions in favor of a governmental agency.

NINTH AFFIRMATIVE DEFENSE

52.   As his ninth affirmative defense, Defendant asserts that Plaintiff has failed to allege any specific discrimination or discriminatory treatment that he was subjected to or a specific program, activity or service of a Broward County jail or police station for which he was prohibited from benefitting or participating in. Moreover, Plaintiff has failed to identify how he is likely to be discriminated against in the future as Plaintiff is not currently under arrest. Accordingly, a key element of Plaintiff's *prima facie* case is lacking and his Second Amended Complaint should be dismissed.

TENTH AFFIRMATIVE DEFENSE

53.   As his tenth affirmative defense, Defendant asserts that Plaintiff has failed to establish why he requires any auxiliary aides and/or services. Moreover, Defendant further asserts that Plaintiff has failed to prove that he requires special accommodations, as an individual with a vision and/or hearing impairment.

ELEVENTH AFFIRMATIVE DEFENSE

54.   As his eleventh affirmative defense, Defendant asserts that Plaintiff was only housed at the jail for one day or approximately twenty-four (24) hours and, therefore, was not entitled to

10

CASE NO. 00-6088-CIV-DAVIS

certain privileges and benefits that are only afforded to long-term inmates.

### TWELFTH AFFIRMATIVE DEFENSE

55.    As his twelfth affirmative defense, Defendant asserts that the BSO and the jails that it operates are not equipped for or required to provide care to a disabled inmate's service dog. Ultimately, the jail has certain safety and security issues to consider and the presence of a potentially violent dog, like a Doberman, could prove harmful to fellow inmates or jail employees.

### THIRTEENTH AFFIRMATIVE DEFENSE

56.    As his thirteenth affirmative defense, Defendant asserts that because of its heightened level of security and monumental concern for the protection of the public, jail inmates and jail employees, certain areas of Broward County jails and/or police stations only permit access to jail employees and are, therefore, not accessible to the public.

### FOURTEENTH AFFIRMATIVE DEFENSE

57.    As his fourteenth affirmative defense, Defendant asserts that the BSO has specific policies and procedures for the accommodation of its disabled inmates.

### FIFTEENTH AFFIRMATIVE DEFENSE

58.    As his fifteenth affirmative defense, Defendant asserts that Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted, as Plaintiff has not identified any injury suffered as a result of his alleged discrimination.

### SIXTEENTH AFFIRMATIVE DEFENSE

59.    As his sixteenth affirmative defense, Defendant asserts that sub-contracted medical personnel are responsible for making the medical decisions, including prescriptions and

11

CASE NO. 00-6088-CIV-DAVIS

examinations, for all inmates; hence, these are not employees of the Sheriff and the Defendant has

no responsibility for this function.

## SEVENTEENTH AFFIRMATIVE DEFENSE

60.     As his seventeenth affirmative defense, Defendant asserts that Plaintiff's claims are

barred as to provisions/regulations that are only proposed and not implemented.

## EIGHTEENTH AFFIRMATIVE DEFENSE

61.     As his eighteenth affirmative defense, Defendant asserts that Plaintiff's Second

Amended Complaint should be dismissed, as the purpose of the ADA is to place those with

disabilities on an equal footing, not give them an unfair advantage or preferential treatment.

## NINETEENTH AFFIRMATIVE DEFENSE

62.     As his nineteenth affirmative defense, Defendant asserts that Plaintiff's Second

Amended Complaint should be dismissed because the jail does not constitute a service, program or

activity of Broward County.  Similarly, incarceration is not a program, service or activity of a public

entity within the meaning of the ADA.

## TWENTIETH AFFIRMATIVE DEFENSE

63.     As his twentieth affirmative defense, Defendant asserts that Plaintiff has failed to

allege how the BSO transportation provided to its disabled inmates is inadequate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

64.     As his twenty-first affirmative defense, Defendant asserts that the arresting of a

disabled individual is not a type of service, program or activity from which a disabled person could

be excluded from or otherwise denied the benefit of.  Moreover, Plaintiff does not allege that he was

CASE NO. 00-6088-CIV-DAVIS

arrested because of his disability. Accordingly, absent a causal link between the Plaintiff's disability and an alleged injury, Plaintiff's allegations are deficient and his Second Amended Complaint warrants dismissal.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

65.    As his twenty-second affirmative defense, Defendant asserts that the modifications suggested by Plaintiff will put an undue hardship and potentially jeopardize the security and purpose of the jail and police stations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

66.    As his twenty-third affirmative defense, Defendant asserts that Plaintiff has failed to allege how or why he is likely to be subjected to an arrest/incarceration in the future.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

67.    As his twenty-fourth affirmative defense, Defendant asserts that Plaintiff's allegations regarding parking are irrelevant, as inmates, including Plaintiff, are transported to the jail facility.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

66.    As his twenty-fifth affirmative defense, Defendant asserts that Plaintiff has failed to allege how or why he is eligible for the programs or activities which he claims to have been denied.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

67.    As his twenty-sixth affirmative defense, Defendant asserts that facilities are maintained which have the requisite accommodations for disabled inmates under the applicable law.

WHEREFORE, having fully answered the Second Amended Complaint herein and having raised affirmative defenses thereto, Defendant requests that the instant action be summarily

13

dismissed and that Defendant be awarded costs and reasonable attorney fees incurred in the defense hereof.

Respectfully submitted,

Law Offices of Carmen Rodriguez, P.A.
Carmen Rodriguez, P.A.
9130 S. Dadeland Boulevard
Two Datran Center, Suite 1109
Miami, Florida 33156
Ph: (305) 670-8400

By: _____
Carmen Rodriguez
Florida Bar No. 710385

_____
Bari L. Goldstein
Florida Bar No. 0152900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Stephen M. Cody, Esquire, Attorney for Plaintiffs, 16610 S.W. 82nd Court, Miami, Florida, and to Beth-Ann Herschaft, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Fort Lauderdale, Florida 33301 this 7th day of April, 2000.

_____
Bari L. Goldstein

14