# United States District Court
## Southern District of Florida
### Miami Division

Case No. 00-6088 - CIV - DAVIS

Magistrate Judge Brown

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as
Sheriff of Broward County, Florida, and the
BROWARD COUNTY COMMISSION,

    Defendants.

---

### REPLY TO AFFIRMATIVE DEFENSES OF DEFENDANT KEN JENNE, IN HIS OFFICIAL CAPACITY AS SHERIFF OF BROWARD COUNTY, FLORIDA

Plaintiff FREDERICK A. SHOTZ replies to the affirmative defenses of Defendant KEN JENNE, in his official capacity as Sheriff of Broward County, Florida, as follows:

1. As to his first affirmative defense, Plaintiff replies that there are no administrative remedies that must be exhausted prior to bringing an action under Title II of the Americans with Disabilities Act ("ADA") or the Rehabilitation Act.

2. As to his second affirmative defense, Plaintiff denies the defense.

3. As to his third affirmative defense, Plaintiff denies the defense.

4. As to his fourth affirmative defense, Plaintiff would reply that the Sheriff has the authority under state law to both operate the jail and to seek the appropriate of funds for capital improvement, including alterations of facilities from Defendant Broward County Jail. Pursuant



to Order from this Court, both Defendants could make all of the necessary improvements and modifications to make the existing County Jail and District I substation fully compliant.

5.  As to his fifth affirmative defense, Plaintiff would reply that under Title II of the ADA, the Sheriff and his department had an obligation to conduct a thorough review of the programs and services offered by the BSO and to determine whether there were any barriers to accessibility and to prepare a Transition Plan which would include ways to alleviate the barriers to accessibility. In addition, the Sheriff and the BSO have an ongoing duty to review the programs and services conducted by the BSO and the facilities those programs and services are offered in to insure program accessibility. In light of the violations alleged in the Second Amended Complaint, the Sheriff and the BSO have either not conducted an initial review and drafted a Transition Plan, or failed to perform a period review of barriers to accessibility.

6.  As to his sixth affirmative defense, Plaintiff would reply that the Broward County Jail is a short term prisoner holding facility. Since no prisoner is held for more than 364 days, and since most federal civil cases take more than one year to move from initial filing to final judgment, applying the rationale of this affirmative defense means that no prisoner could seek injunctive relief. To accept the defense would put the County Jail and the BSO in a position where the claim of Plaintiff and the similar claims of others are capable of repetition, but evades review.

7.  As to his seventh affirmative defense, Plaintiff replies that the Sheriff and the BSO and the County are required under Title II of the ADA and the Rehabilitation Act to provide a minimum level of accommodation to persons with disabilities at the Broward County Jail. Both the Sheriff and the County are required to conduct a review of programs and services and facilities but have failed to conduct such a review. Neither the BSO or the County can hide behind their failure to abide by their statutory duty as defense.

8.  As to his eighth affirmative defense, Plaintiff denies the defense and demands proof thereof.

9. As to his ninth affirmative defense, Plaintiff denies the defense and demands proof thereof.

10. As to his tenth affirmative defense, Plaintiff would reply that the defense raises issues of proof to be established at trial, not an avoidance of the claim asserted in the Second Amended Complaint.

11. As to his eleventh affirmative defense, Plaintiff would reply that there are no minimal time requirements in order to give a person a right of private action under the ADA or the Rehabilitation Act.

12. As to his twelfth affirmative defense, Plaintiff would reply that the BSO and the County has a duty has a duty to reasonably accommodate him. If the BSO and the County were not going to permit him to bring his service animal with him, it has a duty to provide alternative auxiliary aides, which Defendants failed to do.

13. As to his thirteenth affirmative defense, Plaintiff would reply that the BSO and the County have a duty to provide the programs and services at the Jail in an accessible setting or, in the alternative, to provide equivalent programs and services at an accessible location.

14. As to his fourteenth affirmative defense, Plaintiff would reply that if the BSO "has specific policies and procedures for the accommodation of its disabled inmates," then either the policies and procedures do not address persons with the disabilities that Plaintiff has or they were not followed in his case.

15. As to his fifteenth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

16. As to his sixteenth affirmative defense, Plaintiff would reply that the BSO has certain obligations to provide medical care to persons with disabilities and not to discriminate in its provision to persons with disabilities and may not avoid those obligations by contracting with a third party for the provision of medical care to Plaintiff and others with disabilities.

17. As to his seventeenth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

18. As to his eighteenth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

19. As to his nineteenth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

20. As to his twentieth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

21. As to his twenty-first affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

22. As to his twenty-second affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

23. As to his twenty-third affirmative defense, Plaintiff would reply that the defense raises issues of proof to be established at trial, not an avoidance of the claim asserted in the Second Amended Complaint.

24. As to his twenty-fourth affirmative defense, Plaintiff would reply that inmates are, hopefully, released from the Broward County Jail and released inmates with disabilities are entitled to access accessible parking.

25. As to his twenty-fifth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

26. As to his twenty-sixth affirmative defense, Plaintiff denies the defense and demands strict proof thereof.

STEPHEN M. CODY, ESQ.
16610 SW 82nd Court
Miami, FL 33157-3604
Telephone (305) 233-8073
Telecopier (305) 251-5713

Florida Bar No. 334685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Beth-Ann Herschaft, Assistant County Attorney, Broward County, 115 S. Andrews Avenue, Room 423 Ft. Lauderdale, FL 33301 and To Bari L. Goldstein, Esq., Law Office Of Carmen Rodriguez, 9130 S Dadeland Blvd, Suite 1109, Miami FL 33156-7848 this April 14, 2000.