UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ          CASE NO. 00-6088-CIV-DAVIS

    Plaintiff,            Magistrate Judge Brown

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

    Defendants.
_____/

### DEFENDANT, BSO'S, MOTION TO STRIKE PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES OF DEFENDANT

Defendant, Ken Jenne, in his official capacity as Sheriff of Broward County (hereinafter "BSO"), through his counsel, Carmen Rodriguez, P.A., hereby files this Motion to Strike Plaintiff's Reply to Affirmative Defenses of Defendant, BSO, and in support thereof, states as follows:

1. On April 14, 2000, counsel for the Plaintiff filed a Reply to the Affirmative Defenses provided by Defendant, BSO.

2. There exists no provision in the Rules of Court governing practice in federal court, for the filing of such a pleading.

3. Therefore, in accordance with Fed. R. Civ. P. 7(a), Plaintiff's Reply to Defendant's Affirmative Defenses should be stricken.

WHEREFORE, Defendant, BSO, respectfully requests that this Court grant Defendant's Motion to Strike and, subsequently, strike Plaintiff's Reply to Defendant, BSO's, Affirmative



Defenses.

## Argument

In Fla. R. Civ. P. 1.100(a), the following is stated in regards to permissible pleadings in state court: "there shall be a complaint or, when so designated by a statute or rule, a petition, and an answer to it; .... If an answer or third party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance. No other pleading shall be allowed." Fla. Civ. R. P. 1.100(a). Hence, when practicing in state court, a party seeking to avoid an affirmative defense of the opposing party, is permitted to file a Reply.

Conversely, however, as the case at bar is proceeding in Federal Court, the parties are governed by the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 7(a), the rules of federal court explicitly identify which pleadings can be permissibly filed by the parties. "There shall be a complaint and an answer; a reply to a counter-claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a thirty-party complaint is served." Fed R. Civ. P. 7(a). More significantly, however, is the fact that the rule further specifies that, "[n]o other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." Id. Therefore, in accordance with Fed. R. Civ. P. 7(a), only upon Order of the Court, may a party file a Reply to an answer by the opposing party.

Nonetheless, on April 14, 2000, in the case at bar, Plaintiff filed a Reply to Defendant, BSO's, Answer and Affirmative Defenses. Accordingly, Defendant, BSO, respectfully requests that the Court strike Plaintiff's Reply, as it was filed in violation of Fed. R. Civ. P. 7(a).

Respectfully submitted,

Law Offices of Carmen Rodriguez, P.A.
Carmen Rodriguez, P.A.
9130 S. Dadeland Boulevard
Two Datran Center, Suite 1109
Miami, Florida 33156
Ph: (305) 670-8400

By: _____
Carmen Rodriguez
Florida Bar No. 710385

_____
Bari L. Goldstein
Florida Bar No. 0152900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Stephen M. Cody, Esquire, Attorney for Plaintiffs, 16610 S.W. 82nd Court, Miami, Florida, and to Beth Ann Herschaft, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Fort Lauderdale, Florida 33301 this 21st day of April, 2000.

_____
Bari L. Goldstein