**NIGHT BOX**
**FILED**

APR 2 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  00-6088 CIV-DAVIS

MAGISTRATE JUDGE BROWN

FREDERICK A. SHOTZ,

      Plaintiff,

v.

KEN JENNE, in his official capacity as Sheriff
of Broward County, Florida, et al.

      Defendant.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT
BROWARD COUNTY'S MOTION TO DISMISS, MOTION TO STRIKE, AND
MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff FREDERICK A. SHOTZ, by and through his undersigned counsel, responds to

the Motion to Dismiss Second Amended Complaint, Motion to Strike, or, in the Alternative,

Motion for a More Definite Statement of Defendant Broward County, Florida.

**I.**     **THE MOTION TO DISMISS SHOULD BE DENIED.**

Broward County has moved this Court for an Order of dismissal of the Second Amended

Complaint.  The County specifically states Counts I and II "fail to allege any statutory or other

legal basis upon which the County can be held liable for his claims."  The Second Amended

Complaint alleges that Ken Jenne, in his official capacity as the Broward Sheriff, and Broward

*Shotz v. Ken Jenne, as Sheriff of*
*Broward County, Florida*
Case No.: 00-6088-CIV-DAVIS

County, own and/or operate the Broward County Jail and the District I station. The Second

Amended Complaint specifically alleges

> This Court has original jurisdiction over this action pursuant to 28
> U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 28
> U.S.C. §§12181, et seq., based on Defendants' violations of Title II
> of the Americans with Disabilities Act ("ADA"), 42 U.S.C.
> §12131-12134 and 28 U.S.C. §§2201 and 2202. This Court also
> has original jurisdiction over this action pursuant to 28 U.S.C.
> §§1331 and 1343 for Plaintiff's claims arising under 29 U.S.C.
> §794 based on Defendant's violations of Section 504 of the
> Rehabilitation Act.

Second Amended Complaint, ¶ 1. Further, the Complaint alleges the statutory basis for an action

under Title II of the ADA.[1]  Finally, Count I of the Second Amended Complaint begins: "The

defendants are in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq., and are

discriminating against the Plaintiff at the Broward County Jail by failing to ...", and concludes

---

[1] The Second Amended Complaint alleges:

> 13.     The Defendants have discriminated against the Plaintiff by denying him
> full and equal enjoyment of benefits of a service, program, or activity conducted
> by public entities as prohibited by 42 U.S.C. §12131 et seq., and by failing to
> remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where
> such removal is readily accessible and by failing to furnish auxiliary aids to
> persons with vision and hearing impairments.

> 14.     Pursuant to the mandates of 42 U.S.C. §12134(a), the Department of
> Justice, Office of Attorney General, promulgated federal regulations to
> implement the requirements of the ADA.  28 C.F.R. Part 35 and ADA Standards
> for Accessible Design, 28 C.F.R. Part 36, Appendix A (hereinafter referred to as
> "ADAAG").

*Shotz v. Ken Jenne, as Sheriff of*
*Broward County, Florida*
Case No.: 00-6088-CIV-DAVIS

with a list of alleged violations of the ADA. Second Amended Complaint, ¶ 15. The Second

Amended Complaint alleges a prima facie claim under Title II of the ADA.

Count II of the Second Amended Complaint states a cause of action for violating section

504 of the Rehabilitation Act. The County alleges that Count II of the Complaint fails to state a

cause of action "because COUNTY, a named Defendant, is neither a 'program or activity' of a

local government, as defined by section 504 of the Rehabilitation Act, which is receiving federal

assistance." However, the Second Amended Complaint provides:

> 23.    Plaintiff brings this action against the Defendants based on section 504 of
> the Rehabilitation Act, 29 U.S.C. §794, et seq.
>
> 24.    Section 504 provides, in relevant part:
>
>> no otherwise qualified individual with a disability in the
>> United States ... shall, solely by reason of his or her
>> disability, be excluded from the participation in, be denied
>> the benefits of, or be subjected to discrimination under any
>> program or activity receiving Federal financial assistance
>> or under any program or activity by an Executive agency or
>> by the United States Postal Service. (29 U.S.C. §794).
>
> 25.    Defendants receive Federal financial assistance for the operation of the
> BSO, the Broward County Jail, and/or Broward County.
>
> 26.    The Defendants have violated the Rehabilitation Act by intentionally
> excluding Plaintiff, solely by reason of his disability, from the participation in,
> and denying him the benefits of, and have otherwise subjected him to
> discrimination under the defendants' programs and activities.

*Shotz v. Ken Jenne, as Sheriff of*
*Broward County, Florida*
Case No.: 00-6088-CIV-DAVIS

The Second Amended Complaint then details a number of architectural defects at the Broward

County Jail and the District I station that constitute the violation of the Rehabilitation Act.

Clearly, the pleading sets forth a prima facie claim for violation of Section 504.

## II.      THE MOTION FOR MORE DEFINITE STATEMENT SHOULD BE DENIED.

The County points to a number of paragraphs in the Second Amended Complaint to which

it would like more information.  However, the approach taken by the County is misplaced. A

motion for more definite statement is designed to cure a complaint which is unintelligible, rather

than one simply lacking in detail which can be determined through discovery. *Sun Co. Inc. v.*

*Badger Design & Constructors. Inc.*, 939 F.Supp. 365 (E.D. Pa. 1996); *Resolution Trust Corp. v.*

*Dean.* 854 F.Supp. 626 (D. Ariz. 1994); Cox v. *Marine Maritime Academy*, 122 F.R.D. 115 (D.

