UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and BROWARD COUNTY, FLORIDA,

    Defendants.
_____/

CASE NO. 00-6088-CIV-DAVIS

Magistrate Judge Brown

**NIGHT BOX FILED**

MAY -2 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### DEFENDANT, BROWARD COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendant BROWARD COUNTY (hereinafter referred to as "COUNTY"), by and through its undersigned counsel, and pursuant to Local Rule 7.1.C., S.D. Fla. L.R., replies to Plaintiff, FREDERICK SHOTZ' (hereinafter referred to as 'SHOTZ') Response to COUNTY's Motion to Dismiss, Motion to Strike or, in the Alternative, Motion for More Definite Statement. In support of this Reply, COUNTY states as follows:

1. On April 6, 2000, COUNTY filed a Motion to Dismiss, Motion to Strike or, in the Alternative, Motion for More Definite Statement in response to service of Plaintiff's Second Amended Complaint.



CASE NO. 00-6088-CIV-DAVIS

2. On April 24, 2000, Plaintiff's counsel filed a Response to Defendant BROWARD COUNTY's Motion to Dismiss, Motion to Strike or, in the Alternative, Motion for More Definite Statement.[1]

3. Within his Response to the Motion to Dismiss, SHOTZ has failed to refute COUNTY's contentions that Count I of the Second Amended Complaint contains no allegations of how *COUNTY* discriminated against Plaintiff by denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity at the Broward County Jail.

4. Within his Response to the Motion to Dismiss, SHOTZ has failed to refute COUNTY's contention that Count I of the Second Amended Complaint contains no allegations of how *COUNTY* discriminated against Plaintiff by denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity at the District I facility.

5. Within his Response to the Motion to Strike, SHOTZ has failed to state how paragraph sixteen (16), an incomplete sentence, is related to the pleader's claim, or how such incomplete sentence states a claim upon which relief can be granted.

---

[1] COUNTY wishes to point out that the only pleading permitted by Local Rule 7.1.C. S.D. Fla. L.R., is a Memorandum of Law, not a Response. Additionally, even had Plaintiff filed the requisite Memorandum, it would have been due not later than ten (10) days after service of the motion as computed in the Federal Rules of Civil Procedure. Here, Plaintiff failed to comply with the time limit imposed by the aforementioned Rule, by filing his Response on April 24, 2000.

CASE NO. 00-6088-CIV-DAVIS

6. Within his Response to the Motion to Strike, SHOTZ has failed to refute COUNTY's contention that, by employing the language *"and others similarly situated,"* Plaintiff is attempting to file a class action suit in Count II of the Second Amended Complaint under the Rehabilitation Act, without complying with Local Rule 23.1, S.D. Fla. L.R.

7. Within his Response to the Motion to Strike, SHOTZ has not enumerated any facts or binding precedent refuting COUNTY's contention that Plaintiff is not entitled to declaratory and injunctive relief.

8. Within his Response to the Motion to Strike, SHOTZ has not enumerated any facts or binding precedent refuting COUNTY's contention that Plaintiff has failed to state a claim for compensatory damages.

9. Within his Response to the Motion to Strike, SHOTZ has failed to provide any controlling precedent refuting COUNTY's contention that Plaintiff has failed to state a claim for injunctive relief.

10. Within his Response to the Motion for More Definite Statement, Plaintiff has failed to refute any of COUNTY's contentions that more information is needed in order to determine if SHOTZ has standing to allege, in Count I of the Second Amended Complaint, that COUNTY has not complied with laws regulating accommodations for visually or aurally impaired persons.


CASE NO. 00-6088-CIV-DAVIS

11. Within his Response to the Motion for More Definite Statement, SHOTZ has failed to state any fundamental facts refuting COUNTY's contention, throughout the Second Amended Complaint, that Plaintiff has not shown a nexus between his laundry list of disparate claims and any alleged injuries he may have sustained as a result of *COUNTY's* conduct.

WHEREFORE, Defendant BROWARD COUNTY respectfully requests that this Court grant Defendant's Motion to Dismiss, Motion to Strike or, in the Alternative, Motion for More Definite Statement.

