# United States District Court
Southern District of Florida
Miami Division

Case No. 00-6088 – CIV - DAVIS

Magistrate Judge Brown

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as Sheriff of Broward County, Florida, and BROWARD COUNTY, FLORIDA,

    Defendants.

## JOINT SCHEDULING AND STATUS REPORT

Pursuant to Rule 16 of the Federal Rules Of Civil Procedure and Local Rule 16.1(b) andthis Court's Order of April 21, 2000, the Parties hereby submit their Joint Scheduling and Status Report.

    1.    *Plaintiff's Statement of the Nature of Case:* Plaintiff claims the Broward County Jail violated Title II of the Americans with Disabilities Act (42 U.S.C. § 12115, et seq.) ("ADA"). Plaintiff dismisses all allegations regarding the District I station.

    2.    *Defendants' Statement of the Nature of Case:* This is an action brought by the Plaintiff under 42 USC § 12181, et. seq., and 29 U.S.C. §794, following his 26 hours of incarceration at the Broward County Jail. Specifically, Plaintiff alleges that Defendants are in violation of Title II of the ADA and §504 of the Rehabilitation Act in their operation and control of the jail.

    3.    *Plaintiff's Statement Whether the Case is Jury or Non-Jury:* This is an action seeking equitable relief under the ADA as well as damages under section 504 of the Rehabilitation Act. A jury will need to be impaneled to consider the damages portion of the case.



4.  *Defendant's Statement Whether the Case is Jury or Non-Jury:* Defendants assert that the provisions of law under which Plaintiff sues do not provide for trial by jury in the manner in which a trial by jury provision is required. *See Outlaw v. City of Dothan, Ala.*, 1993 WL 735802, *7 (M.D. Ala. 1993)(holding that the Eleventh circuit has not concluded that a Plaintiff suing under Title II of the ADA is entitled to a jury trial pursuant to the Civil Rights Act of 1991, as coidfied at 42 USC §1981a; therefore, the court applied the plain language of the statute and found no language granting the right to a jury tiral in Title II ADA cases, and subsequently granted a Motion to Strike Jury Demand, as it applied to the ADA and Rehabilitation Act.)

5.  *Summary of Plaintiffs' Claim:* Plaintiffs claim the defendants have discriminated against him and others similarly situated and violated the ADA by excluding him from participation in and/or be denied the benefits of the services, programs, or activities of defendants offered at the Broward County Jail, and/or subjecting him to discrimination by any such entity.

6.  *Summary of Defendants' Case:* Defendant, Sheriff Jenne, in his official capacity, denies any vioaltion of the ADA or Rehabilitation Act with regards to the Broward County Jail. Defendant Jenne presently has a Motion to Strike Plaintiff's Reply to Affirmative Defenses of Defendant. Defendant Broward County presently has pending before this Court a Motion to Dismiss, Strike, and for More Definite Statement.

7.  *Discovery Schedule:*

    A.  The Plaintiff has propounded written discovery in the form of interrogatories and requests for production. The Plaintiff also reserves the right to serve requests for admission and to take depositions as they deem necessary. The Defendants will propound written discovery in the form of interrogatories and requests for production and admissions. The Defendants also reserve the right to take depositions as they deem necessary.

    B.  The parties propose the following schedule:

        i.  Plaintiff has until August 1, 2000 to join additional defendants and amend the pleadings. Defendants have until September 1, 2000 to amend their pleadings.

        ii. Parties will exchange written lists of fact witnesses with addresses by September 1, 2000. Only those witnesses will be permitted to

        testify. Supplementations under Federal Rule of Civil Procedures 26(e) will be due as provided by the rule.

    iii.    Plaintiff will produce a written list of expert witnesses with all pertinent information by November 1, 2000. Supplementations under Federal Rule of Civil Procedures 26(e) will be due as provided by the rule.

    iv.    Defendants will produce a written list of expert witnesses with all pertinent information by November 15, 2000. Supplementations under Federal Rule of Civil Procedures 26(e) will be due as provided by the rule.

    v.    All expert witness discovery will be completed by December 1, 2000.

    vi.    Mediation must be completed by February 15, 2001.

    vii.    All dispositive pre-trial motions and memoranda of law must be filed by March 15, 2001.

    viii.    A joint pre-trial stipulation and any motions in limine must be filed pursuant to Rule 16.1.(E) by May 1, 2001.

    ix.    If applicable, final proposed jury instructions, together with proposed findings of fact and conclusions of law will be submitted, together with a courtesy copy on 3.5" diskette in WordPerfect format by June 1, 2001.

    x.    The parties will be available for a pre-trial conference on or about June 15, 2001.

    xi.    The parties will be available for trial in July 2001.

