UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CIV-DIMITROULEAS

FREDERICK SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as
SHERIFF of Broward County, Florida,
and BROWARD COUNTY, FLORIDA

    Defendants.
_____/



## ORDER DENYING MOTION TO DISMISS OR STRIKE
## ORDER SETTING CALENDAR CALL

THIS MATTER is before the Court upon transfer of the case and upon Defendant Broward County's Motion to Dismiss the Second Amended Complaint, Motion to Strike or, in the Alternative, Motion for More Definite Statement [DE 15], Defendant Broward County's Motion to Dismiss the Amended Complaint [DE 10] and Defendant Broward Sheriff's Office Motion to Dismiss the Amended Complaint [DE 11]. The Court has considered the Motions, Plaintiff's Response, Defendant's Reply, and the relevant portions of the record in this case. For the reasons set forth below, the Court will deny Defendant's motion in its entirety.

### I. BACKGROUND

Plaintiff's Second Amended Complaint asserts claims against both Defendants for violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, in particular, that the Broward County jail does not meet the federal regulations pertaining to removal of physical barriers to persons with disabilities. Since Plaintiff filed a Second Amended Complaint, the Court denies as moot the motions to dismiss or strike the Amended



Complaint. Defendant Jenne filed an Answer to the Second Amended Complaint, while Broward County filed the instant motion to dismiss.

## II. DISCUSSION

In its Motion to Dismiss, Defendant Broward County (hereinafter, "Defendant") asserts that the Plaintiff's Complaint should be dismissed for failure to state a claim. It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

Defendant presents several arguments in support of its motion to dismiss, strike or require a more definite statement. First, Defendant's conclusory assertion that it "is not a 'program or activity' of a local government, as defined by section 504 of the Rehabilitation Act [29 U.S.C. § 794 (1973)], which is receiving federal financial assistance[,]" Defendant's Motion to Dismiss at page 8, is not well taken at the motion to dismiss stage. Defendant's assertion is simply a denial of Plaintiff's contrary allegations that Defendant Broward County owns the jails; the jails "constitute services, programs, or activities of Broward County"; and "Defendants receive Federal financial assistance for the operation of the BSO, the Broward County Jail, and/or Broward County." See Second Amended Complaint at ¶¶ 5, 25. See also Bentley v. Cleveland County Board of County Comm'rs, 41 F.3d 600, 603-04 (10th Cir. 1994); Innovative Health Sys., Inc. v. City of White Plains, 931 F.Supp. 222, 233-34 (S.D.N.Y. 1996). Plaintiff has sufficiently stated a claim against Defendant Broward County for violations of the Rehabilitation Act.

Defendant's contention that Plaintiff's complaint fails "because the property upon which

2

[the District 1] facility was situated is not owned by the County," *see* Defendant's Motion at 9, is similarly contrary to Plaintiff's allegation that "Defendant Broward County, Florida . . . is the owner of the jails in Broward County, Florida." Second Amended Complaint at ¶ 5. Defendant may raise this issue in a motion for summary judgment.

Plaintiff includes an incomplete sentence in paragraph 16 of his complaint which Defendant moves to strike. The Court finds that the complaint read in its entirety provides ample detail to permit Defendant to frame a meaningful responsive pleading. The Federal Rules' discovery tools will provide the remainder of what Defendant seeks. The Court thus declines to exercise its discretion to strike paragraph 16.

Paragraph 27 of Plaintiff's complaint states that Defendants "have discriminated against Plaintiff *and others similarly situated.*" Defendant moves to strike the italicized portion because the language "indicates that Plaintiff is attempting to file a class action suit" without satisfying Local Rule 23.1, S.D. Fla. L.R. See Defendant's Motion at 10. While the language may be superfluous inasmuch as Plaintiff is not traveling under a class action complaint, the Court finds that striking the language at this early stage is unwarranted. Plaintiff may eventually move to certify the action as a class action. Moreover, none of the relief Plaintiff presently seeks involves similarly situated persons.

Defendant also moves to strike Plaintiff's prayer for injunctive and declaratory relief in paragraphs (b) and (c) of Count II. See Defendant's Motion at 10. Plaintiff has alleged that he "is likely to be subjected to continuing discrimination by the Defendants in the future." See Second Amended Complaint at ¶ 12. Thus, at this early stage, the Court will not strike these

3

paragraphs.[1]

The Court likewise declines to strike Plaintiff's demand for compensatory damages in Count II. Cognizant of this Circuit's rule requiring Plaintiffs to prove intentional discrimination or bad faith to permit that category of damages, the Court cannot say that under no construction of the facts Plaintiff alleges could he prove intentional discrimination or bad faith. In addition, Defendant fails to direct the Court's attention to any precedent dismissing a Rehabilitation Act claim on this ground at the pleading stage.

Finally, the Court denies Defendant's request for a more definite statement for the simple reason, mentioned above, that Plaintiff's Second Amended Complaint is far from "so vague or ambiguous that a responsive pleading cannot be drafted." Bazal v. Bedford Trucking Co., 442 F.Supp. 1089 (S.D. Fla. 1997). Plaintiff has provided substantial detail that Defendant may supplement through the discovery process.

### III. CONCLUSION

Taking Plaintiff's allegations to be true, the Court concludes that the claims asserted in all counts of Plaintiff's Complaint are sufficient to withstand Defendant's Motion to Dismiss for failure to state a claim. The Court further notes that the matters raised in the Defendant's Motion to Dismiss or to strike may be more properly raised in a Motion for Summary Judgment. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Broward County's Motion to Dismiss the Amended Complaint [DE 10] is

---

[1] The Court notes that McKinnon v. Talladega County, Alabama, 745 F.2d 1360, 1363 (11th Cir. 1984) upon which Defendant relies for the proposition that the release of a prisoner moots his individual claim for declaratory and injunctive relief, was decided at the summary judgment stage. Furthermore, the rule is subject to exceptions more properly addressed at a later stage of litigation.

4

hereby **DENIED as moot** in its entirety;

2. Defendant Broward Sheriff's Office Motion to Dismiss the Amended Complaint [DE 11] is hereby **DENIED as moot**;

3. Defendant Broward County's Motion to Dismiss the Second Amended Complaint, Motion to Strike or, in the Alternative, Motion for More Definite Statement [DE 15], is hereby **DENIED**. Defendant Broward County shall have ten (10) days from the date stamped on this Order in which to answer Plaintiff's Second Amended Complaint;

4. The Court has reviewed the scheduling order entered by Judge Davis on May 17, 2000, and hereby ratifies and approves that schedule, with a few changes or additions as described below;

5. The Court adds a calendar call for this case on Friday, March 2, 2001 at 10:00am in Courtroom 203E of the United States Courthouse, 299 E. Broward Blvd. Blvd., Fort Lauderdale, Florida. The trial period will continue to commence on Monday, March 5, 2001, and extend for a two-week trial period;

6. The pretrial stipulation and motions in limine shall be due February 21, 2001, while responses to any motions in limine shall be due February 28, 2001;

7. All other deadlines remain in effect;

8. The parties shall hereinafter file all pleadings in the Fort Lauderdale office of the Clerk's Office, pursuant to the Local Rules.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida this ___ day of ___ 2000.

UNITED STATES DISTRICT JUDGE
WILLIAM P. DIMITROULEAS

copies to:

Stephen Michael Cody
16610 SW 82nd Court
Miami, Florida 33157-3604

Carmen Rodriguez
Bari L. Goldstein
9130 S. Dadeland Boulevard
Two Datran Center, Suite 1109
Miami, Florida 33156

Beth-Ann Herschaft
Assistant County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301