

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT LAUDERDALE DIVISION)**

FREDERICK A. SHOTZ                    CASE NO. 00-6088-CIV-DIMITROULEAS

         Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and BROWARD COUNTY, FLORIDA,

         Defendants.
_____/

## BROWARD COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, BROWARD COUNTY (hereinafter COUNTY or Defendant), by and

through its undersigned counsel, hereby files its Answer and Affirmative Defenses to

Plaintiff, FREDERICK A. SHOTZ' (hereinafter SHOTZ or Plaintiff), Second Amended

Complaint, as follows:

1.    Answering paragraph 1 of the Second Amended Complaint, COUNTY admits

that SHOTZ purports to bring an action against COUNTY pursuant to the Americans with

Disabilities Act (hereinafter ADA).[1]    However, COUNTY denies that Plaintiff is entitled to

relief thereunder.  COUNTY also admits that SHOTZ purports to bring an action against

_____

[1] 42 U.S.C. §12131-121314.

CASE NO. 00-6088-CIV-DIMITROULEAS

COUNTY pursuant to Section 504 of the Rehabilitation Act.[2] Again, COUNTY denies that SHOTZ is entitled to relief thereunder.

2.      Answering paragraph 2 of the Second Amended Complaint, Defendant admits that Plaintiff purports to assert venue in Broward County. However, COUNTY denies that venue is proper in BROWARD COUNTY, because COUNTY denies that any cause of action arose therein pursuant to Plaintiff's allegations.

3.      Answering paragraph 3 of the Second Amended Complaint, COUNTY is without sufficient knowledge or information to admit or deny the allegations. Accordingly, Defendant denies all allegations contained therein.

4.      Answering paragraph 4 of the Second Amended Complaint, COUNTY admits that Defendant, KEN JENNE, is the Sheriff of Broward County and the head of the Broward County Sheriff's Office. However, Defendant is without sufficient knowledge or information to admit or deny the rest of the allegations. Accordingly, Defendant denies the rest of the allegations contained therein.

5.      Answering paragraph 5 of the Second Amended Complaint, COUNTY admits that BROWARD COUNTY is a governmental entity within the State of Florida. COUNTY further admits that the Broward County Jail is owned by BROWARD COUNTY. However, Sheriff KEN JENNE is the constitutional officer statutorily charged with the operation of the Broward County Jail. Defendant is without sufficient knowledge or information to admit or

---

[2] 29 U.S.C. §794.

2

deny the rest of the allegations. Accordingly, Defendant denies the rest of the allegations contained therein.

6.     Answering paragraph 6 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations. Accordingly, Defendant denies the rest of the allegations contained therein.

## Count I

7.     Answering paragraph 7 of the Second Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 6, as if fully set forth herein.

8.     Answering paragraph 8 of the Second Amended Complaint, COUNTY admits that Congress enacted the ADA on July 26, 1990.

9.     Answering paragraph 9 of the Second Amended Complaint, COUNTY disagrees with SHOTZ' construction of the ADA, and contends instead, that Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the 'benefits of the services, programs or activities of a public entity,' or be subjected to discrimination by any such entity."

10.     Answering paragraph 10 of the Second Amended Complaint, Defendant admits that Plaintiff has cited to the ADA and the Code of Federal Regulations but denies that either applies to Defendant in the instant action.

3

CASE NO. 00-6088-CIV-DIMITROULEAS

11.    Answering paragraph 11 of the Second Amended Complaint, Defendant states that 28 C.F.R. §35.160(b)(1) requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford all individuals equal opportunities.

12.    Answering paragraph 12 of the Second Amended Complaint, COUNTY is without sufficient knowledge or information to admit or deny the allegations. Accordingly, Defendant denies that SHOTZ was subjected to discrimination on December 28, 1999, or that he is likely to be subjected to continuing discrimination in the future.

13.    Answering paragraph 13 of the Second Amended Complaint, COUNTY denies that SHOTZ has been subjected to any discrimination at all. COUNTY is without sufficient knowledge or information to admit or deny the rest of the allegations. Accordingly, Defendant denies the rest of the allegations contained therein.

14.    Answering paragraph 14 of the Second Amended Complaint, COUNTY asserts that the Office of the Attorney General promulgated federal regulations to implement the requirements of the ADA (hereinafter "ADAAG rules"). However, Defendant is without sufficient knowledge or information to admit or deny the applicability to COUNTY; therefore, COUNTY denies any applicability to this Defendant.

