**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/SELTZER

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and BROWARD COUNTY, FLORIDA,

    Defendants.

_____/



## MOTION TO COMPEL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO COMPEL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 37(a), Defendant, BROWARD COUNTY (hereinafter "COUNTY"), files this Motion to Compel Responses to Defendant's Request for Production of Documents[1] and this Motion to Compel Answers to Defendant's First Set of Interrogatories.[2]

### MOTION TO COMPEL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

COUNTY moves that this Court grant Defendant's Motion to Compel Responses to Defendant's Request for Production of Documents. As grounds for this Motion, COUNTY states the following:

---

[1] Defendant's Request for Production is attached hereto as Exhibit A, and made a part hereof, in accordance with Local Rule 26.1(c), S.D. Fla. L.R..

[2] Defendant's First Set of Interrogatories is attached hereto as Exhibit B, and made a part hereof, in accordance with Local Rule 26.1(c), S.D. Fla. L.R..



00-6088-CIV-DIMITROULEAS/SELTZER

1. On January 24, 2000, Plaintiff, FREDERICK A. SHOTZ (hereinafter "SHOTZ"), by and through his counsel, Stephen M. Cody, Esquire, filed an Amended Complaint in the United States District Court for the Southern District of Florida against COUNTY, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and violations of section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*.

2. On May 22, 2000, COUNTY sent its first Request for Production of Documents to SHOTZ by U.S. mail, allowing thirty (30) days for a response.[3]

3. Due to an incorrect address, Plaintiff did not receive this document until July 1, 2000.

4. Accordingly, SHOTZ informed COUNTY of this matter, and COUNTY agreed to give Plaintiff until July 31, 2000, to respond to the Request for Documents.

5. When COUNTY had not received any response at all by August 11, 2000, COUNTY called Plaintiff to investigate the matter.

6. On that date, Plaintiff assured Defendant that a response would be forthcoming by August 21, 2000.

7. Defendant memorialized that conversation in a letter to Plaintiff on that date.

8. As before, COUNTY did not receive any response to its Request for Documents by August 21, 2000.

---

[3] Exhibit A.

-2-

00-6088-CIV-DIMITROULEAS/SELTZER

9. As a result, Defendant sent a letter to Plaintiff on August 28, 2000, reminding Plaintiff of his promise to provide the requested response by August 21, 2000.

10. In this letter, Defendant informed Plaintiff that, if no response was received from SHOTZ by September 8, 2000, a Motion to Compel would follow.

11. Defendant has also attempted to reach Plaintiff by telephone and facsimile on numerous occasions, but has continually received a message that the "mailbox is full–try again later."

12.　　Defendant finally was able to leave a message on Plaintiff's voice mail on Thursday, September 14, 2000, at approximately 8:40 A.M., requesting that Plaintiff call Defendant upon receipt of that message, or Defendant would file a Motion to Compel immediately.

13. There was no response to that phone call.

WHEREFORE, COUNTY respectfully requests that this Court grant COUNTY's Motion to Compel. In addition, COUNTY respectfully requests that this Court award COUNTY its reasonable expenses and attorneys' fees incurred in connection with filing of this Motion, and any other relief as this Court deems necessary or appropriate.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

"A motion for an order to compel discovery is appropriate only after an opposing party has failed to comply with a discovery request made pursuant to specific provisions of the Federal Rules of Civil Procedure." Davenport v. St. Mary Hospital, 633 F. Supp

1228, 1231 (E.D. Pa.1986)*(citing* Fed. R. Civ. P. 37(a)). Here, Plaintiff has failed to comply with Local Rule 26.1.G, S.D. Fla. L.R.;[4] therefore, Defendant moves that this Court compel Plaintiff to respond to COUNTY's Request for Production.

COUNTY initially sent its Request for Production to SHOTZ on May 22, 2000, pursuant to Local Rule 26.1.G, S.D. Fla. L.R.. When SHOTZ informed COUNTY that the document had gone astray due to an incorrect mailing address, Defendant promptly agreed that Plaintiff could have until July 31, 2000, to respond to COUNTY's Request.

