**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/SELTZER

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Froward County, Florida,
and BROWARD COUNTY, FLORIDA,

    Defendants.
_____/



## MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

COMES NOW, Defendant, BROWARD COUNTY, pursuant to Rule 6(b), Fed. R. Civ. P. and Local Rule 7.1, S. D. Fla. L. R., and files this Motion for Enlargement of Time to Complete Discovery.

The grounds for this Motion are as follows:

1.    On March 22, 2000, Plaintiff, FREDERICK A. SHOTZ (hereinafter "SHOTZ"), by and through his counsel, Stephen M. Cody, Esquire, filed a Second Amended Complaint in the United States District Court for the Southern District of Florida against BROWARD COUNTY (hereinafter "COUNTY"), alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and violations of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*.



00-6088-CIV-DIMITROULEAS/SELTZER

2. On May 17, 2000, the Court issued its Notice of Trial Date, Mediation, and Discovery Schedule setting December 1, 2000, as the completion date for all discovery.[1]

3. On May 22, 2000, COUNTY sent its First Request for Production of Documents and First Set of Interrogatories to SHOTZ by U.S. mail, allowing thirty (30) days for a response.

4. Due to an incorrect address, Plaintiff did not receive these documents until July 1, 2000.

5. Accordingly, SHOTZ informed COUNTY of this matter, and COUNTY agreed to give Plaintiff until July 31, 2000, to respond to the Request for Documents and Interrogatories.

6. On August 3, 2000, SHOTZ was noticed by the Defendant that his deposition had been scheduled for October 27, 2000.

7. When COUNTY did not receive any discovery response from SHOTZ by August 11, 2000, COUNTY called Plaintiff to investigate the matter.

8. On that date, Plaintiff assured Defendant that a response would be forthcoming by August 21, 2000.

9. Defendant memorialized that conversation in a letter to Plaintiff on that date.

---

[1] On July 20, 2000, the Court issued its Order Denying Motion to Dismiss or Strike and Order Setting Calendar Call wherein it ratified the previously-set December 1, 2000, completion date for discovery.

00-6088-CIV-DIMITROULEAS/SELTZER

10. As before, when COUNTY did not receive any discovery response from SHOTZ by August 21, 2000, Defendant sent a letter to Plaintiff on August 28, 2000, reminding Plaintiff of his promise to provide the requested discovery.

11. In this letter, Defendant informed Plaintiff that, if no response was received from SHOTZ by September 8, 2000, a Motion to Compel would follow.

12. Defendant also attempted to reach Plaintiff by telephone and facsimile on numerous occasions, but continually received a message that the "mailbox is full–try again later."

13. Defendant finally was able to leave a message on Plaintiff's voice mail on Thursday, September 14, 2000, at approximately 8:40 A.M., requesting that Plaintiff call Defendant upon receipt of that message, or Defendant would file a Motion to Compel immediately.

14. There was no response to that phone call.

15. On September 20, 2000, Defendant filed a Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories. Both Motions are currently pending.

16. SHOTZ has not filed a Memorandum in Opposition to the Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories, as is required by Local Rule 7.1.C., S. D. Fla. L. R..

17. As of October 26, 2000, Plaintiff has failed to provide any requested discovery to COUNTY, nor has SHOTZ made any attempt to contact COUNTY by phone, mail, or facsimile.

18. On October 26, 2000, counsel for Defendant, KEN JENNE, in his official capacity as Sheriff of Broward County, Florida (hereinafter "BSO"), spoke by telephone with counsel for SHOTZ.

19. During that telephone conversation, counsel for SHOTZ was again reminded that he had not provided any requested discovery and that the deposition of SHOTZ was scheduled for October 27, 2000. Counsel for SHOTZ acknowledged same, and requested that the deposition be cancelled because of a death in the family.

20. Without the requested discovery, the COUNTY cannot prepare for the deposition, or appropriately depose SHOTZ.

21. Because SHOTZ has not provided any requested discovery, COUNTY will be unable, even with diligent effort, to complete discovery within the thirty-one (31) days remaining within the time frame provided for by the Court's Notice of Trial Date, Mediation, and Discovery Schedule, setting December 1, 2000, as the completion date for all discovery.

22. COUNTY requests an additional thirty (30) days to complete discovery in anticipation that SHOTZ will respond to Defendant's discovery requests as mandated by law.

00-6088-CIV-DIMITROULEAS/SELTZER

WHEREFORE, COUNTY respectfully requests that the Court grant COUNTY's Motion for Enlargement of Time to Complete Discovery.

**MEMORANDUM OF LAW**

The granting of a party's Motion for Additional Time to Complete Discovery is within the Court's sound discretion. A proposed Order is enclosed for the Court's consideration.

WHEREFORE, COUNTY respectfully requests that the Court grant COUNTY's Motion for Enlargement of Time to Complete Discovery.

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Ft. Lauderdale, FL 33301
Telephone:  (954) 357-7600
Telecopier:  (954) 357-7641

By: _____
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

JOHN O. STAPLETON
Assistant County Attorney
Florida Bar No. 322148

00-6088-CIV-DIMITROULEAS/SELTZER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail to Stephen M. Cody, Esq., 16610 S.W. 82nd Court, Miami, Florida 33157, and Carmen Rodriguez, Esq., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this _15_ day of November, 2000.

BETH-ANN E. HERSCHAFT
Assistant County Attorney

6