**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/SELTZER

FREDERICK A. SHOTZ,

      Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Froward County, Florida,
and BROWARD COUNTY, FLORIDA,

      Defendants.

_____/



## AMENDED MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

      COMES NOW, Defendant, BROWARD COUNTY, pursuant to Rule 6(b), Fed. R.

Civ. P. and Local Rule 7.1, S. D. Fla. L. R., and files this Amended Motion for Enlargement

of Time to Complete Discovery.

      The grounds for this Motion are as follows:

      1.    On March 22, 2000, Plaintiff, FREDERICK A. SHOTZ (hereinafter "SHOTZ"),

by and through his counsel, Stephen M. Cody, Esquire, filed a Second Amended

Complaint in the United States District Court for the Southern District of Florida against

BROWARD COUNTY (hereinafter "COUNTY"), alleging violations of the Americans with

Disabilities Act, 42 U.S.C. §12101 *et seq.*, and violations of Section 504 of the

Rehabilitation Act, 29 U.S.C. §794 *et seq.*.



00-6088-CIV-DIMITROULEAS/SELTZER

2.    On May 17, 2000, the Court issued its Notice of Trial Date, Mediation, and Discovery Schedule setting December 1, 2000, as the completion date for all discovery.[1]

3.    On May 22, 2000, COUNTY sent its First Request for Production of Documents and First Set of Interrogatories to SHOTZ by U.S. mail, allowing thirty (30) days for a response.

4.    Due to an incorrect address, Plaintiff did not receive these documents until July 1, 2000.

5.    Accordingly, SHOTZ informed COUNTY of this matter, and COUNTY agreed to give Plaintiff until July 31, 2000, to respond to the Request for Documents and Interrogatories.

6.    On August 3, 2000, SHOTZ was noticed by the Defendant that his deposition had been scheduled for October 27, 2000.

7.    When COUNTY did not receive any discovery response from SHOTZ by August 11, 2000, COUNTY called Plaintiff to investigate the matter.

8.    On that date, Plaintiff assured Defendant that a response would be forthcoming by August 21, 2000.

9.    Defendant memorialized that conversation in a letter to Plaintiff on that date.

---

[1] On July 20, 2000, the Court issued its Order Denying Motion to Dismiss or Strike and Order Setting Calendar Call wherein it ratified the previously-set December 1, 2000, completion date for discovery.

2

10.     As before, when COUNTY did not receive any discovery response from SHOTZ by August 21, 2000, Defendant sent a letter to Plaintiff on August 28, 2000, reminding Plaintiff of his promise to provide the requested discovery.

11.     In this letter, Defendant informed Plaintiff that, if no response was received from SHOTZ by September 8, 2000, a Motion to Compel would follow.

12.     Defendant also attempted to reach Plaintiff by telephone and facsimile on numerous occasions, but continually received a message that the "mailbox is full–try again later."

13.     Defendant finally was able to leave a message on Plaintiff's voice mail on Thursday, September 14, 2000, at approximately 8:40 A.M., requesting that Plaintiff call Defendant upon receipt of that message, or Defendant would file a Motion to Compel immediately.

14.     There was no response to that phone call.

15.     On September 20, 2000, Defendant filed a Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories.  Both Motions are currently pending.

16.     SHOTZ has not filed a Memorandum in Opposition to the Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories, as is required by Local Rule 7.1.C., S. D. Fla. L. R..

3

17.     As of October 26, 2000, Plaintiff had not provided the requisite discovery to COUNTY, nor had SHOTZ made any attempt to contact COUNTY by phone, mail, or facsimile.

18.     On October 26, 2000, counsel for Defendant, KEN JENNE, in his official capacity as Sheriff of Broward County, Florida (hereinafter "BSO"), spoke by telephone with counsel for SHOTZ.

19.     During that telephone conversation, counsel for SHOTZ was again reminded that he had not provided any requested discovery and that the deposition of SHOTZ was scheduled for October 27, 2000. Counsel for SHOTZ acknowledged same, and requested that the deposition be cancelled because of a death in the family.

20.     On November 1, 2000, COUNTY filed its Motion for Enlargement of Time to Complete Discovery, alleging therein that Plaintiff had failed to provide any requested discovery to COUNTY.

21.     On November 2, 2000, this Court issued an Order Denying Without Prejudice, COUNTY's Motion for Enlargement of Time to Complete Discovery.

22.     In its Order, this Court directed the COUNTY to attempt to resolve the instant discovery dispute, and COUNTY's request to enlarge time for discovery with Plaintiff prior to seeking judicial intervention.

23.     Thereafter, on the morning of November 7, 2000, COUNTY attempted to telephone Plaintiff's counsel to discuss outstanding discovery and COUNTY'S request for

4

enlargement of time in which to complete discovery. COUNTY left a message on Plaintiff's counsel's voice mail requesting a return call. As of the date of this filing, no return call has been received.

