**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/JOHNSON

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as
Sheriff of Froward County, Florida, and
BROWARD COUNTY, FLORIDA,

    Defendants.
_____/



FILED by _____ D.C.
DEC 2 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND MOTION FOR ATTORNEY'S FEES

COMES NOW, Defendant, BROWARD COUNTY, pursuant to Rule 37(b), Fed. R. Civ. P. and Fed. R. Civ. P. 41(b), and files this Motion for Sanctions for Failure to Comply with Discovery Order and Motion for Attorney's Fees.

The grounds for this Motion are as follows:

1. On March 22, 2000, Plaintiff, FREDERICK A. SHOTZ (hereinafter "SHOTZ"), by and through his counsel, Stephen M. Cody, Esquire, filed a Second Amended Complaint in the United States District Court for the Southern District of Florida against BROWARD COUNTY (hereinafter "COUNTY"), alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and violations of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*.

00-6088-CIV-DIMITROULEAS/JOHNSON

2. On May 17, 2000, the Court issued its Notice of Trial Date, Mediation, and Discovery Schedule setting December 1, 2000, as the completion date for all discovery.[1]

3. On May 22, 2000, COUNTY sent its First Request for Production of Documents and First Set of Interrogatories to SHOTZ by U.S. mail.

4. On September 20, 2000, after repeated good faith efforts to obtain the outstanding discovery without judicial interference, Defendant filed a Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories.

5. SHOTZ did not file a Memorandum in Opposition to the Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories, as is required by Local Rule 7.1.C., S. D. Fla. L. R..

6. After additional good faith attempts to obtain the outstanding discovery from SHOTZ, on November 1, 2000, COUNTY filed its Motion for Enlargement of Time to Complete Discovery, alleging therein that Plaintiff had failed to provide any requested discovery to COUNTY.

7. On November 2, 2000, this Court issued an Order Denying Without Prejudice, COUNTY's Motion for Enlargement of Time to Complete Discovery.

---

[1] On July 20, 2000, the Court issued its Order Denying Motion to Dismiss or Strike and Order Setting Calendar Call wherein it ratified the previously-set December 1, 2000, completion date for discovery.

2

00-6088-CIV-DIMITROULEAS/JOHNSON

8.  In its Order, this Court directed the COUNTY to attempt to resolve the instant discovery dispute, as well as communicate with Plaintiff concerning COUNTY's request to enlarge time for discovery, prior to seeking judicial intervention.

9.  After several attempts to discuss both the outstanding discovery and COUNTY's request for enlargement of time in which to complete discovery with SHOTZ, COUNTY filed its Amended Motion for Enlargement of Time to Complete Discovery on November 27, 2000, alleging therein, that Plaintiff had failed to provide any requested discovery to COUNTY.

10.  On November 29, 2000, this Court granted, by default, COUNTY's Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories. This Court additionally granted COUNTY's Amended Motion for Enlargement of Time to Complete Discovery, predicated on SHOTZ's failure to provide outstanding discovery to COUNTY.

11.  In its Order Granting Motions to Compel by Default, this Court ordered SHOTZ to provide outstanding discovery to COUNTY by December 15, 2000.

12.  On the morning of December 18, 2000, COUNTY attempted to phone Plaintiff's counsel to discuss the Court's Order Granting Motions to Compel regarding outstanding discovery which is yet to be received by COUNTY. Counsel was only able to access his voice mail. Consequently, COUNTY left a message requesting that Plaintiff

3

return Defendant's call regarding this Court's Order and the still outstanding discovery. As of the date of this filing, no return call has been received.

13. On the afternoon of December 18, 2000, COUNTY drafted a letter to Plaintiff's counsel addressing this Court's Order Granting Motions to Compel. COUNTY sent the letter to Plaintiff's counsel via facsimile transmittal. As of the date of this filing, no response has been received to the letter.

14. On December 20, 2000, COUNTY attempted to phone Plaintiff's counsel to discuss the Court's Order Granting Motions to Compel. Counsel was unable to reach Plaintiff because a pre-recorded message advised that the "cellular telephone customer was unavailable."

15. As of the date of this filing, SHOTZ has failed to comply with this Court's Order Granting Motions to Compel Plaintiff to provide the outstanding discovery to COUNTY by December 15, 2000.

16. Undersigned counsel for COUNTY certifies that diligent effort has been made to consult with opposing counsel by telephone, facsimile, and letter, regarding the relief sought in this motion. All of COUNTY's good faith attempts have been ignored by Plaintiff.

17. Without the requested discovery, COUNTY cannot prepare for the deposition, appropriately depose SHOTZ, or otherwise prepare the defense of the instant case.

