**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6088-CIV-DIMITROULEAS/JOHNSON

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity as
Sheriff of Broward County, Florida, and
BROWARD COUNTY, FLORIDA,

    Defendants.
_____/



### DEFENDANT, BROWARD COUNTY'S, MOTION AND AFFIRMATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Defendant BROWARD COUNTY(hereinafter "BROWARD COUNTY"), pursuant to Fed. R. Civ. P. 37(b)(2), Fed. R. Civ. P. 54(d)(2)(A), and Local Rule 7.3, S.D. Fla. L.R., moves this Court for an award of attorneys' fees. In support of this Motion, BROWARD COUNTY states the following:

1. Assistant County Attorneys Beth-Ann E. Herschaft, Jose J. Arrojo, Danielle W. French, and Edward G. Labrador served as the attorneys for BROWARD COUNTY, and submit this affirmation under penalty of perjury in support of their Motion for Attorneys' Fees pursuant to the above-referenced authority.

2. This action was filed as initially filed on January 19, 2000, by Plaintiff, FREDERICK A. SHOTZ (hereinafter "SHOTZ"), by and through his counsel, Stephen M. Cody, Esquire, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101





00-6088-CIV-DIMITROULEAS/JOHNSON

*et seq.*, and violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*.

3. BROWARD COUNTY attempted to obtain discovery pursuant to this Court's Joint Scheduling Order of May 16, 2000, establishing a discovery schedule.

4. After Plaintiff failed to provide any discovery to BROWARD COUNTY, the Court granted BROWARD COUNTY's subsequent Motion to Compel and Motion for Sanctions, and ultimately dismissed this action with prejudice on January 12, 2001, retaining jurisdiction for any appropriate motions for attorneys' fees.

5. Annexed hereto, as Attachments 1 through 4, respectively, are the Affidavits of Beth-Ann E. Herschaft, Jose J. Arrojo, Danielle W. French, and Edward G. Labrador, attesting to the time expended by each attorney.

6. Annexed hereto, as Exhibits A through D, are itemizations of all hours expended by attorneys for BROWARD COUNTY in connection with the defense of this action. The total number of hours expended on behalf of BROWARD COUNTY is 226.9 as of December 31, 2000, and an additional 3.65 through January 30, 2001.

7. Annexed hereto, as Exhibit A, is the breakdown of the hours expended by Assistant County Attorney Beth-Ann E. Herschaft, who served as lead counsel for BROWARD COUNTY in this action.

8.    Annexed hereto, as Exhibit B, is the breakdown of the hours expended by Assistant County Attorney Jose J. Arrojo in defending BROWARD COUNTY against this action.

9.    Annexed hereto, as Exhibit C, is the breakdown of the hours expended by Assistant County Attorney Danielle W. French in defending against this action.

10.    Annexed hereto, as Exhibit D, is the breakdown of the hours expended by Assistant County Attorney Edward G. Labrador in defending against this action.

11.    Annexed hereto, as Exhibit E, is a chart of the hours expended by each of the abovementioned attorneys and concomitant fees requested as of January 30, 2001.

12.    The attorneys for BROWARD COUNTY seek an award of fees based upon an hourly rate of $95.00 for time expended until October 1, 2000, and an hourly rate of $98.00 since October 1, 2000.  These were the normal and customary hourly rates that were both previously and currently charged by Assistant County Attorneys within the Office of the County Attorney.   These hourly rates are equal to, or below, the rate charged by other attorneys of similar experience for constitutional and civil rights litigation.  Further, the rates are reasonable based upon the collective experience of the attorneys in the constitutional and civil rights area, and number of years of practice.

13.    Assistant County Attorney Beth-Ann E. Herschaft has been in practice for over six (6) years, one and one-half (1½) of which have been spent litigating in the field of constitutional rights of public employees, employment discrimination, and other federal civil

rights and state claims. Ms. Herschaft is duly licensed to practice law in the state of Florida and is duly admitted and qualified to practice as an attorney in the United States District Court for the Southern District of Florida.

14. Assistant County Attorney Jose J. Arrojo has been in practice for over twelve (12) years, four and one-half (4½) of which have been in the field of employment and labor law. Mr. Arrojo is duly licensed to practice law in the state of Florida and is duly admitted and qualified to practice as an attorney in the United States District Court for the Southern District of Florida. Mr. Arrojo has also litigated various actions relating to constitutional rights of public employees, employment discrimination, and other civil rights claims.

15. Assistant County Attorney Danielle W. French has been in practice for over five (5) years, three (3) of which have been in the field of employment and labor law. Ms. French is duly licensed to practice law in the state of Florida.

