UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CIV-DIMITROULEAS

FREDERICK SHOTZ,

        Plaintiff,

Magistrate Judge Johnson

v.

KEN JENNE, in his official capacity as
SHERIFF of Broward County, Florida,
and BROWARD COUNTY, FLORIDA

        Defendants.

FILED
MAY 2 3 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

_____/

## FINAL ORDER GRANTING MOTIONS FOR ATTORNEYS FEES AND COSTS

THIS CAUSE is before the Court upon Defendant Broward County's Motion for Attorney's Fees [DE 44] and Defendant Ken Jenne's Motion for Attorney's Fees and Costs [DE 50]. The Court has carefully considered the motions and is otherwise fully advised in the premises. The Court notes that Plaintiff has failed to respond to these two motions, and a timely response was due on February 23, 2001 for the County's motion and February 27, 2001 2001 for the Ken Jenne motion.

On January 12, 2001, this Court signed a Final Order dismissing the instant action for failure to respond to Defendants' motions to dismiss for violations of a court order compelling discovery, for failure to comply with the Court's Order dated November 29, 2000 granting each Defendant's motion to compel and directing Plaintiff to provide responses to the relevant discovery requests by December 15, 2000, and for failure to prosecute this action. In that Order the Court describe the various opportunities afforded to Plaintiff to comply with the discovery requests at issue. In addition, the Court noted that a review of the docket for this case indicated that Plaintiff had not filed anything in this case since May, 2000. Therefore, pursuant to its



authority under Rule 37(b)(2)(C) and Rule 41(b), the Court granted the Defendants' motions to dismiss. The Court retained jurisdiction for any appropriate motions for attorney's fees.

The instant motions for attorneys fees were accompanied by a certificate of service indicating service by mail to Plaintiff's counsel. The Court notes that the address indicated on the certificate of service is the same address of record for Plaintiff's counsel that is indicated on very recent new case filings by the same counsel in other Americans for Disability Act cases.

The Court has independently reviewed the motions for attorneys fees and notes that they contain the necessary verification and detailed billing entries required for an award of fees. Since the motion is unopposed, the Court has not done an exacting analysis of the amount of hours submitted, other than the total fee request is reasonable. The hourly rates of $95 and $98 for the County's attorneys, and the hourly rates of $125 and $110 for the Ken Jenne attorneys are below market rates for attorneys of similar experience. Under the Norman analysis, the Court concludes that the rates are reasonable.[1]

The Court's authority to impose fees in this case stems from Rule 37(b)(2) of the Federal Rules of Civil Procedure, authorizing the Court to order a party failing to obey a discovery order to pay reasonable fees to the opposing party, and from the attorney's fees provision of the

---

[1] Norman v. Hous. Auth. of the Plaintiff of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Norman also stated that the following twelve factors set forth by the former Fifth Circuit in Johnson v. Georgia Highway Express, 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing an hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In determining reasonable hourly rates, the Court has considered the applicable Johnson factors.

2

Americans with Disabilities Act, one of the acts upon which this suit was brought by Plaintiffs. The ADA, specifically, 42 U.S.C. § 12205, allows the Court to grant reasonable attorney's fees to "the prevailing party." It is clear in this case that the Defendants are the prevailing party, even if by the failure of Plaintiff to prosecute or to comply with this Court's orders.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Broward County's Motion for Attorney's Fees [DE 44] is hereby **GRANTED**;

2. Defendant Ken Jenne's Motion for Attorney's Fees [DE 50-1] and Costs [DE 50-2] is hereby **GRANTED**;

3. The Court shall separately enter judgments for the amounts requested in those motions.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida this ___ day of May, 2001.

UNITED STATES DISTRICT JUDGE
WILLIAM P. DIMITROULEAS

copies to:

Stephen Michael Cody, Esq.
Carmen Rodriguez, Esq.
Beth-Ann Herschaft, Esq.

3