UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ

        Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

        Defendants.
_____/

CASE NO. 00-6088-CIV-DIMITROULEAS
Magistrate Judge Brown



## DEFENDANT'S MOTION FOR CONTEMPT AND OTHER SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER WITH INCORPORATED MEMORANDUM OF LAW

    Defendant, Ken Jenne, in his official capacity as Sheriff of Broward County Florida (hereinafter "BSO"), through his counsel, Carmen Rodriguez, P.A., and pursuant to Rule 37, Fed. R. Civ. P. and Local Rule 7.1, hereby files this Motion for Contempt and Other Sanctions for Failure to Comply with Court Order with Incorporated Memorandum of Law, and in support thereof, states as follows:

    1.    On or about May 23, 2001, this Court entered a Judgment in favor of Defendant, BSO in the amount of $25,710.70 for attorneys' fees and costs incurred.

    2.    Plaintiff having failed to pay the judgment, on August 14, 2001, Defendant, BSO served Plaintiff with Interrogatories in aid of execution of the judgment. However, Plaintiff failed to respond to the interrogatories in any way.



1

3.      Subsequently, on or about September 21, 2001, Defendant filed a Motion to Compel Discovery in Aid of Execution with Incorporated Memorandum of Law.

4.      This Court granted Defendant's Motion on September 27, 2001 and allowed Plaintiff ten (10) days to respond to the outstanding discovery.

5.      Notwithstanding, the Court imposed deadline has passed and Plaintiff remains completely unresponsive.

6.      Defendant, BSO's counsel has made several good faith efforts with respect to Plaintiff's noncompliance, but Plaintiff's counsel has been completely unresponsive.

WHEREFORE, Defendant, BSO respectfully requests that this Motion for Contempt and Other Sanctions for Failure to Comply with Court Order be granted and sanctions imposed.

### Argument and Citation of Authority

Since commencement of litigation, Plaintiff has failed to produce any documents whatsoever to either Defendant pursuant to their discovery requests. Ultimately, Plaintiff's unresponsiveness led to the dismissal of this action. Subsequently, this Court granted both Defendants attorneys' fees and costs in an Order dated May 23, 2001 for Plaintiff's lack of responsiveness and for failure to comply with an Order by this Court dated November 29, 2000, compelling discovery.

Now, despite this Court's Order of September 27, 2001, Plaintiff has once again failed to answer our discovery request in aid of execution of the judgment. Plaintiff's repeated lack of responsiveness evidences his pattern of complete disregard for the rules of this Court. Plaintiff has had both ample time and opportunity in which to comply with the discovery requests, throughout the litigation and now in aid of executing the judgment, yet, he has neglected to do so. Interestingly

enough, despite Plaintiff's lack of responsiveness in this matter, he continues to litigate at least five (5) other cases in this Court. Specifically, Plaintiff maintains the following actions: Shotz and Access Now, Inc. v. Avmed Health Insurance Company, Case No. 01-CV-6616; Shotz, Resnick and Access Now, Inc. v. City of Hollywood, Case No. 00-CV-6510; Access Now, Inc. and Shotz v. American Express Company, Case No. 00-CV-7639; Shotz v. City of Plantation, Case No. 00-CV-6894; Louie and Shotz v. National Football League, Case No. 01-CV-7540. Conveniently, Plaintiff has no problem litigating other matters yet he conveniently ignores this case where a judgment has been imposed against him. Even more, Plaintiff's counsel to this action, Steven Cody, is actively counseling Plaintiff in one of his other pending actions. Yet, he closes his eyes to this matter.

It is well established that the district court has broad discretion under Fed. R. Civ. P. Rule 37(b) to impose sanctions for failure to comply with the Court's Order. Hawkins v. Fulton County, 96 F.R.D. 416 (N.D. Ga. 1982) citing Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980). Even more, a party may be held in contempt by the Court in which the action is pending failure to comply with any discovery order. 4A J. Moore, Moore's Federal Practice ¶ 37.03[2-6]; accord United States v. International Business Machines Corp., 60 F.R.D. 658 (S.D. N.Y. 1973). Cf., Roadway, 447 U.S. 752, 764 (1980) (holding federal courts have inherit power to impose contempt sanctions.) Civil contempt is defined as arising from a wilful failure to comply with an order of court requiring a person to do or refrain from doing a specific act or series of acts. Its purpose is remedial — that is, to compel obedience to the Court's Order, or failing that, to get some relief for the benefit of the opposing party. Taylor v. The Home Insurance Company, 646 F. Supp. 923, 928 (W.D. N.C. 1986) citing D.B. Dobbs, Contempt of Court: A Survey, 56 Cornell L. Rev. 183, 235 (1971).

CASE NO. 00-6088-CIV-DIMITROULEAS

The September 27, 2001 Order also provided that failure to comply could result in additional sanctions, including, but not limited to, fees, costs and contempt of court. Clearly, Plaintiff and his counsel's unresponsiveness warrants sanctions here. Ultimately, Plaintiff is interfering with this matter's timely completion, as Defendant, BSO will not be able to move forward with the execution until Plaintiff produces the requested information. Accordingly, Defendant, BSO, respectfully requests appropriate sanctions be imposed against Plaintiff and his counsel, including but not limited to costs, attorney's fees and contempt of court and any other remedy this Court deems appropriate.

Respectfully submitted,

Carmen Rodriguez, P.A.
Counsel for Defendant
9245 S.W. 157 Street, Suite 209
Miami, Florida 33157
Ph: (305) 254-6101

By: _____
Carmen Rodriguez
Florida Bar No. 710385

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Stephen M. Cody, Esquire, Attorney for Plaintiffs, 16610 S.W. 82nd Court, Miami, Florida, and to Susan J. Gay, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Fort Lauderdale, Florida 33301 this 15 day of October, 2001.

_____
Carmen Rodriguez

4