UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

FREDERICK A. SHOTZ

    Plaintiff,                                    CASE NO.: 00-6088 CIV-DIMITROULEAS

vs.                                              MAGISTRATE JUDGE JOHNSON

KEN JENNE, in his official capacity
As Sheriff of Broward County, Florida
And the BROWARD COUNTY COMMISSION,

    Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF**

**FROM JUDGMENT**

Plaintiff, FREDERICK A. SHOTZ ("Plaintiff" or "Mr. Shotz"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 60(b) and Southern District



-2-

Local Rule 7.1, files this Memorandum of Law in Support of Plaintiff's Motion for Relief from Judgment and states:

## INTRODUCTION

As more fully explained in Plaintiff's Motion for Relief from Judgment, the Plaintiff in this matter has suffered extreme prejudice due to the actions and inactions of his former counsel These actions rise to the level of extraordinary circumstances.

This action was brought by the Plaintiff, Mr. Shotz, due to the alleged lack of compliance with Title II of the Americans with Disabilities Act in the Broward County Jail. The Plaintiff in this action was forced to spend a night in this inaccessible and non-compliant jail in which he was unable to use the toilet all night. Furthermore, the Plaintiff was separated from his service dog in violation of the ADA. The Plaintiff suffered a significant injury which lead to his filing this action

For the past year, Mr. Shotz, believed that this case was proceeding on the normal course towards trial and that discovery was underway. On October 10, 2001, the Plaintiff was instead horrified to learn that this was, in fact, far from the truth. That instead, his case had been dismissed many months ago, that judgments had been entered against him for the Defendants' attorney's fees and costs (in excess of $47,000.00) and that he was subject to further sanctions for failure to comply with discovery in aid of execution, which the Plaintiff did not know existed.

As further explained in Plaintiff's Motion for Relief from Judgment, over the past several months, the Plaintiff has had many substantive discussions with Mr. Cody regarding the status of this matter. During each discussion, the Plaintiff was assured that the matter was proceeding towards

trial, that discovery was well underway and that significant settlement discussions were held between the parties. Mr. Cody provided the Plaintiff with details of these discussions. As such, the Plaintiff understandably believed that this case was proceeding accordingly.

## I.  F.R.C.P. RULE 60

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprises or excusable neglect...... or (6) any other reason justifying relief from the operation of the judgment.

As explained in Plaintiff's Motion for Relief from Judgment, the Plaintiff in this matter has suffered extreme prejudice and harm due to the actions and inactions of the Plaintiff's former counsel. Mr. Shotz was given every reason to believe that this matter was proceeding towards a resolution, either by trial or by settlement and was mislead by his counsel so as to believe that this case was under control. Mr. Shotz has been shocked and horrified to instead find out that he has judgments entered against him for an amount in excess of $47,000.00 and that his case was dismissed.

Mr. Shotz's counsel's neglect was excusable as counsel is suffering from severe mental anguish and depression and has voluntarily enrolled in the Florida Impaired Lawyers Assistance program offered by the Florida Bar. It is specifically due to these reasons that the Plaintiff's former counsel had failed to prosecute this case.

## II.  DISCRETION OF COURT

-4-

A motion seeking relief from judgment is addressed to sound discretion of district court, which must balance ends of justice with public interest and finality of judgment. Aetna Cas. and Sur. Co. v. Home Ins. Co., 882 F.Supp. 1355, (S.D.N.Y.1995). The District court may exercise its discretionary power to grant party relief from final judgment or order for any reason justifying relief whenever it is appropriate to accomplish justice. Quevedo v. Postmaster, U.S. Postal Service, 774 F.Supp. 837, (S.D.N.Y.1991).

This is a case where the District Court must use its discretion to undo the wrongs of Plaintiff's former counsel due to his documented mental illness. As stated in Plaintiff's Motion, Plaintiff's former counsel is more than willing to come before this Court and fully disclose both his medial history, his current medical course of treatment and each of his actions and inactions in this matter which has brought us to this point in the litigation.

