UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ

      Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

      Defendants.
_____/

CASE NO. 00-6088-CIV-DIMITROULEAS
Magistrate Judge Brown

## DEFENDANT, BSO'S RESPONSE TO
## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

    Defendant, Ken Jenne, in his official capacity as Sheriff of Broward County Florida (hereinafter "BSO"), through his counsel, Carmen Rodriguez, P.A., hereby files this Response to Plaintiff's Motion for Relief from Judgment, and in support thereof, states as follows:

    Plaintiff is a prolific litigator who actively participates in lawsuits against organizations under the Americans with Disabilities Act, either individually or through his organization, Access Now, Inc. Currently, Plaintiff has over 250 lawsuits pending in this District alone. Plaintiff's experience in this Court evidences his familiarity with the Court procedures. Given Plaintiff's background, it is difficult to believe that it never occurred to him that he might have to respond to discovery or give his deposition. Thus, Plaintiff's recent claim that he is horrified to learn of the status of this case is clearly outrageous. The judgment against Plaintiff did not happen overnight. This case commenced almost two (2) years ago, and since its inception, Plaintiff has been completely



CASE NO. 00-6088-CIV-DIMITROULEAS

unresponsive. Unbelievably, Plaintiff now seeks relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b).

Plaintiff has failed to provide any legitimate basis whatsoever to satisfy the requirements to lift the judgment. To grant relief from a final order pursuant to Rule 60(b), a Court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance. Fed. R. Civ. P. Rule 60(b). See Pioneer Inv. Servs., Inc. v. Brunswick Assoc., Ltd. Partnership, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); Babigan v. Association of the Bar of the City of New York, 144 F.R.D. 30, 33 (S.D.N.Y. 1992) (citing Lepkowski v. United States Department of Treasury, 804 F.2d 1310, 1314 (D.C. Cir. 1986)). Furthermore, Rule 60(b) states in relevant part, "the court may relieve a party... for the following reasons: (1) excusable neglect...or (6) any other reason justifying relief from the operation of judgment." Fed.R.Civ.P. 60(b). The crux of Plaintiff's argument is that his attorney's mismanagement of this case justifies relief under Rule 60(b). Specifically, Plaintiff attempts to pass off his attorney's lack of diligence as excusable neglect. However, an attorney's mismanagement of a Plaintiff's case does not constitute excusable neglect so as to justify relief from an order dismissing the action for failure to prosecute. Cobos v. Adelphi University, 179 F.R.D. 381 (E.D.N.Y. 1998).

Plaintiff claims that his attorney's mismanagement is a result of anxiety and severe depression. This representation is unsupported. Notably, Plaintiff failed to provide any medical documentation whatsoever evidencing such a condition. Moreover, Plaintiff has already attempted to use this same excuse in a comparison case in this Court several months ago in the matter styled

CASE NO. 00-6088-CIV-DIMITROULEAS

<u>Access Now, Inc., a Florida not-for-profit corporation, Edward S. Resnick, Frederick A. Shotz and Thomas Ryan v. Broward County, Florida</u>. In that matter, Plaintiff also claimed that his attorney, Steven Cody's lack of prosecution was due to "anxiety and severe depression." However, the Court noted in an Order dated February 14, 2001 that Plaintiff's counsel has submitted no accompanying corroboration from any doctors or psychologists. Accordingly, Judge Middlebrooks dismissed the case with prejudice for Plaintiff's lack of prosecution.

Furthermore, even if Plaintiff could show that his Motion was encompassed by one of the grounds enumerated in the relief from judgment rule, he has failed to show a meritorious claim warranting relief. Given the aforementioned, Plaintiff's counsel's mismanagement is not only inexcusable neglect but fails to provide any basis whatsoever to relieve Plaintiff from judgment.

Regardless, assuming Plaintiff was able to prove that his attorney's conduct constituted excusable neglect, he still fails to satisfy the requirement of client diligence. If Plaintiff were able to show extraordinary circumstances existed to constitute excusable neglect, client diligence must still be shown. <u>Cobos v. Adelphi University</u>, 17 F.R.D. at 387; <u>Nurani v. Marissa</u>, 151 F.R.D. 32, 34 (S.D.N.Y. 1993). Plaintiff cannot simply avoid the acts or omissions of his attorney. <u>Russell v. Henderson</u>, 1999 WL 1052512 (M.D. Fla. 1999). Clearly, Plaintiff's ignorance of the case for months, during which time Motions and Orders Compelling Discovery were filed, does not exemplify client diligence.

Obviously, Plaintiff has been nothing more than overloaded with his voluminous pending lawsuits. Likewise, Steven Cody has been actively pursuing a myriad of other cases, in this Court as well as in the Eleventh Circuit Court of Appeals, a sampling of those cases include <u>Access Now,</u>

CASE NO. 00-6088-CIV-DIMITROULEAS

Inc., Edward Resnick v. South Florida Stadium, Shotz v. City of Plantation, et al., and Shotz v. Cates. There has not been any mention in those matters of his alleged medical condition. Even more, some of Steven Cody's other cases also involve the Plaintiff, yet this is the only action wherein Plaintiff filed documents under seal. Nothing has been filed in the myriad of other pending cases substituting Mr. Cody or even adding co-counsel. Clearly, if Plaintiff was truly concerned with the competency of Steven Cody he would have filed a Motion of like tenure in his other pending cases where Steven Cody is his counsel. Yet, no such motions have been filed. Instead, Plaintiff is only claiming Steven Cody has a medical condition in the matters that did not move in his favor. Plaintiff cannot be permitted to use such a tactic of picking and choosing his cases to avoid unfavorable rulings.

Respectfully submitted,

Carmen Rodriguez, P.A.
Counsel for Defendant
9245 S.W. 157 Street, Suite 209
Miami, Florida 33157
Ph: (305) 254-6101

By: _____
Carmen Rodriguez
Florida Bar No. 710385

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Gregory E. Schwartz, Esquire, Attorney for Plaintiff, Law Offices of Gregory E. Schwartz, 4030-C Sheridan

CASE NO. 00-6088-CIV-DIMITROULEAS

Street, Hollywood, Florida 33021; Stephen M. Cody, Esquire, 16610 S.W. 82nd Court, Miami, Florida; and to Susan J. Gay, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Fort Lauderdale, Florida 33301 this 25 day of October, 2001.

_____
Carmen Rodriguez