UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ,

    Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and BROWARD COUNTY, FLORIDA,

    Defendants.
_____/

CASE NO:. 00-6088-CIV-DIMITROULEAS

Magistrate Judge Johnson

### DEFENDANT, BROWARD COUNTY'S, RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Defendant BROWARD COUNTY (hereinafter "BROWARD COUNTY"), by and through its undersigned counsel, hereby files this Response to Plaintiff's Motion for Relief from Judgment. In support of this Motion, BROWARD COUNTY states the following:

    1.    On May 23, 2001, this Honorable Court entered a Final Order granting BROWARD COUNTY's Motion for Attorneys' Fees in this cause. (Exhibit "A," attached hereto and made a part hereof).

    2.    Also on May 23, 2001, this Honorable Court entered a Final Judgment Taxing Fees and Costs in favor of BROWARD COUNTY. (Exhibit "B," attached hereto and made a part hereof).

    3.    To date, Plaintiff has not complied with those Orders.

    4.    Instead, Plaintiff has filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), and S.D. Local Rule 7.1.



00-6088-CIV-DIMITROULEAS/JOHNSON

5. BROWARD COUNTY objects to Plaintiff's Motion for Relief from Judgment, as a disingenuous document unsupported by facts.

6. To that end, BROWARD COUNTY concurs with and adopts BSO's Response to Plaintiff's Motion for Relief from Judgment as a succinct and correct analysis of the situation. (Exhibit "C," attached hereto and made a part hereof).

WHEREFORE, Defendant BROWARD COUNTY respectfully requests that this Court deny Plaintiff's Motion for Relief From Judgment, and award BROWARD COUNTY such relief as this Court deems appropriate.

Respectfully submitted,

EDWARD A. DION
County Attorney for BROWARD COUNTY
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Telecopier: (954) 357-7641

By _____
BETH-ANN E. HERSCHAFT
Assistant County Attorney
Florida Bar No. 010804

00-6088-CIV-DIMITROULEAS/JOHNSON

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. Mail to Gregory E. Schwartz, Esquire, Attorney for Plaintiff, Law Offices of Gregory E. Schwartz, 4030-C Sheridan Street, Hollywood, Florida 33021; and Carmen Rodriguez, P.A., Attorney for the Broward County Sheriff, 9130 S. Dadeland Boulevard, Two Datran Center, Suite 1109, Miami, Florida 33156, this 26th day of October, 2001.

By_____
BETH-ANN E. HERSCHAFT
Assistant County Attorney

H:\DATA\DIV5\Cases\Shotz\Mot & Pleadings\RESPONSE RELIEF JUDGMENT.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CIV-DIMITROULEAS

FREDERICK SHOTZ,

    Plaintiff,

Magistrate Judge Johnson

v.

KEN JENNE, in his official capacity as
SHERIFF of Broward County, Florida,
and BROWARD COUNTY, FLORIDA

    Defendants.
_____/

## FINAL ORDER GRANTING MOTIONS FOR ATTORNEYS FEES AND COSTS

THIS CAUSE is before the Court upon Defendant Broward County's Motion for Attorney's Fees [DE 44] and Defendant Ken Jenne's Motion for Attorney's Fees and Costs [DE 50]. The Court has carefully considered the motions and is otherwise fully advised in the premises. The Court notes that Plaintiff has failed to respond to these two motions, and a timely response was due on February 23, 2001 for the County's motion and February 27, 2001 2001 for the Ken Jenne motion.

On January 12, 2001, this Court signed a Final Order dismissing the instant action for failure to respond to Defendants' motions to dismiss for violations of a court order compelling discovery, for failure to comply with the Court's Order dated November 29, 2000 granting each Defendant's motion to compel and directing Plaintiff to provide responses to the relevant discovery requests by December 15, 2000, and for failure to prosecute this action. In that Order the Court describe the various opportunities afforded to Plaintiff to comply with the discovery requests at issue. In addition, the Court noted that a review of the docket for this case indicated that Plaintiff had not filed anything in this case since May, 2000. Therefore, pursuant to its



authority under Rule 37(b)(2)(C) and Rule 41(b), the Court granted the Defendants' motions to dismiss. The Court retained jurisdiction for any appropriate motions for attorney's fees.

The instant motions for attorneys fees were accompanied by a certificate of service indicating service by mail to Plaintiff's counsel. The Court notes that the address indicated on the certificate of service is the same address of record for Plaintiff's counsel that is indicated on very recent new case filings by the same counsel in other Americans for Disability Act cases.

