UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

FREDERICK A. SHOTZ

    Plaintiff,

vs.

KEN JENNE, in his official capacity
As Sheriff of Broward County, Florida
And the BROWARD COUNTY COMMISSION,

    Defendants.

_____/

CASE NO.: 00-6088 CIV-DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

NIGHT BOX
FILED

OCT 31 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff, FREDERICK A. SHOTZ ("Plaintiff"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 60(b) and Southern District Local Rule 7.1, hereby files his Reply Brief in Support of Plaintiff's Motion for Relief from Judgment and states:

INTRODUCTION

1. On January 19, 2000, the Plaintiff filed this action against the Defendants for violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

2. Until October 10, 2001, the Plaintiff believed that this matter was proceeding smoothly, that discovery was taking place and that the parties were engaged in meaningful settlement discussions.

3. On October 10, 2001, the Plaintiff was horrified to learn that this was in fact, not the



case. That instead, his case had been dismissed many months ago, that judgments had been entered against him for the Defendants' attorney's fees and costs (in excess of $47,000.00) and that he was subject to further sanctions for failure to comply with discovery in aid of execution, which the Plaintiff did not know existed.

4. On October 11, 2001, immediately upon learning of the status of this matter, the Plaintiff engaged the undersigned to file a Motion for Relief from Judgment.

5. On October 25, 2001 and October 26, 2001, the Defendants filed Responses to Plaintiff's Motion. Through this Reply, Plaintiff shall address Defendants' allegations.

## MEMORANDUM

### I. THE PLAINTIFF IS NOT A PROLFIIC LITIGATOR

Although it is irrelevant to the issues contained in Plaintiff's Motion, the Plaintiff is not a prolific litigator who was too involved in his other litigation to monitor the status of this matter. Defendant, BSO, alleges that Plaintiff has over 250 lawsuits pending in this District, either individually, or through his organization, Access Now, Inc. Absent being a member, the Plaintiff has no active involvement in Access Now, Inc, a Florida not for profit organization. Mr. Shotz is one of approximately 1,000 members of this organization nationwide. Mr. Shotz has been a Plaintiff in approximately 12 lawsuits in this District, far fewer then alleged by BSO.

The Defendant, BSO, alleges that Plaintiff was unable to monitor this mater due to his involvement in all of these other cases, and therefore he simply ignored this case. This statement flies in the face of the allegations contained in Plaintiff's Motion in which it is stated that Plaintiff maintained constant contact with his attorney in this matter and was misled by his

attorney into believing that this case was proceeding towards trial. Mr. Shotz's former counsel withheld this information that this matter had been dismissed and that judgments had been entered against Mr. Shotz.

## II.  THE ALLEGATIONS OF PLAINTIFF

Defendants state that this Court should not consider the allegations of Plaintiff as they are unsupported by any documentation or proof. Notwithstanding these statements of Defendants, the Plaintiff clearly states in the Motion for Relief from Judgment that Plaintiff's former counsel is prepared to disclose all relevant information to this Court, should this Court deem it necessary. This, of course, includes all records and documents supporting the claims of Plaintiff.

To support this claim, the Plaintiff states:

> Plaintiff's former counsel is more than willing to come before this Court and fully disclose both his medial history, his current medical course of treatment and each of his actions and inactions in this matter which has brought us to this point in the litigation. (See Plaintiff's memorandum, p. 4).

and

> As stated in the Plaintiff's Motion for Relief from Judgment, and as alluded to in this Memorandum, the Plaintiff's former counsel is prepared to fully inform this Court as to his actions and inactions with respect to this matter and explain to this Court that due to his actions, Mr. Shotz had no way of knowing the true status of this matter. Finally, Plaintiff's former counsel will document to this Court that his lack of attentiveness to this matter was specifically due to his medical and mental diseases during the relevant timeframes. (See Plaintiff's memorandum, p. 7).

Mr. Shotz has only not submitted the relevant documentation as it is not in his possession and could not be in his possession in such a short period of time. That being said, Mr. Shotz's former counsel will provide this information and documentation to the Court at any time that he is called upon to do so by this Court.

