

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

FREDERICK A. SHOTZ

    Plaintiff,                                CASE NO.: 00-6088 CIV-DIMITROULEAS

vs.                                         MAGISTRATE JUDGE JOHNSON

KEN JENNE, in his official capacity
As Sheriff of Broward County, Florida
And the BROWARD COUNTY COMMISSION,

    Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT, BROWARD COUNTY'S MOTION TO COMPEL DISCOVERY

Plaintiff, FREDERICK A. SHOTZ ("Plaintiff"), by and through his undersigned counsel, hereby files this Response to Defendant, BROWARD COUNTY'S Motion to Compel Discovery and states as follows:



-2-

1. On January 19, 2000, the Plaintiff filed this action against the Defendants for violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

2. Until October 10, 2001, the Plaintiff believed that this matter was proceeding smoothly, that discovery was taking place and that the parties were engaged in meaningful settlement discussions.

3. On October 10, 2001, the Plaintiff was horrified to learn that this was in fact, not the case. That instead, his case had been dismissed many months ago, that judgments had been entered against him for the Defendants' attorney's fees and costs (in excess of $47,000.00) and that he was subject to further sanctions for failure to comply with discovery in aid of execution, which the Plaintiff did not know existed.

4. Rather then learn this horrific status from his counsel of record, the Plaintiff learned of the outcome of this matter by receiving an e-mail from a friend consoling the Plaintiff for what had happened to him in this matter. At that time, the Plaintiff engaged the undersigned to perform a docket search and only then did the Plaintiff learn of the lack of action on behalf of his former counsel, Steven Cody ("Mr. Cody".

5. Upon learning of the Orders entered by this Court and the Judgments entered against him, the Plaintiff immediately retained the undersigned to take over as counsel in this matter and file a Motion for Relief from Judgment, seeking a setting aside of the judgment held by Broward County (as well as the other Defendant, KEN JENNE) and reinstating this litigation, pursuant to Federal Rule of Procedure 60. This Motion

was, in fact, filed on or about October 11, 2001 and has not yet been ruled upon by this Court.

6. Shortly after the Plaintiff filed his Motion for Relief from Judgment, Defendant, BROWARD COUNTY, served a set of Interrogatories in aid of execution seeking financial information of the Plaintiff, which may or may not be at issue depending on this Court's ruling on Plaintiff's Motion for Relief from Judgment.

7. Initially, when these answers were due, the parties agreed to a thirty day extension of time to respond in the hope that this Court would issue a ruling on the Plaintiff's Motion for Relief from Judgment. As the extension date approached, and no ruling had yet been issued the Plaintiff began to gather the information necessary to respond to these potentially irrelevant interrogatories in aid of execution. The undersigned spoke to counsel for the Defendant, BROWARD COUNTY, who would not extend the Plaintiff an additional or indefinite extension of time to respond until such time as this Court made its ruling on the Plaintiff's Motion for Relief from Judgment.

8. Contrary to the contents of Defendant's Motion to Compel, the Defendant was not advised by the undersigned that he could not tell the Defendant IF the responses would be provided. Rather, the undersigned was only unable to tell the Defendant WHEN these answers may be forthcoming as there is a significant amount of work involved by the Plaintiff in gathering the responsive information for the Defendant, especially in light of the pending Motion which would potentially render this discovery moot.

WHEREFORE, in light of the above, the Plaintiff, FREDERICK SHOTZ, respectfully requests that this honorable Court deny Defendant's Motion to Compel and issue an Order staying the requirement to respond to this discovery until such time as this Court has ruled on the Plaintiff's Motion for Relief from Judgment..

Dated this 13th day of February, 2001.

Respectfully submitted,

By:_____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559
Law Offices of Gregory E. Schwartz
Attorney for Plaintiff
4030-C Sheridan Street
Hollywood, Florida 33021
Telephone:   (954) 966-2483
Fax :        (954) 212-2940

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was forwarded by U.S. Mail this ____ day of February, 2002 to Carmen Rodriguez, P.A., Attorney for BSO, 9130 S. Dadeland Blvd, Two Datran Center, Suite 1109, Miami, Florida 33156 and Beth Ann Herschaft, Assistant County Attorney, Governmental Center, Suite 423, 115 South Andrews Avenue, Ft. Lauderdale, Florida 33301.

By:_____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559