Me. 1988). Such a motion is addressed to the sound discretion of the court and should not be

granted unless the complaint is so vague or ambiguous that the opposing party cannot reasonably

be expected to respond to it, even by simple denial. And, the motion should not be used to test

the opponent's case by requiring him/her to allege certain facts or to retreat from his/her

allegations. *Elliott v. Sherwood Manor Mobile Home Park*, 947 F.Supp.1574 (M.D. Fla. 1996);

Pucci v. *USAir*, 940 F.Supp. 305 (M.D. Fla. 1996); *Hicks v. Arthur.* 843 F.Supp. 1380 (E.D. Pa.

1994); *Resolution Trust Corp. v. Thomas.* 837 F.Supp.354 (D. Kam. 1993); A.G. *Edwards &*

*Sons. Inc. v. Smith.* 736 F.Supp. 1030 (D. Ariz. 1989); *Duracell. Inc. v. SW Consultants. Inc.*,

*Shotz v. Ken Jenne, as Sheriff of*
*Broward County, Florida*
Case No.: 00-6088-CIV-DAVIS

F.R.D. 571 (N.D. Ga. 1989); *McDougall v. Donovan*, 552 F.Supp. 1206 (D.C. Ill. 1982); *Choat v. Rome Industries. Inc.*, 480 F.Supp. 387 (D.C. Ga. 1979); *Robinson v. Penn Cent. Co..* 336 F.Supp. 658 (D.C. P.A. 1971).

The threshold of sufficiency a complaint must meet to survive a motion for more definite statement is exceedingly low, and in light of liberal federal discovery, motions for more definite statement are viewed with disfavor and rarely granted. *Erickson v. Hunter.* 932 F.Supp. 1380 (M.D. Fla. 1996), *Radisson Hotels Intern. Inc. v. Westin Hotel Co..* 931 F.Supp. 638(D. Minn. 1996); *In re Friedman's Exp. Inc.*, 184 B.R 229 (Bkrtcy. E.D. Pa.1995); *Sagan v. Apple Computer. Inc.*, 874 F.Supp. 1072 (C.D. Cal.1994); *Weiszman v. Kirkland and Ellis.* 732 F.Supp.1540 (D. Colo. 1990); *Frederick v. Koziol.* 727 F.Supp. 1019 (E.D. Va. 1990); *Baxal v. Belford Trucking Co.. Inc.*, 442 F.Supp. 1089 (D.C. Fla. 1977). Whatever questions the County has can be addressed by discovery.

Finally, a motion for more definite statement should only be granted "if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." "In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rues of Civil Procedure, pursuant to which a 'short and plain statement of the claim will suffice.'" *Betancourt v. Marine Cargo Management. Inc.*, 930 F.Supp. 606, 608 (S.D.

*Shotz v. Ken Jenne, as Sheriff of*
*Broward County, Florida*
Case No.: 00-6088-CIV-DAVIS

Fla.1996) (quoting Fed. R.Civ.P. 8|a||2| and 12|e|). It is silly for the defendant to suggest the

subject Complaint is vague or ambiguous.

## III.    THE MOTION TO STRIKE SHOULD BE DENIED.

Rule 12(f) of the Federal Rules of Civil Procedure provides, upon motion by a party or

upon the court's own initiative, that "the court may order stricken any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." The County seeks to strike several

paragraphs that it either disputes or concludes, by themselves, fail to state a cause of action.

The Rule is focused on striking material that in order to avoid the time, effort, and money

necessary to litigate spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2w 1524, 1527 (9th Cir.

1993), rev'd on other grounds ____ U.S. ___, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994);

*Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F.Supp. 1279 (D.Del. 1995). However, a

motion to strike is disfavored by the courts. *Borieri v. Fiat S.pA.*, 763 F.2d 17, 23 (9th Cir. 1985).

The burden is on the moving party to demonstrate that the challenged allegation are unrelated to

the pleader's claim and that the moving party must show how the moving party is prejudiced if

the allegations were to remain unstricken. *FDIC v. Wise*, 758 F.Supp. 1414 (D. Colo. 1991).

The County has failed to meet its burden and it motion to strike should be denied.

*Shotz v. Ken Jenne, as Sheriff of*
*Broward County, Florida*
Case No.: 00-6088-CIV-DAVIS

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant's Motion to

Dismiss the Complaint, Motion to Strike, or, in the Alternative, Motion for a More Definite

Statement, and grant such further relief as this Court deems equitable and just.

> STEPHEN M. CODY, ESQ.
> 16610 SW 82nd Court
> Miami, FL 33157-3604
> Telephone (305) 233-8073
> Telecopier (305) 251-5713

Florida Bar No. 334685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Beth-

Ann E. Hershaft, Esq., Assistant County Attorney, Broward County, 115 S. Andrews Avenue,

Room 423 Ft. Lauderdale, FL 33301 and to Bari L. Goldstein, Esq., Law Office Of Carmen

Rodriguez, 9130 S Dadeland Blvd # 1109, Miami FL 33156-7848 this April 24, 2000.