## Memorandum of Law

### A.1. Response to Motion to Dismiss

In his Response to the Motion to Dismiss, Plaintiff claims that he has specifically alleged violations of Title II of the Americans with Disabilities Act of 1990 (hereinafter referred to as "ADA") in the ownership, operation, and maintenance of both the Broward County Jail and the District I Station, by both Defendant KEN JENNE, in his official capacity as Sheriff of Broward County, Florida (hereinafter referred to as "Sheriff"), and COUNTY. SHOTZ further contends that both Defendants have discriminated against him by denying him full and equal enjoyment of benefits of a service, program, or activity conducted by a public entity at both facilities.

As a matter of law, the ADA defines a public entity as any department, agency, special purpose district, or other instrumentality of a State or local government. <u>Randolph</u>

CASE NO. 00-6088-CIV-DAVIS

v. Rodgers, 170 F. 3d 850, 857 (8th Cir. 1992)(citations omitted). Clearly, that definition does not apply to COUNTY in this context. In addition, Florida law places the responsibility for maintenance and operation of the services, programs, and activities at the county jails upon the Sheriff in his capacity as Chief Correctional Officer. See F.S. § 951.061(1)(1997). See also BROWARD COUNTY, FL. ORDINANCES ch. 18, § 18.01 (1987); Baugher v. Alachua County, 305 So. 2d 838 (Fla. 1st DCA 1975). Hence, SHOTZ still has not stated a claim against COUNTY upon which relief can be granted.

Moreover, Plaintiff's contention that he has stated a claim against COUNTY in Count II of the Second Amended Complaint is without merit. In Count II, SHOTZ alleges violations of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, as amended, (hereinafter "Rehabilitation Act") by both Defendants. That portion of the Rehabilitation Act defines programs and activities as all of the operations of a department, agency, special purpose district, or *other instrumentality* of a State or local government. Randolph, 17- F. 3d at 857 (citations omitted). Under that definition, COUNTY is not a program or activity of a local government, which is receiving federal assistance.

Further, in both Counts of the Second Amended Complaint, SHOTZ has failed to state a claim against COUNTY for conduct at the District I station. Plaintiff has lumped both facilities together, despite the fact that COUNTY informed him, in its Motion, that COUNTY does not, and did not, own the District I station. The United States Supreme Court has ruled that a complaint may be dismissed for failure to state a claim where Plaintiff can prove

CASE NO. 00-6088-CIV-DAVIS

no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). SHOTZ simply cannot assign any responsibility for ownership, maintenance, or operation of the District I facility.

WHEREFORE, Defendant BROWARD COUNTY respectfully requests that this Court grant Defendant's Motion to Dismiss.

### A.2. Motion to Strike

In his Response to the Motion to Strike, SHOTZ states that the burden is on COUNTY "to demonstrate that the challenged allegations are unrelated to the pleader's claim, and that the moving party would be prejudiced if the allegations were to remain unstricken." For these propositions, SHOTZ cites to Federal Deposit Insurance Corporation v. Wise, 758 F. Supp. 1414 (D. Colo. 1991). However, the same authority states that, "[w]hile motions to strike may not be favored . . . , they should be granted when a defendant cannot reasonably be expected to frame a responsive pleading or to defend against those portions of the complaint." Id. at 1420 (citations omitted). Such terms are reiterated in Fed. R. Civ. P. 12(f).

Here, SHOTZ has presented the Defendants with an incomplete sentence as a claim; random language purporting to establish a class action suit in Count II; a legally insufficient claim for injunctive relief; and a legally insufficient claim for compensatory damages.

First, Plaintiff has failed to address COUNTY's contention that paragraph sixteen (16) of Count I is an incomplete sentence, which fails to state a claim upon which relief can be

CASE NO. 00-6088-CIV-DAVIS

granted. Pursuant to Fed. R. Civ. P. 12 (f), a court may strike any immaterial, impertinent, redundant, or scandalous matter. It is patently clear that a sentence which states that Defendants are "discriminating against the Plaintiff at the District I Station by failing to, *inter alia*, by January 26, 1992," cannot possibly allow COUNTY to frame either an adequate response or an appropriate defense to same.