8. *Miscellaneous*

    A.    The parties are presently exploring settlement of this matter.

    B.    At this time, the only proposal for simplifying the issues of the case agreed to by the paries is the elimination of any allegations with regard to the District I substation.

    C.    The necessity of filing amendments to the pleadings is not known.

    D.    The parties anticipate that they will be able to stipulate to certain facts and to the authenticity of certain documents, after the close of discovery, and thereby avoid unnecessary proof.

    E.    The parties will work to pre-admit evidence in a uniform manner.

F. The parties are not presently aware of any unique issues which should be referred to a Special Master or Magistrate. The parties consent to a Magistrate Judge for final disposition of motions for discovery.

G. The parties believe the trial will require 5 days.

H. The Plaintiffs believe this matter should be set on the standard track.

I. Presently, the Parties do not foresee a strong likelihood of any appearance by additional parties in this action.

STEPHEN M. CODY, ESQ.
Attorney for Plaintiff
16610 SW 82nd Court
Miami, FL 33157-3604
Telephone (305) 233-8073
Telecopier (305) 251-5713

By: _____
Florida Bar No. 334685

EDWARD A. DION
COUNTY ATTORNEY FOR BROWARD COUNTY
115 S. Andrews Avenue, Room 423
Ft. Lauderdale, FL 33301
Telephone (954) 357-7600
Telecopier (954) 357-7641

By: _____
Beth-Ann E. Herschaft, Esq.
Florida Bar No. 010804

LAW OFFICE OF CARMEN RODRIGUEZ, P.A.
Attorneys for Defendant Ken Jenne, Sheriff
9130 S Dadeland Blvd # 1109
Miami FL 33156-7848
Telephone: (305) 670 8400
Telecopier: (305) 670-8415

By: _____
Carmen Rodriguez, Esq.
Florida Bar No. 710385

4

F.  The parties are not presently aware of any unique issues which should be referred to a Special Master or Magistrate. The parties consent to a Magistrate Judge for final disposition of motions for discovery.

G.  The parties believe the trial will require 5 days.

H.  The Plaintiffs believe this matter should be set on the standard track.

I.  Presently, the Parties do not foresee a strong likelihood of any appearance by additional parties in this action.

STEPHEN M. CODY, ESQ.
Attorney for Plaintiff
16610 SW 82nd Court
Miami, FL 33157-3604
Telephone (305) 233-8073
Telecopier (305) 251-5713

_____
Florida Bar No. 334685

EDWARD A. DION
COUNTY ATTORNEY FOR BROWARD COUNTY
115 S. Andrews Avenue, Room 423
Ft. Lauderdale, FL 33301
Telephone (954) 357-7600
Telecopier (954) 357-7641

By: _/s/ Beth-Ann E. Herschaft_____
Beth-Ann E. Herschaft, Esq.
Florida Bar No. 010904

LAW OFFICE OF CARMEN RODRIGUEZ, P.A.
Attorneys for Defendant Ken Jenne, Sheriff
9130 S Dadeland Blvd # 1109
Miami FL 33156-7848
Telephone: (305) 670-8400
Telecopier: (305) 670-8415

By: _____
Carmen Rodriguez, Esq.
Florida Bar No. 710385

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 99-1227-CIV-DAVIS

CHRISTOPHER IKEM,
    Plaintiff,

v.

STATE OF FLORIDA, DEPARTMENT
OF CHILDREN AND FAMIILIES,
    Defendants.
_____/



## ORDER

This matter is before the Court on its own initiative. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, Defendant's Motion for Rule 11 Sanctions (filed March 27, 2000) is hereby referred to United States Magistrate Judge Brown to take all necessary and proper action as required by law.

**DONE AND ORDERED** in Chambers in Miami, Florida this 11 day of May, 2000.

EDWARD B. DAVIS
CHIEF UNITED STATES DISTRICT JUDGE

cc:
Moises T. Grayson
25 S.E. Second Avenue
Miami, FL 33131

Alexander O. Akpodiete
Courthouse Plaza
Eleventh Floor
28 W. Flagler st.
Miami, FL 33130