15.    Answering paragraph 15 of the Second Amended Complaint, Defendant denies any violations of 42 U.S. §12181 et seq., or 28 C.F.R. 36.302 et seq.. Additionally, COUNTY denies that it has discriminated against Plaintiff in any fashion whatsoever. Moreover, Plaintiff was only retained in the Broward County Jail for approximately twenty-

4

six (26) hours and then released on bond. Plaintiff is no longer at that facility, and cannot be subjected to any purported discrimination at the present time. Accordingly, COUNTY denies the allegations.

16.    Answering subparagraphs 15(a) and 15(b) of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations. Accordingly, Defendant denies the allegations contained therein.

17.    Answering subparagraph 15(c) and 15(d) of the Second Amended Complaint, Defendant denies the allegations contained therein. Specifically, the District I station was situated on property not owned by COUNTY at the time of Plaintiff's alleged detention. In addition, the District I station was relocated effective January, 2000. None of SHOTZ' allegations apply to COUNTY, or applied to COUNTY at the time SHOTZ was allegedly detained at that facility. Accordingly, Plaintiff is not entitled to any injunctive relief from this Defendant.

18.    Answering subparagraphs 15 (e) through15 (l) of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations; therefore, COUNTY denies the allegations therein. In addition, COUNTY denies that the ADAAG rules apply to the Broward County Jail, as that facility had already been constructed at the time the ADA was enacted.

19.    Answering subparagraph 15(m) of the Second Amended Complaint, COUNTY is without sufficient knowledge or information to admit or deny the allegations as

5

they apply to the Broward County Jail and, therefore, denies the allegations therein. Further, at the time of SHOTZ' arrest, the District I station was on property not owned by Broward County. That facility has since moved; therefore, Plaintiff's allegations do not apply to this Defendant, and injunctive relief is not available. In addition, COUNTY denies that the ADAAG rules apply to the Broward County Jail, as that facility had already been constructed at the time the ADA was enacted.

20.    Answering subparagraphs 15(n) through 15(o)(xv) of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations; therefore, COUNTY denies the allegations therein. In addition, COUNTY denies that the ADAAG rules apply to the Broward County Jail, as that facility had already been constructed at the time the ADA was enacted.

21.    Answering paragraph 16 of the Second Amended Complaint, COUNTY denies all allegations therein.

22.    Answering paragraph 17 of the Second Amended Complaint, COUNTY denies all allegations therein.

23.    Answering paragraph 18 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations; therefore, COUNTY denies the allegations therein.

24.    Answering paragraph 19 of the Second Amended Complaint, Defendant is

6

without sufficient knowledge or information to admit or deny the allegations; therefore, COUNTY denies the allegations therein.

25. Answering paragraph 20 of the Second Amended Complaint, COUNTY denies that Plaintiff is entitled to recover attorney's fees, costs, and/or expenses as a result of initiating this action.

26. Answering paragraph 21 of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief requested therein.

27. Answering the WHEREFORE clause of the Second Amended Complaint, including subsections (a) through (g), Defendant denies that SHOTZ is entitled to any relief requested in this clause.

## Count II

28. Answering paragraph 22 of the Second Amended Complaint, COUNTY repeats and realleges its responses to paragraphs 1 through 5, as if fully set forth herein.

29. Answering paragraph 23 of the Second Amended Complaint, Defendant admits that SHOTZ purports to bring an action against COUNTY pursuant to Section 504 of the Rehabilitation Act. However, COUNTY denies that SHOTZ is entitled to relief thereunder.

30. Answering paragraph 24 of the Second Amended Complaint, Defendant admits that SHOTZ cites to portions of the Rehabilitation Act, but denies that any allegations therein apply to COUNTY.

7

31.  Answering paragraph 25 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations; accordingly, Defendant denies the allegations therein.

32.  Answering paragraph 26 of the Second Amended Complaint, Defendant denies all allegations therein.

33.  Answering paragraph 27 of the Second Amended Complaint, COUNTY denies both violating the Rehabilitation Act and discriminating against the Plaintiff in any fashion whatsoever.  Further, Defendant is without sufficient information or knowledge to admit or deny the allegations concerning other individuals who may be similarly situated; accordingly, Defendant denies those allegations.