After Plaintiff failed to honor his commitment to provide the requisite documents, COUNTY made several good faith attempts to contact SHOTZ, pursuant to Local Rule 26.1(I), S.D. Fla. L.R..[5] Several deadlines were set by both parties; however, Plaintiff has failed to respond to COUNTY's letters or phone calls in any manner whatsoever.

In order for a court to grant a Motion to Compel, the moving party must show that good faith efforts have been made to confer or attempt to confer with the other party, so that court action is not necessary. *See* Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 196 (N.D.W. Va. 2000). The "good faith" requirement has been construed to mean a "personal or telephonic consultation during which the parties engage in

---

[4] Local Rule 26.1.G, S.D. Fla. L.R., details the methods by which discovery may be sought and responses expected.

[5] These included phone calls, letters, and attempts to call and/or send facsimiles to Plaintiff's "full" voice mailbox.

-4-

meaningful negotiations or otherwise provide legal support for their position[s]." Id. at 198; quoting Shuffle Master, Inc. v. Bally's Grand, Inc., 170 F.R.D. 166 (D. Nev. 1996). Defendant has satisfied that requirement by calling Plaintiff on a regular basis concerning this matter, and by memorializing those conversations in writing. Unfortunately, COUNTY's good faith efforts to avoid court intervention have been thwarted by a lack of cooperation on the part of Plaintiff's counsel. Hence, COUNTY is requesting assistance from this Court in obtaining the requisite response.

Next, the movant must file the Motion to Compel within thirty (30) days from the time the discovery was due. Kidwiler, 170 F.R.D. at 197. COUNTY has met that requirement as well, by filing this Motion in a timely manner.

In addition, COUNTY invokes the Federal Rules of Civil Procedure to bolster its contention that the Defendant is entitled to reasonable expenses, including reasonable attorneys' fees, incurred in filing the instant Motion. Pursuant to Fed. R. Civ. P. 37(a)(4)(A),

> If the motion (to compel) is granted, the court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified.

See also Local Rule 26.1(I) S.D. Fla..

Controlling precedent also demands that attorney's fees and expenses be awarded unless the party who did not comply was substantially justified in doing so. See

Maddow v. Procter & Gamble Co., Inc., 107 F. 3d 846, 853 (11th Cir. 1997). At this time, Plaintiff has not offered any explanation for his lack of compliance, nor has he attempted to comply in any manner.

Therefore, since COUNTY had attempted to communicate in good faith with Plaintiff on several occasions, and Plaintiff did not reciprocate, COUNTY had no choice except to file this Motion to Compel. Accordingly, COUNTY has incurred expenses in filing this Motion, including attorneys' fees.

WHEREFORE, COUNTY respectfully requests that this Court grant COUNTY's Motion to Compel. In addition, COUNTY respectfully requests that this Court award COUNTY its reasonable expenses and attorneys' fees incurred in connection with filing of this Motion, and any other relief as this Court deems necessary or appropriate.

### MOTION TO COMPEL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COUNTY moves that this Court compel Answers to Defendant's First Set of Interrogatories. As grounds for this Motion, COUNTY states the following:

1. On January 24, 2000, Plaintiff FREDERICK A. SHOTZ (hereinafter "SHOTZ"), by and through his counsel, Stephen M. Cody, Esquire, filed an Amended Complaint in the United States District Court for the Southern District of Florida against COUNTY, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and violations of section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*.

00-6088-CIV-DIMITROULEAS/SELTZER

2. On May 22, 2000, COUNTY sent its First Set of Interrogatories to SHOTZ by U.S. mail, allowing thirty (30) days for a response.[6]

3. Due to an incorrect address, Plaintiff did not receive this document until July 1, 2000.

4. Accordingly, SHOTZ informed COUNTY of this matter, and COUNTY agreed to give Plaintiff until July 31, 2000, to respond to the Request for Documents and First Set of Interrogatories.