24.    On the afternoon of November 7, 2000, COUNTY drafted a letter to Plaintiff's counsel addressing outstanding discovery and enlargement of time matters. COUNTY then attempted to send the letter to Plaintiff's counsel via facsimile transmittal. However, Plaintiff's counsel's facsimile telephone number was not accepting transmittals. Therefore, the letter was mailed to Plaintiff's counsel via United States Mail that afternoon.

25.    Again, on the afternoon of November 7, 2000, COUNTY attempted to telephone Plaintiff's counsel but was only able to access his voice mail. Consequently, COUNTY left a message requesting that Plaintiff return Defendant's call regarding the attempt to forward the letter via facsimile transmittal. As of the date of this filing, no return call has been received.

26.    On the morning of November 8, 2000, COUNTY again attempted to phone Plaintiff's counsel to discuss the outstanding discovery, and the possibility of a joint or unopposed Motion for Enlargement of Time. Once more, COUNTY left a message requesting that Plaintiff return Defendant's call. As of the date of this filing, no return call has been received.

27.    On the morning of November 9, 2000, COUNTY again telephoned Plaintiff's counsel to discuss the outstanding discovery and enlargement of time matters. When

COUNTY attempted to leave a message, the telephone service advised that "mailbox is full–try again later."

28.     For the third time, COUNTY attempted to forward the aforementioned letter of November 7, 2000, to Plaintiff's counsel via facsimile transmittal on November 9, 2000. However, Plaintiff's counsel's facsimile telephone number was not accepting transmittals.

29.     As of November 27, 2000, Plaintiff has failed to provide any requested outstanding discovery to COUNTY, nor has SHOTZ responded to any of COUNTY's attempts to resolve this matter without judicial intervention.

30.     Without the requested discovery, the COUNTY cannot prepare for the deposition, or appropriately depose SHOTZ.

31.     If SHOTZ still refuses to respond to COUNTY's requests for discovery, COUNTY will be unable, within the four (4) days remaining , to complete discovery by December 1, 2000, which is the time frame mandated by this Court's Notice of Trial Date, Mediation, and Discovery Schedule, as the completion date for all discovery.

32.     Accordingly, COUNTY requests an additional thirty (30) days to complete discovery, in anticipation that SHOTZ will respond to Defendant's discovery requests as mandated by law.

33.     Undersigned counsel for COUNTY certifies that diligent effort has been made to consult with opposing counsel by telephone, facsimile, and letter, regarding the relief sought in this motion. All of COUNTY's good faith attempts have been ignored by Plaintiff.

6

00-6088-CIV-DIMITROULEAS/SELTZER

WHEREFORE, having complied with this Court's Order of November 2, 2000,

COUNTY respectfully requests that the Court grant COUNTY's Motion for Enlargement of

Time to Complete Discovery.

## MEMORANDUM OF LAW

The granting of a party's Motion for Additional Time to Complete Discovery is within

the Court's sound discretion. A proposed Order is enclosed for the Court's consideration.

WHEREFORE, COUNTY respectfully requests that the Court grant COUNTY's

Motion for Enlargement of Time to Complete Discovery.

Respectfully submitted,

EDWARD A. DION
County Attorney for Broward County
Governmental Center, Suite 423
115 South Andrews Avenue
Ft. Lauderdale, FL 33301
Telephone:   (954) 357-7600
Telecopier:   (954) 357-7641

By: _____

BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

JOHN O. STAPLETON
Assistant County Attorney
Florida Bar No. 322148

7

00-6088-CIV-DIMITROULEAS/SELTZER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail to

Stephen M. Cody, Esq., 16610 S.W. 82nd Court, Miami, Florida 33157, and

Carmen Rodriguez, P.A., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109,

Miami, Florida  33156, this ____ day of November, 2000.

BETH-ANN E. HERSCHAFT
Assistant County Attorney

8

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/SELTZER

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and BROWARD COUNTY, FLORIDA,

    Defendants.

_____/

## ORDER ENLARGING TIME FOR THE COMPLETION OF DISCOVERY

THIS MATTER having come before the Court upon the Defendant, BROWARD

COUNTY's, Amended Motion for Enlargement of Time to Complete Discovery pursuant to

Rule 6(b), Fed. R. Civ. P. and Local Rule 7.1, S. D. Fla. L. R., and the Court being

otherwise fully advised in the premises, it is hereby

    ORDERED AND ADJUDGED:

    1.    The Court hereby grants the Amended Motion for Enlargement of Time to

Complete Discovery.

    2.    The Court orders the Plaintiff to comply with Defendant's previously-

submitted first Request for Production of Documents and first Set of Interrogatories no later

than: _____.

    3.    Discovery will be completed by: _____.

00-6088-CIV-DIMITROULEAS/SELTZER

DONE AND ORDERED in Chambers at Broward County, Florida, on this _____ day

of _____, 2000.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished:

Carmen Rodriguez, Esq.
Stephen M. Cody, Esq.
Beth-Ann E. Herschaft, Esq.