00-6088-CIV-DIMITROULEAS/JOHNSON

WHEREFORE, COUNTY respectfully requests that the Court grant COUNTY's Motion for Sanctions for Failure to Comply with Discovery Order and Motion for Attorney's Fees, and such other relief as this Court deems appropriate.

## MEMORANDUM OF LAW

The District Court has broad discretion to impose sanctions against a party for failure to obey a court order regarding discovery. Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b); *Anderson v. Foundation for Advancement, Education and Employment of American Indians,* 155 F. 3d 500, 504 (4th Cir. 1998).

Among the options available to the Court, is the ability to dismiss the action initiated by the violating party, and require either the party or the party's attorney to pay reasonable expenses, including attorney's fees, caused by the failure of the party to comply with the Court's discovery orders. *Harmon v. CSX Transportation, Inc.*, 110 F. 3d 364 (6th Cir. 1997), *citing* Fed. R. Civ. P. 37(b)(2); *Stuart I. Levin & Associates, P.A. v. Rogers*, 156 F. 3d 1135, 1140 (11th Cir. 1998).

In the instant case, SHOTZ has failed to provide COUNTY's outstanding discovery, which was due on or about July 31, 2000. SHOTZ has failed to respond to counsel's repeated amicable attempts by telephone, telefax, and letter, to obtain COUNTY's outstanding discovery. Additionally, SHOTZ has failed to respond to COUNTY's Amended Motion to Compel Responses to Defendant's Request for Production of Documents and Motion to Compel Answers to Defendant's First Set of Interrogatories, as is required by

5

00-6088-CIV-DIMITROULEAS/JOHNSON

Local Rule 7.1.C., S. D. Fla. L. R.. Finally, SHOTZ has contumaciously failed to comply with this Court's Order that the outstanding discovery be provided by December 15, 2000.

COUNTY has been prevented from preparing a good faith defense to Plaintiff's Amended Complaint because of SHOTZ's willful failure to provide outstanding discovery to COUNTY pursuant to the Federal Rules of Civil Procedure, and SHOTZ's failure to comply with this Court's discovery order. Additionally, COUNTY has been forced to expend costs and attorney's fees caused by SHOTZ's inaction.

It is patently clear that, where a plaintiff's conduct is sufficiently egregious in failing to prosecute and comply with a court's discovery order, a court may impose such sanctions as it sees fit, including dismissal of the action. *Harmon*, 110 F. 3d at 369.

WHEREFORE, COUNTY respectfully requests that this Court grant COUNTY's Motion for Sanctions for Failure to Comply with Discovery Order and Motion for Attorney's Fees, as well as any other relief that this Court deems appropriate.

                Respectfully submitted,

                EDWARD A. DION
                County Attorney for Broward County
                Governmental Center, Suite 423
                115 South Andrews Avenue
                Ft. Lauderdale, FL 33301
                Telephone: (954) 357-7600
                Telecopier: (954) 357-7641

                By: _/s/ Beth-Ann E. Herschaft_
                    BETH-ANN E. HERSCHAFT
                    Assistant County Attorney
                    Florida Bar No. 010804

00-6088-CIV-DIMITROULEAS/JOHNSON

JOHN O. STAPLETON
Assistant County Attorney
Florida Bar No. 322148

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail to Stephen M. Cody, Esq., 16610 S.W. 82nd Court, Miami, Florida 33157, and Carmen Rodriguez, P.A., 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this 22nd day of December, 2000.

BETH-ANN E. HERSCHAFT
Assistant County Attorney

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/SELTZER

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as
Sheriff of Broward County, Florida, and
BROWARD COUNTY, FLORIDA,

    Defendants.
_____/

## ORDER GRANTING SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND MOTION FOR ATTORNEY'S FEES

THIS MATTER having come before the Court upon the Defendant, BROWARD COUNTY's, Motion for Sanctions for Failure to Comply with Discovery Order and Motion for Attorney's Fees, pursuant to Rule 37(b), Fed. R. Civ. P. and Fed. R.Civ. P. 41(b), and the Court being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED:

1. The Court hereby grants the Motion for Sanctions for Failure to Comply with Discovery Order and Motion for Attorney's Fees.

2. The Court orders the following sanctions: _____

_____

_____.

3. The Court retains jurisdiction for a determination of attorney's fees and costs.

00-6088-CIV-DIMITROULEAS/SELTZER

DONE AND ORDERED in Chambers at Broward County, Florida, on this _____ day of _____, 20__.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished:

Carmen Rodriguez, Esq.
Stephen M. Cody, Esq.
Beth-Ann E. Herschaft, Esq.