16. Assistant County Attorney Edward G. Labrador has been in practice for over eleven (11) years, five (5) of which have been have been spent litigating in the field of constitutional rights of public employees, employment discrimination, and other federal civil rights and state claims. Mr. Labrador is duly licensed to practice law in the state of Florida and is duly admitted and qualified to practice as an attorney in the United States District Court for the Southern District of Florida.

17. Based upon the experience of BROWARD COUNTY's counsel in this matter and demonstrated expertise in this area, BROWARD COUNTY's attorneys submit that the

rates of $95.00 per hour for time spent until October 1, 2000, and $98.00 per hour for time spent since October 1, 2000, are appropriate and reasonable rates.

18.  Based upon the hours set forth within Exhibits A through E, and the rates of $95.00 per hour and $98.00 per hour, respectively, BROWARD COUNTY is requesting the sum of $22,007.40 as the lodestar amount to be awarded as reasonable attorneys' fees as of January 30, 2001.

19.  BROWARD COUNTY further requests an award of attorneys' fees at the hourly rate of $98.00 for all additional time expended in connection with this Motion and any costs thereto.

WHEREFORE, Defendant respectfully requests that this Court grant BROWARD COUNTY's Motion for Attorneys' Fees, and award BROWARD COUNTY such other relief as the Court deems appropriate.

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR
ATTORNEYS' FEES**

Because SHOTZ's Second Amended Complaint was dismissed with prejudice for failure to comply with a discovery order, Defendant BROWARD COUNTY respectfully requests attorneys' fees in this action, as an appropriate sanction under Fed. R. Civ. P. 37(b).

Pursuant to Fed. R. Civ. P. 37(b), a court is vested with broad discretion to impose sanctions upon a party who fails to comply with a discovery order, including a dismissal of

00-6088-CIV-DIMITROULEAS/JOHNSON

the cause and the imposition of attorneys' fees against either the party, the party's counsel or both of them. In the instant case, this Honorable Court determined, in its Final Order Granting Motions to Dismiss dated January 12, 2001 (hereinafter "Order"), that SHOTZ had been given every opportunity to respond to all of the discovery requests propounded by either BROWARD COUNTY or the other Defendant, KEN JENNE, Sheriff of BROWARD COUNTY. The time period for compliance that was considered by the Court exceeded seven (7) months.[1] Further, this Court noted that SHOTZ had failed to obey its Order of November 29, 2000, directing SHOTZ to respond to the pending discovery motions.[2]

Clearly, such contumacious behavior on the part of SHOTZ warranted the dismissal of SHOTZ's claim with prejudice,[3] and also warrants an award of attorneys' fees. See Stuart I. Levin & Associates v. Rogers, 156 F. 3d 1135 (11th Cir. 1998)(where attorney's fees were awarded to the defendant as sanctions against the plaintiff's attorney for failure to comply with discovery orders).[4]

---

[1] This Court observed that SHOTZ had not filed any documents in this case since May 2000 (Order, page 2).

[2] (Order, page 1).

[3] See Harmon v. CSX Transportation Inc., 110 F. 3d 364 (6th Cir. 1997).

[4] Under different circumstances, BROWARD COUNTY would have sought fees pursuant to 42 U.S.C. §12205 (1995); 29 U.S.C. §794a(2)(b) (1999); or 28 U.S.C. §1927 (1994), all of which would allow a prevailing party in an ADA action to receive attorney's fees. However, the United States Supreme Court has ruled that, in order for a defendant to receive an award of attorney's fees in a civil rights action, the defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Here, because this Court never reached the merits of SHOTZ's claim, BROWARD COUNTY is requesting attorneys' fees as a sanction according to the Federal Rules of Civil Procedure.

00-6088-CIV-DIMITROULEAS/JOHNSON

WHEREFORE, Defendant respectfully requests that this Court grant BROWARD COUNTY's Motion for Attorneys' Fees, and award BROWARD COUNTY such other relief as the Court deems appropriate.

Respectfully submitted,

EDWARD A. DION
County Attorney for BROWARD COUNTY
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Telecopier: (954) 357-7641

By /s/
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

JOSE J. ARROJO
Assistant County Attorney
Florida Bar No. 744808

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant BROWARD COUNTY's Motion and Affirmation in Support of Motion for Attorneys' Fees was furnished by U.S. Mail

-7-

00-6088-CIV-DIMITROULEAS/JOHNSON

to Stephen M. Cody, Esquire, Attorney for Plaintiff, 16610 S.W. 82nd Court, Miami, Florida 33317-3604; and Carmen Rodriguez, P.A., Attorney for the Broward County Sheriff, 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this 5th day of February, 2001.

By _____
BETH-ANN E. HERSCHAFT
Assistant County Attorney

-8-