### III.   THIS CASE SHOULD BE DECIDED ON ITS MERITS

Motions for Relief from Judgment should be liberally construed and should be resolved in favor of permitting cases to be decided on their merits. Subsection (b) of Federal Rule 60 for relief from a judgment, order or proceeding taken through mistake, inadvertence, surprise, or excusable neglect should be liberally construed and any doubt resolved in favor of application to set aside a judgment in order that case may be tried upon the merits. Laguna Royalty Co. v. Marsh, 350 F.2d 817, (C.A.5 (Tex.) 1965). See, also, In re Casco Chemical Co., 335 F.2d 645 (C.A.Tex.1964); U.S. v. Gould, 301 F.2d 353 (C.A.Fla.1962); Padgett v. U.S., 272 F.2d 774, (C.A.Ga.1959); Serio v. Badger Mut. Ins. Co., 266 F.2d 418 (C.A.Miss.1959), certiorari denied 80 S.Ct. 81, 361 U.S. 832, 4 L.Ed.2d 73; Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242

(C.A.Pa.1951); State of Iowa v. Union Asphalt & Roadoils, Inc., 281 F.Supp. 391, (D.C.Iowa 1968) affirmed 408 F.2d 1171, affirmed 409 F.2d 1239; American Emp. Ins. Co. v. Sybil Realty, Inc., 270 F.Supp. 566 (D.C.La.1967); Stancil v. U.S., 200 F.Supp. 36 (D.C.Va.1961); Huntington Cab Co. v. American Fidelity & Cas. Co., 4 F.R.D. 496 (D.C.W.Va.1945), Rozier v. Ford Motor Co., 573 F.2d 1332 (C.A.5 (Ga.) 1978), rehearing denied 578 F.2d 871 (although it is within the discretion of the trial court whether to set aside judgment obtained through fraud, misrepresentation or other misconduct, this rule authorizing court to set aside judgment for such reasons is remedial and should be liberally construed.), see, also, Atchison, T. & S.F. Ry. Co. v. Barrett, C.A.Cal.1957, 246 F.2d 846, Petition of Devlas, S.D.N.Y.1962, 31 F.R.D. 130 (a motion by a party to be relieved from a final judgment for fraud, misrepresentation or other cause, is equitable in nature and appeals to the conscience of the court, and such rule is to be liberally construed).

  The Plaintiff in this matter is appealing to the conscience of this Court to undo the wrong that was done by Plaintiff's former counsel. The Plaintiff has a strong case and should be permitted to present this case to this Court for an ultimate determination. It would be unconscionable for this Court to permit the Plaintiff to suffer the extreme prejudice of having his case dismissed and having judgments entered against him doe to his former counsel's mental illness which affected his ability to practice law, especially in light of the fact that Mr. Shotz was lead to believe that the case was proceeding without incident.

IV.  **THE INTEREST OF JUSTICE**

  Federal Rule 60 vests power in courts which is adequate to enable them to vacate

judgments whenever such action is appropriate to accomplish justice. <u>Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian</u> Institute, 500 F.2d 808, 163 U.S.App.D.C. 140 (C.A.D.C.1974), See, also, <u>Brown v. Clark Equipment Co.</u>, 96 F.R.D. 16, (D.C.Me.1982).

The general purpose of Rule 60, providing for relief from judgments for various reasons, is to strike a proper balance between conflicting principles that litigation must be brought to an end and that justice must be done. <u>Boughner v. Secretary of Health, Ed. and Welfare, U. S.</u>, 572 F.2d 976, (C.A.3 (Pa.) 1978), See, also, <u>Liberty Nat. Bank and Trust Co. v. Yackovich</u>, 99 F.R.D. 518, (W.D.Pa.1982).