The Court has independently reviewed the motions for attorneys fees and notes that they contain the necessary verification and detailed billing entries required for an award of fees. Since the motion is unopposed, the Court has not done an exacting analysis of the amount of hours submitted, other than the total fee request is reasonable. The hourly rates of $95 and $98 for the County's attorneys, and the hourly rates of $125 and $110 for the Ken Jenne attorneys are below market rates for attorneys of similar experience. Under the Norman analysis, the Court concludes that the rates are reasonable.[1]

The Court's authority to impose fees in this case stems from Rule 37(b)(2) of the Federal Rules of Civil Procedure, authorizing the Court to order a party failing to obey a discovery order to pay reasonable fees to the opposing party, and from the attorney's fees provision of the

---

[1] Norman v. Hous. Auth. of the Plaintiff of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Norman also stated that the following twelve factors set forth by the former Fifth Circuit in Johnson v. Georgia Highway Express, 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing an hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In determining reasonable hourly rates, the Court has considered the applicable Johnson factors.

2

Americans with Disabilities Act, one of the acts upon which this suit was brought by Plaintiffs. The ADA, specifically, 42 U.S.C. § 12205, allows the Court to grant reasonable attorney's fees to "the prevailing party." It is clear in this case that the Defendants are the prevailing party, even if by the failure of Plaintiff to prosecute or to comply with this Court's orders.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Broward County's Motion for Attorney's Fees [DE 44] is hereby **GRANTED**;

2. Defendant Ken Jenne's Motion for Attorney's Fees [DE 50-1] and Costs [DE 50-2] is hereby **GRANTED**;

3. The Court shall separately enter judgments for the amounts requested in those motions.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida this ___ day of May, 2001.

UNITED STATES DISTRICT JUDGE
WILLIAM P. DIMITROULEAS

copies to:

Stephen Michael Cody, Esq.
Carmen Rodriguez, Esq.
Beth-Ann Herschaft, Esq.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CIV-DIMITROULEAS

FREDERICK SHOTZ,

    Plaintiff,

Magistrate Judge Johnson

v.

KEN JENNE, in his official capacity as
SHERIFF of Broward County, Florida,
and BROWARD COUNTY, FLORIDA

    Defendants.
_____/

FILED by ___ D.C.

MAY 23 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## FINAL JUDGMENT TAXING FEES AND COSTS

THIS CAUSE came on before the Court upon Defendants' Motions for Attorney's Fees and Costs. For the reasons expressed in this Court's Order granting those motions, separately entered today, it is **ORDERED AND ADJUDGED** as follows:

1. Judgment for fees and costs is hereby entered in favor of the defendant, Broward County, and against the plaintiff, Frederick Shotz, and the defendant shall recover $22,007.40, plus interest thereon at the rate of 3.76% per annum from the date of this Final Judgment;

2. Execution of this judgment shall be stayed until July 2, 2001.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23 day of May, 2001.

_____
UNITED STATES DISTRICT JUDGE
WILLIAM P. DIMITROULEAS

copies to:

Stephen Michael Cody, Esq.
Carmen Rodriguez, Esq.
Beth-Ann Herschaft, Esq.



EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK A. SHOTZ

      Plaintiff,

v.

KEN JENNE, in his official capacity
as Sheriff of Broward County, Florida,
and the BROWARD COUNTY
COMMISSION,

      Defendants.
_____/

CASE NO. 00-6088-CIV-DIMITROULEAS
Magistrate Judge Brown

## DEFENDANT, BSO'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Defendant, Ken Jenne, in his official capacity as Sheriff of Broward County Florida (hereinafter "BSO"), through his counsel, Carmen Rodriguez, P.A., hereby files this Response to Plaintiff's Motion for Relief from Judgment, and in support thereof, states as follows:

Plaintiff is a prolific litigator who actively participates in lawsuits against organizations under the Americans with Disabilities Act, either individually or through his organization, Access Now, Inc. Currently, Plaintiff has over 250 lawsuits pending in this District alone. Plaintiff's experience in this Court evidences his familiarity with the Court procedures. Given Plaintiff's background, it is difficult to believe that it never occurred to him that he might have to respond to discovery or give his deposition. Thus, Plaintiff's recent claim that he is horrified to learn of the status of this case is clearly outrageous. The judgment against Plaintiff did not happen overnight. This case commenced almost two (2) years ago, and since its inception, Plaintiff has been completely

1



EXHIBIT C

63

unresponsive. Unbelievably, Plaintiff now seeks relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b).