### III. THE PLAINTIFF IS NOT PICKING AND CHOOSING CASES TO REQUEST RELIEF

The Defendants rightfully state in their Responses that as of the date of their Response, the Plaintiffs had not filed any motions under Seal in any other of Plaintiff's cases. This is true, although does not give the whole picture.

Preliminarily, the Plaintiff filed the Motion in this case immediately upon learning of the judgments and orders which had been entered. It was in this case that Plaintiff first learned of the inactions of his former counsel and that he had been misled regarding the status. Furthermore, in no other cases did the Orders of Judgments which the Plaintiff was seeking to set aside approach the magnitude of this case.

In addition, at that time, the Plaintiff was unaware that any other cases were as dire as this one. Since that date, the Plaintiff has learned that other cases had either been dismissed, or had pending deadlines, and therefore, the undersigned has filed similar pleadings based on the same grounds in those cases.

### IV. THE PLAINTIFF MAINTAINS A MERITORIOUS CLAIM

The Defendants allege that Plaintiff is not entitled to Relief from this Court's Judgment as the Plaintiff has not shown that he has a meritorious claim. This again, is contrary to the allegations contained in Plaintiff's Motion and Memorandum of Law.

More specifically, the Plaintiff alleged that:

> This action was brought by the Plaintiff, Mr. Shotz, due to the alleged lack of compliance with Title II of the Americans with Disabilities Act in the Broward County Jail.

The Plaintiff in this action was forced to spend a night in this inaccessible and non-compliant jail in which he was unable to use the toilet all night. Furthermore, the Plaintiff was separated from his service dog in violation of the ADA. The Plaintiff suffered a significant injury which lead to his filing this action. (See Plaintiff's, Memorandum, p. 2).

The Plaintiff further states:

> The Plaintiff has a strong case and should be permitted to present this case to this Court for an ultimate determination. (See Plaintiff's, Memorandum, p. 5).

## V.   DILIGENCE OF PLAINTIFF

Finally, the Defendants claim that the Plaintiff has failed to satisfy the requirement of client diligence. To the contrary, Mr. Shotz explains several times in his Motion and Memorandum of Law that he had constant contact with his former counsel regarding this matter. He consistently asked his counsel as to the status of this matter and was provided with detailed descriptions of alleged actions and conversations.

> As previously stated, Mr. Shotz had no idea that this litigation had been dismissed. To the contrary, Mr. Shotz was assured that this litigation was proceeding towards trial and was advised of significant settlements discussions with the Defendants by his former counsel. Mr. Shotz had no reason to believe that he was being told anything but the truth. Had Mr. Shotz been aware that his former counsel was not pursuing this litigation, Mr. Shotz would have dismissed his former counsel will before this matter was dismissed. Mr. Shotz maintained constant telephone contact with his former counsel and was always given positive status updates as to the case. (See Plaintiff's memorandum, p. 7.)

The Plaintiff was more than diligent. This case was a priority for him. Had Plaintiff not heard from his attorney, he would have had grounds to be curious and perform further research to determine the status of this matter. However, the fact that he maintained constant contact with his counsel regarding this case provided the Plaintiff with a sense of security, as it would any client who trusts his attorney.

## CONCLUSION

Wherefore, the Plaintiff, FREDERICK SHOTZ, respectfully requests that this Honorable Court grant his Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Federal procedure, set aside the Judgments entered against him and reinstate this litigation.

Respectfully submitted,

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559
Law Offices of Gregory E. Schwartz
Attorney for Plaintiff
4030-C Sheridan Street
Hollywood, Florida 33021
Telephone:   (954) 966-2483
Fax :            (954) 212-2940

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by U.S. Mail this 31st day of October, 2001 to Carmen Rodriguez, P.A., Attorney for BSO, 9130 S. Dadeland Blvd, Two Datran Center, Suite 1109, Miami, Florida 33156 and Beth Ann Herschaft, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Ft. Lauderdale, Florida 33301.

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559