Second, Plaintiff has failed to refute COUNTY's contention that the phrase "*and others similarly situated*," invokes an expectation of a class action suit. Assuming that to be true, SHOTZ has failed to comply with the requirements of Local Rule 23.1, S.D. Fla. L.R. concerning class actions. The Second Amended Complaint does not: (1) bear, the legend "Complaint-Class Action;" (2) contain a separate heading styled "Class Action Allegation," wherein the pertinent portions of Fed. R. Civ. P. 23 are referenced, alleged, and provided. Hence, that language should be stricken from Count II.

Third, Plaintiff did not refute COUNTY's contention that SHOTZ has failed to state a claim for injunctive relief. Because SHOTZ is requesting declaratory and injunctive relief at a time when he is no longer incarcerated, such claims are moot under binding authority. McKinnon v. Talladega County, Alabama, 745 F. 2d 1360, 1363 (11th Cir. 1984). Thus, this request is superfluous and immaterial.

Fourth, Plaintiff did not refute COUNTY's contention that SHOTZ had failed to state a claim for compensatory damages. To prevail on this request, Plaintiff would have had to prove intentional discrimination or bad faith under a theory of disparate treatment in a

CASE NO. 00-6088-CIV-DAVIS

Section 504 action in order to recover compensatory damages. <u>Wood v. President and Trustees of Spring Hill College in the City of Mobile</u>, 978 F. 2d 1214, 1219 (11th Cir. 1992). As Plaintiff failed to satisfy those elements, this prayer for relief is superfluous, immaterial, and irrelevant.

WHEREFORE, Defendant BROWARD COUNTY respectfully requests that this Court grant its Motion to Strike.

### A.3. Motion for More Definite Statement

In his Response to COUNTY's Motion to Dismiss, Plaintiff claims that COUNTY is looking for more information because certain paragraphs are lacking in detail. Detail is not the issue here; the Second Amended Complaint is lacking certain fundamental facts, to the extent that COUNTY cannot be expected to respond to it, even by simple denial.

To begin, Fed. R. Civ. P. 8 (a) requires that a complaint contain a short and plain statement of each of Plaintiff's claims. Without a statement that SHOTZ has standing to allege violations of accommodations for persons who are either visually or aurally impaired, COUNTY cannot frame a response or defense to those allegations. Standing is a preliminary issue in all federal cases, according to the United States Supreme Court. <u>Warth v. Seldin</u>, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). As required by law, SHOTZ has failed to allege: (1) a distinct and palpable injury; (2) a nexus between that injury and the Defendant's conduct; and (3) a substantial likelihood that the requested

CASE NO. 00-6088-CIV-DAVIS

relief will ameliorate the injury. See Mai Systems Corp. v. UIPS, 856 F. Supp. 538, 540 (N.D. Cal. 1994)(citations omitted).

Other claims within the Second Amended Complaint also fail to provide the Defendant with all the facts stating a legal claim, such as: (1) Plaintiff's claimed disability; (2) conduct of the COUNTY which impermissibly discriminated against SHOTZ' disability; (3) the occasion(s) upon which the purported discrimination occurred; and (4) what injury Plaintiff suffered as a result of the claimed discriminatory conduct. Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346 (D. Minn. 1995).

WHEREFORE, the Defendant BROWARD COUNTY respectfully requests that SHOTZ be required to make a more definite statement as to what conduct attributable to the COUNTY impermissibly denied access to the Plaintiff because of his disability under the ADA and the Rehabilitation Act, so that the COUNTY can frame a response and defenses to Plaintiff's Second Amended Complaint.

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Telecopier: (954) 357-7641

By: /s/ BETH-ANN E. HERSCHAFT
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail to Stephen M. Cody, Esquire, Attorney for Plaintiff, 16610 S.W. 82nd Court, Miami, Florida 33317-3604; and Bari Goldstein, Attorney for the Broward County Sheriff, Carmen Rodriguez, P.A., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this 2nd day of May, 2000.

By /s/ BETH-ANN E. HERSCHAFT
BETH-ANN E. HERSCHAFT
Assistant County Attorney

BAH/mm
gesh.shotz.reply.response
05/02/00
#00-0553