34.  Answering subparagraphs 27(h) through 27(o) of the Second Amended Complaint, Defendant denies all allegations therein.

35.  Answering paragraph 28 of the Second Amended Complaint, COUNTY denies all allegations therein.

36.  Answering subparagraphs 28(a) through 29(cc) of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations; therefore, COUNTY denies the allegations therein.

37.  Answering paragraph 30 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations; therefore, COUNTY denies the allegations therein.

8

CASE NO. 00-6088-CIV-DIMITROULEAS

38.    Answering paragraph 31 of the Second Amended Complaint, COUNTY denies that any violations of the Rehabilitation Act have occurred at the Broward County Jail. COUNTY further asserts that it is without sufficient knowledge or information to admit or deny the rest of the allegations; therefore, COUNTY denies the allegations therein. In addition, as COUNTY never owned the property upon which the former District I station was located, and that facility has since relocated, COUNTY asserts that Plaintiff is not entitled to injunctive relief at all in that matter.

39.    Answering paragraph 32 of the Second Amended Complaint, COUNTY denies the allegations contained therein.

40.    Answering paragraph 33 of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any attorney's fees, costs, and/or expenses as result of initiating this action.

41.    Answering paragraph 34 of the Second Amended Complaint, Defendant denies that SHOTZ is entitled to any relief from this Court, whatsoever, as alleged herein.

42.    Answering the WHEREFORE clause, including subsections (a) through (g), Defendant denies that Plaintiff is entitled to any of the relief requested therein. In addition, COUNTY asserts that it did not own the District I facility at the time the Plaintiff was detained there and, since that facility has moved, no injunctive relief is available to SHOTZ on that matter.

9

CASE NO. 00-6088-CIV-DIMITROULEAS

WHEREFORE, having fully answered Plaintiff's Complaint, COUNTY sets forth the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, COUNTY.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claim is barred–in whole or in part–for failure to comply with applicable statutory prerequisites.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claim is barred–in whole or in part–for failure to meet and/or comply with requisite conditions precedent.

10

CASE NO. 00-6088-CIV-DIMITROULEAS

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claim is barred–in whole or in part–for Plaintiff's failure to exhaust his administrative and/or contractual remedies.

### FIFTH AFFIRMATIVE DEFENSE

5.      All actions taken by COUNTY, with respect to SHOTZ, were taken in good faith, and were motivated by reasonable, legitimate reasons, unrelated to any protected activities under the laws of the United States.

### SIXTH AFFIRMATIVE DEFENSE

6.      All actions taken by COUNTY with respect to Plaintiff were in furtherance of legitimate governmental objectives, and were substantially related to the achievement of those objectives.

11

CASE NO. 00-6088-CIV-DIMITROULEAS

## SEVENTH AFFIRMATIVE DEFENSE

7.    All actions taken by COUNTY with respect to Plaintiff were based upon legitimate, nondiscriminatory, and lawful reasons.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff's claim is barred–in whole or in part–by the doctrine of unclean hands, waiver, estoppel–collateral or otherwise, and/or laches.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claim and action are barred–in whole or in part–by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff was treated on an equal basis with other similarly–situated persons, regardless of any activities protected under the laws of the United States.

12

CASE NO. 00-6088-CIV-DIMITROULEAS

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant asserts that the Sheriff, KEN JENNE, and not Broward County, operates both the Broward County Jail and the District I station.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Pursuant to the Parties' Joint Scheduling and Status Report, Plaintiff has agreed to eliminate all allegations concerning the District I substation.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant has no duty to inspect the Broward County Jail, in the fashion alleged by Plaintiff in the instant action.

## FOURTEEN AFFIRMATIVE DEFENSE

14.    Because Plaintiff is no longer incarcerated in the Broward County Jail, his requests for injunctive relief are moot, pursuant to McKinnon v. Talladega County, Ala., 742 F. 2d 777, 780 (11th Cir. 1985).

13

CASE NO. 00-6088-CIV-DIMITROULEAS

## FIFTEEN AFFIRMATIVE DEFENSE

15.     There are adequate facilities within Broward County for disabled inmates as prescribed by the ADA.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     There are adequate facilities within Broward County for Disabled inmates as prescribed by the Rehabilitation Act.