5. When COUNTY had not received any response at all by August 11, 2000, COUNTY called Plaintiff to investigate the matter.

6. On that date, Plaintiff assured Defendant that responses to both documents would be forthcoming by August 21, 2000.

7. Defendant memorialized that conversation in a letter to Plaintiff on that date.[7]

8. As before, COUNTY did not receive any response to its First Set of Interrogatories by August 21, 2000.

WHEREFORE, COUNTY respectfully requests that this Court grant COUNTY's Motion to Compel. In addition, COUNTY respectfully requests that this Court award COUNTY its reasonable expenses and attorneys' fees incurred in connection with filing of this Motion, and any other relief as this Court deems necessary or appropriate.

---

[6] Exhibit A.

[7] Exhibit B.

00-6088-CIV-DIMITROULEAS/SELTZER

## MEMORANDUM OF LAW IN SUPPORT OF COUNTY'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

"The Federal Rules of Civil Procedure provide that if a party objects to or fails to answer interrogatories, the party submitting the interrogatories may move the court for an order under Fed. R. Civ. P. 37(a) compelling an answer." Pan-Islamic Trade Corp. v. Exxon Corp., 632 F. 2d 539, 552 (5th Cir 1980).

Prior to a Motion to Compel, counsel must make reasonable efforts to confer with opposing counsel to resolve issues raised in discovery motions. See Local Rule 26.1(I), S.D. Fla. L.R.. Opposing counsel is required to cooperate with such efforts to confer and is obligated to act in good faith in attempting to resolve the discovery matters at issue. See Id.

Here, Defendant had sent the First Set of Interrogatories to Plaintiff on May 22, 2000. Due to an error in the mailing address, Plaintiff did not receive this document until July 1, 2000. Defendant immediately agreed that SHOTZ should have until July 31, 2000, to answer the Interrogatories.

SHOTZ never met the deadline, or any other deadline that the parties imposed mutually for Plaintiff to respond to the Interrogatories. Despite Defendant's phone calls and letters to Plaintiff to remind him of this obligation, no Answers to Defendant's First Set of Interrogatories have been forthcoming. COUNTY's effort to elicit opposing counsel's cooperation and compliance with the Federal Rules of Civil Procedure has been to no avail; COUNTY has not received the requisite responses to its First Set of Interrogatories.

As a result, COUNTY respectfully requests that this court award COUNTY its reasonable expenses incurred in the filing of this motion, including reasonable attorneys' fees.

> If the motion (to compel) is granted, the court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified.

See Fed. R. Civ. P. 37(a)(4)(A). See also Local Rule 26.1(I) S.D. Fla.

It is clear that an award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, absent a conclusion by the Court that opposing counsel's conduct was justified.  See Maddow v. Procter & Gamble Co., Inc., 107 F. 3d 846, 853 (11th Cir. 1997).  Since COUNTY had attempted to communicate in good faith with Plaintiff's counsel on several occasions, and Plaintiff's counsel did not reciprocate, COUNTY had no choice but to file this Motion to Compel.  COUNTY has incurred expenses in filing this motion, including attorneys' fees.

WHEREFORE, COUNTY respectfully requests that this court grant COUNTY's Motion to Compel. In addition, COUNTY respectfully requests that this Court award COUNTY its reasonable expenses and attorneys' fees incurred in connection with filing of this Motion and any other relief as this Court deems necessary or appropriate.

00-6088-CIV-DIMITROULEAS/SELTZER

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Ft. Lauderdale, FL 33301
Telephone: (954) 357-7600
Telecopier: (954) 357-7641

By: _____
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

JOHN O. STAPLETON
Assistant County Attorney
Florida Bar No. 322148

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail to Stephen M. Cody, Esquire, 16610 S.W. 82nd Court, Miami, Florida 33157, and Carmen Rodriguez, Carmen Rodriguez, P.A., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this 20th day of September, 2000.

_____
BETH-ANN E. HERSCHAFT
Assistant County Attorney

# DISCOVERY

# NOT

# SCANNED

PLEASE REFER TO FILE