In the instant action, justice has far from been accomplished. The Plaintiff had been purposely mislead into believing that this matter was proceeding towards trial, but instead was horrified to find out that the case had been dismissed and that two judgments had been entered against him totaling over $47,000.00.

As stated above, the Plaintiff brought this action due to the alleged lack of compliance with Title II of the Americans with Disabilities Act in the Broward County Jail. The Plaintiff in this action was forced to spend a night in this inaccessible jail in which he was unable to use the toilet all night and was separated from his service dog. The Plaintiff suffered a significant injury which lead to his filing this action. For Mr. Shotz to see his case dismissed due to the inactions of a third party due to a documented medical problem, and furthermore, to find himself on the wrong side of two significant judgments absolutely cannot further the interest of the justice in this matter. As such, this Court must vacate the judgments entered against Mr. Shotz in this matter and reinstate this litigation.

The desire of courts to repair injustice wrought by judgment will overcome necessity for finality of judgment where it is against conscience to execute the judgment and where judgment was

rendered without fault or neglect on part of party seeking to reform it. <u>West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.</u>, 213 F.2d 702, (C.A.5 (La.) 1954). Similarly, the desire of this Court to repair injustice should lead this court to set aside the judgments and reinstate this litigation.

## V.      ACTIONS OF COUNSEL

Attorney malfeasance which actively misleads client or is comparably culpable might be proper basis for granting client relief from judgment pursuant to Federal Procedural Rule 60. <u>In re Virginia Information Systems Corp.</u>, 932 F.2d 338, (C.A.4 (Va.) 1991). As previously stated, Mr. Shotz had no idea that this litigation had been dismissed. To the contrary, Mr. Shotz was assured that this litigation was proceeding towards trial and was advised of significant settlements discussions with the Defendants by his former counsel. Mr. Shotz had no reason to believe that he was being told anything but the truth. Had Mr. Shotz been aware that his former counsel was not pursuing this litigation, Mr. Shotz would have dismissed his former counsel will before this matter was dismissed. Mr. Shotz maintained constant telephone contact with his former counsel and was always given positive status updates as to the case.

As stated in the Plaintiff's Motion for Relief from Judgment, and as alluded to in this Memorandum, the Plaintiff's former counsel is prepared to fully inform this Court as to his actions and inactions with respect to this matter and explain to this Court that due to his actions, Mr. Shotz had no way of knowing the true status of this matter. Finally, Plaintiff's former counsel will document to this Court that his lack of attentiveness to this matter was specifically due to his medical and mental diseases during the relevant timeframes.

Final judgment may be vacated to accomplish justice if a set of exceptional

circumstances is alleged that result in a situation of extreme hardship. U. S. v. Cirami, 563 F.2d 26, (C.A.2 (N.Y.) 1977) on remand 92 F.R.D. 483. Clearly, the circumstances of this matter are exceptional and warrant the reinstatement of this litigation. The actions and inactions of Plaintiff's former counsel certainly rise to the level of "exceptional circumstances" which should compel this Court to vacate the judgments entered against the Plaintiff and reinstate this litigation.

## CONCLUSION

Wherefore, the Plaintiff, FREDERICK SHOTZ, respectfully requests that this Honorable Court grant this Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Federal procedure and reinstate this litigation or in the alternative, holds an evidentiary hearing to determine whether the conduct of Plaintiff's former counsel substantiates the requested relief.

Dated this 22[th] day of October, 2001.

                Respectfully submitted,

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559
Law Offices of Gregory E. Schwartz
Attorney for Plaintiff
4030-C Sheridan Street
Hollywood, Florida 33021
Telephone: (954) 966-2483
Fax : (954) 212-2940

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by U.S. Mail this ____ day of October, 2001 to Carmen Rodriguez, P.A., Attorney for BSO, 9130 S. Dadeland Blvd, Two Datran Center, Suite 1109, Miami, Florida 33156 and Beth Ann Herschaft, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Ft. Lauderdale, Florida 33301.

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559