Plaintiff has failed to provide any legitimate basis whatsoever to satisfy the requirements to lift the judgment. To grant relief from a final order pursuant to Rule 60(b), a Court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance. Fed. R. Civ. P. Rule 60(b). See Pioneer Inv. Servs., Inc. v. Brunswick Assoc., Ltd. Partnership, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); Babigan v. Association of the Bar of the City of New York, 144 F.R.D. 30, 33 (S.D.N.Y. 1992) (citing Lepkowski v. United States Department of Treasury, 804 F.2d 1310, 1314 (D.C. Cir. 1986)). Furthermore, Rule 60(b) states in relevant part, "the court may relieve a party... for the following reasons: (1) excusable neglect...or (6) any other reason justifying relief from the operation of judgment." Fed.R.Civ.P. 60(b). The crux of Plaintiff's argument is that his attorney's mismanagement of this case justifies relief under Rule 60(b). Specifically, Plaintiff attempts to pass off his attorney's lack of diligence as excusable neglect. However, an attorney's mismanagement of a Plaintiff's case does not constitute excusable neglect so as to justify relief from an order dismissing the action for failure to prosecute. Cobos v. Adelphi University, 179 F.R.D. 381 (E.D.N.Y. 1998).

Plaintiff claims that his attorney's mismanagement is a result of anxiety and severe depression. This representation is unsupported. Notably, Plaintiff failed to provide any medical documentation whatsoever evidencing such a condition. Moreover, Plaintiff has already attempted to use this same excuse in a comparison case in this Court several months ago in the matter styled

CASE NO. 00-6088-CIV-DIMITROULEAS

<u>Access Now, Inc., a Florida not-for-profit corporation, Edward S. Resnick, Frederick A. Shotz and Thomas Ryan v. Broward County, Florida</u>. In that matter, Plaintiff also claimed that his attorney, Steven Cody's lack of prosecution was due to "anxiety and severe depression." However, the Court noted in an Order dated February 14, 2001 that Plaintiff's counsel has submitted no accompanying corroboration from any doctors or psychologists. Accordingly, Judge Middlebrooks dismissed the case with prejudice for Plaintiff's lack of prosecution.

Furthermore, even if Plaintiff could show that his Motion was encompassed by one of the grounds enumerated in the relief from judgment rule, he has failed to show a meritorious claim warranting relief. Given the aforementioned, Plaintiff's counsel's mismanagement is not only inexcusable neglect but fails to provide any basis whatsoever to relieve Plaintiff from judgment.

Regardless, assuming Plaintiff was able to prove that his attorney's conduct constituted excusable neglect, he still fails to satisfy the requirement of client diligence. If Plaintiff were able to show extraordinary circumstances existed to constitute excusable neglect, client diligence must still be shown. <u>Cobos v. Adelphi University</u>, 17 F.R.D. at 387; <u>Nurani v. Marissa</u>, 151 F.R.D. 32, 34 (S.D.N.Y. 1993). Plaintiff cannot simply avoid the acts or omissions of his attorney. <u>Russell v. Henderson</u>, 1999 WL 1052512 (M.D. Fla. 1999). Clearly, Plaintiff's ignorance of the case for months, during which time Motions and Orders Compelling Discovery were filed, does not exemplify client diligence.

Obviously, Plaintiff has been nothing more than overloaded with his voluminous pending lawsuits. Likewise, Steven Cody has been actively pursuing a myriad of other cases, in this Court as well as in the Eleventh Circuit Court of Appeals, a sampling of those cases include <u>Access Now,</u>

3

CASE NO. 00-6088-CIV-DIMITROULEAS

Inc., Edward Resnick v. South Florida Stadium, Shotz v. City of Plantation, et al., and Shotz v. Cates. There has not been any mention in those matters of his alleged medical condition. Even more, some of Steven Cody's other cases also involve the Plaintiff, yet this is the only action wherein Plaintiff filed documents under seal. Nothing has been filed in the myriad of other pending cases substituting Mr. Cody or even adding co-counsel. Clearly, if Plaintiff was truly concerned with the competency of Steven Cody he would have filed a Motion of like tenure in his other pending cases where Steven Cody is his counsel. Yet, no such motions have been filed. Instead, Plaintiff is only claiming Steven Cody has a medical condition in the matters that did not move in his favor. Plaintiff cannot be permitted to use such a tactic of picking and choosing his cases to avoid unfavorable rulings.

Respectfully submitted,

Carmen Rodriguez, P.A.
Counsel for Defendant
9245 S.W. 157 Street, Suite 209
Miami, Florida 33157
Ph: (305) 254-6101

By: _____
Carmen Rodriguez
Florida Bar No. 710385

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by U. S. mail to Gregory E. Schwartz, Esquire, Attorney for Plaintiff, Law Offices of Gregory E. Schwartz, 4030-C Sheridan

4

CASE NO. 00-6088-CIV-DIMITROULEAS

Street, Hollywood, Florida 33021; Stephen M. Cody, Esquire, 16610 S.W. 82nd Court, Miami, Florida; and to Susan J. Gay, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Fort Lauderdale, Florida 33301 this 25 day of October, 2001.

_____
Carmen Rodriguez

5