## SEVENTEEN AFFIRMATIVE DEFENSE

17.     Plaintiff is precluded from receiving compensatory damages under either the Rehabilitation Act or the ADA, as SHOTZ has failed to allege or establish intentional discrimination or bad faith.   *See* Wood v. President &Ttrustees of Spring Hill College, 978 F. 2d 1214, 1219-20 (11th Cir. 1992).

14

CASE NO. 00-6088-CIV-DIMITROULEAS

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    SHOTZ has failed to allege any specific discriminatory treatment to which he was subjected that can be attributed to COUNTY, nor has he alleged any specific program, activity, or service under which he was prohibited from receiving a benefit.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    SHOTZ has not alleged that he has either vision or hearing impairments; therefore, he has no standing to allege that he requires special accommodations for either of those disabilities.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff was only incarcerated for a little over one day in the Broward County Jail. As a result, Plaintiff was not entitled to receive certain long-term benefits as has been alleged in this action.

15

CASE NO. 00-6088-CIV-DIMITROULEAS

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Although he has alleged that he is likely to be discriminated against by Defendant in the future, SHOTZ is presently not under arrest, and has not alleged why he is likely to be incarcerated in the future.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff has failed to allege why he requires any auxiliary aides or services.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Allowing Plaintiff to keep his service dog with him in a facility such as the Broward County Jail, which is neither equipped nor required to care for such an animal, would have posed a substantial threat to the safety and security of inmates and /or jail employees.

16

CASE NO. 00-6088-CIV-DIMITROULEAS

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted, because Plaintiff has not alleged that he suffered any injury as a result of his alleged discrimination.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Certain areas of the Broward County Jail are not accessible to the public, in order to preserve security for the jail inmates and jail employees, as well as prevent a breach of the public safety.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiff was only exposed to a discrete portion of the Broward County Jail; therefore, he has no standing to make allegations concerning portions of the jail he has never seen.

17

CASE NO. 00-6088-CIV-DIMITROULEAS

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.   Because COUNTY does not operate the Broward County Jail, it has no duty to make medical decisions concerning inmates.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.   The ADAAG rules only apply to buildings erected prior to the enactment of the ADA; therefore, they do not apply to the Broward County Jail.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.   The modifications proposed by Plaintiff would place an undue hardship upon COUNTY, and potentially jeopardize the safety and security of inmates, jail employees, and the general public.

CASE NO. 00-6088-CIV-DIMITROULEAS

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff fails to state a claim upon which relief can be granted, because incarceration is not a program, service, or activity of a public entity as envisioned by the ADA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff has failed to allege his eligibility for any programs or activities for which he claims he has been denied.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Plaintiff has no standing to allege parking violations under the ADA concerning the Broward County Jail, as he was involuntarily transported to the facility in a police vehicle.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    The Sheriff, KEN JENNE, and not COUNTY, is responsible for the transportation of inmates to and from the Broward County Jail.

19

CASE NO. 00-6088-CIV-DIMITROULEAS

COUNTY expressly reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered Plaintiff's Complaint, and having raised defenses thereto: a) COUNTY prays that this Court deny Plaintiff the relief requested; b) COUNTY respectfully demands that judgment be entered in its favor, dismissing the Second Amended Complaint, and any count and claim therein, in its entirety and with prejudice; and c) COUNTY requests that it be awarded its costs, attorney's fees, and such other relief as the Court may deem just and proper.

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:   (954) 357-7600
Telecopier:   (954) 357-7641

By: _____
    BETH-ANN E. HERSCHAFT
    Assistant County Attorney
    Florida Bar No. 010804

20

CASE NO. 00-6088-CIV-DIMITROULEAS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail to

Stephen M. Cody, Esquire, Attorney for Plaintiffs, 16610 S.W. 82nd Court, Miami, Florida

33317-3604, and Bari Goldstein, Carmen Rodriguez, P.A., 9130 S. Dadeland Boulevard,

Two Datran Center, Suite 1109, Miami, FL  33156, this 20th day of July, 2000.

By

BETH-ANN E. HERSCHAFT
Assistant County Attorney

H:\DATA\DIV5\BAH\gesh\gesh.shotz.answer.affirm.defenses.wpd

21